# EXHIBIT 1

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement"), dated February 24, 2020 is made and entered into by and between Representative Plaintiffs Adam Sevy, Shawn Hornbeck, Arno Graves, Ron Nash, Todd Vohs, Wayne Rupe, David Guest, Brian Nelms, Robert Thiry, Larry Muhs, Anthony Shaw, Rusty Shaw, Tim Sullivan, Roger Bias, Robert Withrow, and Ellen Allicks d/b/a Allicks Excavating, individually and on behalf of themselves and the Settlement Class, as defined herein (sometimes referred to herein collectively as the "Plaintiffs"), and Defendants Omni Specialty Packaging, LLC, O'Reilly Automotive Stores, Inc. d/b/a O'Reilly Auto Parts, and Ozark Automotive Distributors, Inc., (sometimes referred to herein collectively as the "Defendants") (each a "Party," and together the "Parties") to settle and compromise the Actions, as defined herein, and to settle, resolve, and discharge the Released Claims, as defined herein, according to the terms and conditions of this Settlement Agreement. This Settlement Agreement includes the attached exhibits, which are incorporated by referenced as though fully set forth herein:

> Exhibit A – Preliminary Approval Order
>
> Exhibit B – Final Approval Order
>
> Exhibit C – Mailed Class Notice
>
> Exhibit D – Summary Class Notice
>
> Exhibit E – Long Form Notice
>
> Exhibit F – Claim Form and Instructions
>
> Exhibit G – Request for Correction Form and Instructions

In consideration of, and subject to, the promises, covenants, terms, and conditions contained in this Settlement Agreement, Plaintiffs and Defendants hereby agree, subject to Court approval pursuant to Federal Rule of Civil Procedure 23, as follows:

## I.     RECITALS

WHEREAS, on or about July 20, 2018, plaintiffs Joe Miller and Kenny Higgs, represented by Class Counsel, initiated a class-action lawsuit against Defendants and O'Reilly Automotive,

Inc. in the Circuit Court of the State of Missouri, County of Cass, Case No. 18CA-CC00153, asserting claims arising out of the alleged purchase and use of O'Reilly 303 Tractor Hydraulic Fluid, which Defendants timely removed that action to the United States District Court for the Western District of Missouri, Case No. 4:18-cv-687-ODS (the "Missouri Action");

WHEREAS, on or about December 11, 2018, Plaintiffs Joe Miller, Kenny Higgs, Raymond Bieri, and Don Sherwood filed their First Amended Complaint in the Missouri Action;

WHEREAS, plaintiffs in the Missouri Action, on behalf of themselves and a putative class of persons and entities that purchased O'Reilly 303 Tractor Hydraulic Fluid in Missouri since July 20, 2013, assert claims against Defendants for alleged violations of the Missouri Merchandising Practices Act, breach of warranty, fraudulent and negligent misrepresentations, negligence, and unjust enrichment;

WHEREAS, plaintiffs in the Missouri Action and Defendants engaged in significant and extensive fact investigation and discovery, including, for example: Plaintiffs' counsel retaining and reviewing documents from the Missouri Department of Agriculture relating to the testing and evaluation of 303 tractor hydraulic fluids; Plaintiffs' retaining expert witnesses to review and analyze investigative and discovery materials; Defendants and Plaintiffs serving response to multiple sets of written discovery requests; and Defendants' production of more than 30,000 pages of documents that Plaintiffs' counsel reviewed, including e-mail communications and substantial technical documents on the composition, blending, testing, and labelling of O'Reilly 303 Tractor Hydraulic Fluid;

WHEREAS, as a result of extensive, arms-length negotiations between counsel for Plaintiffs and counsel for Defendants in the Missouri Action, including, but not limited to, meditation with Phil Miller in Kansas City, Missouri on January 16, 2019, the parties reached a class-wide settlement of the Missouri Action, which settlement was finally approved by the United States District Court for the Western District of Missouri on December 16, 2019;

WHEREAS, on April 4, 2019, Plaintiffs Adam Sevy and Shawn Hornbeck, on behalf of themselves and a putative class of persons and entities that purchased O'Reilly 303 Tractor

2

Hydraulic Fluid in Kansas, initiated a class-action lawsuit against Defendants in the United States District Court for the District of Kansas, Case No. 2:19-cv-02192-DDC-GEB, asserting claims under Kansas law arising out of the purchase and use of O'Reilly 303 Tractor Hydraulic Fluid;

WHEREAS, on June 6, 2019, Plaintiff Wayne Rupe, on behalf of himself and a putative class of persons and entities that purchased O'Reilly 303 Tractor Hydraulic Fluid in Iowa, initiated a class action lawsuit against Defendants in the United States District Court for the Southern District of Iowa, Case No. 4:19-cv-00164-RGE-SBJ, asserting claims under Iowa law arising out of the purchase and use of O'Reilly 303 Tractor Hydraulic Fluid;

WHEREAS, on June 25, 2019, Plaintiff David Guest, on behalf of himself and a putative class of persons and entities that purchased O'Reilly 303 Tractor Hydraulic Fluid in Alabama, initiated a class action lawsuit against Defendants in Jefferson County, Alabama, Case No. 01-CV-2019-902837, asserting claims under Alabama law arising out of the purchase and use of O'Reilly 303 Tractor Hydraulic Fluid, which action Defendants timely removed to the United States District Court for the Northern District of Alabama on or about July 24, 2019, becoming Case No. 2:19-CV-01172-RDP;

WHEREAS, on September 6, 2019, Plaintiff Robert Thiry, on behalf of himself and a putative class of persons and entities that purchased O'Reilly 303 Tractor Hydraulic Fluid in Texas, initiated a class action lawsuit against Defendants in the United States District Court for the Southern District of Texas, Case No. 4:19-cv-03366, asserting claims under Texas law arising out of the purchase and use of O'Reilly 303 Tractor Hydraulic Fluid;

WHEREAS, on or about December 30, 2019, Plaintiffs Arno Graves, David Guest, Shawn Hornbeck, Wayne Rupe, Adam Sevy, Robert Thiry, Ron Nash, Todd Vohs, Brian Nelms, Larry Muhs, Anthony Shaw, Rusty Shaw, Tim Sullivan, Roger Bias, Robert Withrow, and Ellen Allicks d/b/a Allicks Excavating, on behalf of themselves and a putative class of persons and entities that purchased O'Reilly 303 Tractor Hydraulic Fluid throughout the United States, excluding Missouri, initiated a class-action lawsuit against Defendants in the United States District Court for the Western District of Missouri, Case No. 4:19-cv-01038, asserting claims under the laws of various

3

different states in which O'Reilly 303 Tractor Hydraulic Fluid was purchased and arising out of the purchase and use of that product (the "Multistate Action," as defined more fully below);

WHEREAS, Plaintiffs in the Kansas Action, Iowa Action, Alabama Action, and Texas Action (collectively, the "Single-State Actions," as defined more fully below) and in the Multistate Action (the Single-State Actions and the Multistate Action are sometimes referred to herein collectively as the "Actions") have asserted claims against Defendants under the respective laws of states in which O'Reilly 303 Tractor Hydraulic Fluid was purchased for negligence, unjust enrichment, breach of warranty, fraudulent and negligent misrepresentations, and consumer-protection claims (where warranted by applicable law);

WHEREAS, Plaintiffs in the Actions allege, among other things, that Defendants were negligent in the manufacture of, and unjustly enriched by, the sale of O'Reilly 303 Tractor Hydraulic Fluid, that warranties were breached, that the label for O'Reilly 303 Tractor Hydraulic Fluid was deceptive and misleading, and that use of O'Reilly 303 Tractor Hydraulic Fluid in equipment causes damage to various parts of the equipment, including damage to the spiral gear in the drive, excess wear, seal leakage, high pump leakage, and damage from deposits, sludging and thickening.

WHEREAS, Plaintiffs in the Actions seek various categories of damages on behalf of themselves and their respective alleged classes of purchasers based on claims and purported harms alleged in the respective complaints, including: (i) return of amounts paid to purchase O'Reilly 303 Tractor Hydraulic Fluid; (ii) alleged lost benefit of the bargain; (iii) alleged damages and harm to equipment in which O'Reilly 303 Tractor Hydraulic Fluid was allegedly used; (iv) punitive damages; and (v) attorneys' fees and costs.

WHEREAS, counsel for Plaintiffs and the Settlement Class, as defined herein, have considered that, if the claims asserted in Actions and/or any forthcoming actions that may be filed in other states where O'Reilly 303 Tractor Hydraulic Fluid was sold are not settled now by voluntary agreement among the parties, future proceedings (including appeals) would be protracted and expensive, involve highly complex legal and factual issues relating to, among other

4

things, class certification, liability, and damages, and would involve substantial uncertainties, delays, and other risks inherent in litigation. In light of these and other factors and considerations, counsel for Plaintiffs and the Settlement Class, as defined herein, have concluded that, at this time, it is desirable and in the best interests of Plaintiffs and the Settlement Class to settle the claims asserted in the Actions;

WHEREAS, counsel for Plaintiffs and the Settlement Class have concluded that the settlement embodied in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

WHEREAS, Defendants have vigorously denied, and continue to vigorously deny, all of the claims, allegations, and contentions asserted in the Actions, and will vigorously deny all of the claims, allegations, and contentions in any new actions that would be filed in other states where O'Reilly 303 Tractor Hydraulic Fluid was sold, and likewise vigorously deny, and continue to vigorously deny, any and all alleged wrongdoing and liability to Plaintiffs and putative classes;

WHEREAS, Defendants have also considered the risks and potential costs of continued litigation, on the one hand, and the benefits of the proposed settlement, on the other hand, and desire to settle upon the terms and conditions set forth in this Settlement Agreement;

WHEREAS, Defendants have agreed not to oppose certification of the Settlement Class as set forth herein, but only for the sole and exclusive purpose of compromising and settling the claims of the Plaintiffs and the Settlement Class on a class-wide basis, and not for any other purpose whatsoever, as set forth more fully herein; and

WHEREAS, this settlement was reached as a result of extensive and thorough analysis of the various state laws, and associated remedies, applicable to the claims asserted in the Actions; extensive, arms-length negotiations between counsel for Plaintiffs and counsel for Defendants; and it was preceded by extensive and thorough factual investigation, document production and review, technical evaluation, and other discovery, and also extensive settlement negotiations, in the Missouri Action;

5

NOW THEREFORE, it is hereby stipulated and agreed by and between the Parties, through their respective counsel, that, pursuant to the terms and conditions of this Settlement Agreement, all of the claims asserted or that could be asserted in the Actions will be fully and finally compromised, settled, and released on a class-wide basis upon final settlement approval by the Court.

## II. DEFINITIONS

1. "Actions" means the Single-State Actions and the Multistate Action, collectively.

2. "Bar Date" means the final time and date by which: (i) a Claim Form must be received by the Settlement Administrator in order for certain Settlement Class Members to be entitled to recover the benefits described in this Settlement Agreement; (ii) any objection to the Settlement Agreement must be filed and served pursuant to the terms of this Settlement Agreement; and (iii) any request to be excluded from the Settlement Class must be sent to the Settlement Administrator pursuant to the terms of this Settlement Agreement. The Bar Date shall be 150 calendar days after the Notice Date or the date otherwise set forth in the Preliminary Approval Order entered by the Court. The Bar Date may be extended by written agreement of the Parties through Class Counsel and Defense Counsel without further approval of the Court or notice to the Settlement Class, provided that the Settlement Website administered by the Settlement Administrator shall be promptly updated to reflect any extension of the Bar Date.

3. "Claim Form" means the document substantially in the form attached hereto as Exhibit F, which may be modified to meet the requirements of the Settlement Administrator, pursuant to which eligible Settlement Class Members can elect to recover the benefits described in this Settlement Agreement.

4. "Claim Period" means the time period from the Notice Date through the Bar Date, which is the time period that Settlement Class Members will have to determine if they wish to stay in the Settlement Class and, where necessary, file a Claim Form for payment as contemplated by this Settlement Agreement.

6

5.     "Class Counsel" means Tom Bender and Dirk Hubbard from the law firm Horn Aylward & Bandy in Kansas City, Missouri; Gene Graham, William Carr, and Bryan White from the law firm White, Graham, Buckley & Carr, L.L.C. in Independence, Missouri; Clayton Jones of the Clayton Jones Law Firm in Raymore, Missouri; Paul D. Lundberg of the Lundberg Law Firm in Sioux City, Iowa; Rhon E. Jones and Tucker Osborne of Beasley, Allen, Crow, Methvin, Poprtis & Miles in Montgomery, Alabama; John G. Emerson of Emerson Firm, PLLC in Little Rock, Arkansas and Houston, Texas; Mark P. Bryant and N. Austin Kennedy of the Bryant Law Center, PSC in Paducah, Kentucky; Jon D. Robinson, Shane M. Mendenhall, Joshua G. Rohrscheib, and Zachary T. Anderson of Bolen, Robinson, & Ellis, LLP in Decatur, Illinois; and, Travis Griffith of Griffith Law Center, PLLC in Charleston, West Virginia.

6.     "Class Period" means the time period established by the longest applicable statute of limitations available under the law of the state in which a unit of O'Reilly 303 Tractor Hydraulic Fluid is purchased, with respect to claims for breach of warranty, fraud, unjust enrichment, personal property damage, and for violation of any applicable consumer protection statute. The "Class Period" for each state in which O'Reilly 303 Tractor Hydraulic Fluid was purchased, excluding Missouri, is set forth in Appendix A hereto.

7.     "Court" means the United States District Court for the Western District of Missouri, where the Multistate Action is pending, and into which the Single-State Actions will be transferred and consolidated.

8.     "Defense Counsel" means Thomas P. Berra, Jr., Edward T. Pivin, and the law firm of Lewis Rice LLC.

9.     "Effective Date" means the date on which the Final Order and Judgment in the Action becomes Final. As used in this definition, the term "Final" means five (5) business days after all of the following conditions have been satisfied:

a.     the Court enters a Final Order and Judgment pursuant to Section IX of this Settlement Agreement; and

7

b.     either: (i) 30 days have passed after entry of the Final Order and Judgment and no appeal is taken after the judgment's entry and no motion or other pleading has been filed with the Court (or with any other court) seeking to set aside, enjoin, or in any way alter the Final Order and Judgment or to toll the time for appeal of the Final Order and Judgment; or (ii) all appeals, reconsiderations, rehearings, or other forms of review and potential review of the Court's Final Order and Judgment are exhausted, and the Final Order and Judgment is upheld without any material modification of the terms of this Settlement Agreement.

10.     "Event of Termination" means any event terminating the Settlement Agreement pursuant to its terms and conditions, including but not limited to: (i) mutual written agreement of the Parties to terminate the Settlement Agreement; (ii) the Court denying preliminary or final approval of the Settlement after the Parties have made their best efforts to obtain such approvals pursuant to paragraph 101 of this Settlement Agreement; (iii) any reviewing court reversing entirely the Court's orders preliminarily approving or finally approving the Settlement; and (iv) any other event set forth in this Settlement Agreement according to which the Settlement Agreement would be terminated.  Upon an Event of Termination, the Parties shall return to their respective positions as they were on the date this Settlement Agreement is signed.

11.     "Final Distribution Date" means the earlier of: (a) the date as of which all the checks to Qualified Settlement Class Members have been cashed; or (b) ninety-five (95) days after the date on which the last check to a Qualified Settlement Class Member was issued.

12.     "Final Fairness Hearing" means the hearing that is to take place after entry of the Preliminary Approval Order and after the Notice Date for purposes of: (i) entering the Final Order and Judgment and dismissing the Action with prejudice; (ii) determining whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class Members; and (iii) ruling upon an application by Class Counsel for an award of attorneys' fees.

13.     "Final Order and Judgment" means an order fully and finally approving the Settlement and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibit B.

8

14. "Funding Date" the date that is ten (10) business days from the Effective Date and on which Defendants shall cause the Class Settlement Fund to be paid to the Settlement Administrator in the manner designated by the Settlement Administrator.

15. "Long Form Notice" means the long form notice of settlement substantially in the form attached hereto as <u>Exhibit E</u>.

16. "Multistate Action" means the class action filed in the United States District Court for the Western District of Missouri, Cause No. 4:19-cv-01038 asserting state-law claims on behalf of a putative class comprised of purchasers of O'Reilly 303 Tractor Hydraulic Fluid throughout the United States, excluding Missouri, for personal property damage, breach of warranty, unjust enrichment, fraud, and violation of state consumer-protection statutes.

17. "Notice Date" means the date on which the Settlement Administrator first mails direct mail notice pursuant to Section VII of this Settlement Agreement.

18. "Person" means any legal entity, including but not limited to a natural person, corporation, organization, partnership, or other legal entity.

19. "Mailed Notice" means the mailed notice of settlement substantially in the form attached hereto as <u>Exhibit C</u>.

20. "Preliminary Approval Order" means the Order preliminarily approving Settlement and the agreed plan of notice, substantially in the form attached hereto as <u>Exhibit A</u>.

21. "Qualified Settlement Class Member" means: (i) a Settlement Class Member, as defined below, for whom the Settlement Administrator has been provided by Defendants, or have otherwise located through reasonable efforts, a name, mailing address, and information reflecting the number and size of O'Reilly 303 Tractor Hydraulic Fluid units purchased during the Class Period; and (ii) a Settlement Class Member, as defined below, who timely submits a valid Claim Form in compliance with this Settlement Agreement that is approved for payment by the Settlement Administrator.

9

22. "Released Claims" means the claims released in Section VI of this Settlement Agreement.

23. "Released Parties" means Defendants and other persons being released in Section VI of this Settlement Agreement.

24. "Releasing Parties" means Plaintiffs and other persons releasing claims in Section VI of this Settlement Agreement.

25. "Settlement" means the settlement embodied in the terms and conditions of this Settlement Agreement.

26. "Settlement Administration Fees and Costs" means the reasonable costs, fees, and expenses of providing notice to the Settlement Class, and administering the Settlement, in accordance with the terms and conditions of this Settlement Agreement.

27. "Settlement Administrator" means the qualified third party selected by the Parties and approved by the Court in the Preliminary Approval Order to administer the Settlement, including providing notice to the Settlement Class, processing claims, and distributing the Class Settlement Fund, all pursuant to the terms and conditions of this Settlement Agreement and the Court's Preliminary Approval Order. The Parties agree to recommend that the Court appoint RG/2 Claims Administration LLC as the Settlement Administrator. If RG/2 Claims Administration LLC becomes unable to fulfill that role or the Parties agree otherwise, the Parties may recommend a different proposed Settlement Administrator.

28. "Settlement Class" means all persons and other entities who purchased O'Reilly 303 Tractor Hydraulic Fluid during the Class Period, as defined above, in the United States, excluding purchases made in Missouri, and also excluding purchases made for resale. The Settlement Class also excludes Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members; as well as the judicial officers assigned to this litigation and members of their staffs and immediate families.

10

29.     "Settlement Class Member," means any member of the Settlement Class who does not timely elect to be excluded from, or opt out of, the Settlement Class in compliance with the terms and conditions of this Settlement Agreement and the Preliminary Approval Order.

30.     "Single-State Actions" means the class-actions filed against Defendants in the federal courts of Kansas, Iowa, Alabama, and Texas, asserting state-law claims arising out of the purchase and use of O'Reilly 303 Tractor Hydraulic Fluid, captioned and numbered as follows: (i) *Adam Sevy and Shawn Hornbeck, each on behalf of himself and others similarly situated v. O'Reilly Automotive, Inc., et al.*, Case No. 19-2192-DDC-GEB (Dist. Kan.); (ii) *Wayne Rupe, on behalf of himself and others similarly situated v. O'Reilly Automotive, Inc., et al.*, Case No. 4:19-CV-00164 (S.D. Iowa); (iii) *David Guest, on behalf of himself and others similarly situated v. O'Reilly Automotive, Inc., et al.,* Case No. 2:19-CV-1172-RDP (N.D. Ala.); and (iv) *Robert Thiry, on behalf of himself and others similarly situated v. Omni Specialty Packaging, LLC, et al.,* Case No. 4:19-cv-03366 (S.D. Tex.).

31.     "Summary Notice" means the summary notice of proposed class action settlement, substantially in the form attached hereto as <u>Exhibit D</u>.

## III.    PROCEDURE FOR PRELIMINARY APPROVAL

32.     **Stay of Actions.** Upon the signing of this Settlement Agreement by all Parties, the Parties agree to stay all pending and future deadlines and proceedings in the Actions, except those proceedings necessary to carry out or enforce the terms and conditions of this Settlement Agreement, including: (a) transferring the Single-State Actions to the court in which the Multistate Action is pending, and consolidating the Single-State Actions with the Multistate Action; (b) filing an amended complaint in the Multistate Action incorporating the Plaintiffs and allegations from the consolidated Single-State Actions into one pleading, and (c) requesting entry of the Preliminary Approval Order and the Final Order and Judgment from the Court.  The agreed stay shall be lifted automatically upon an Event of Termination pursuant to the terms of this Settlement Agreement.

33.     **Transfer and Consolidation of Single-State Actions.** Defendants shall not oppose any requests by Plaintiffs to: (i)  transfer each of the Single-State Actions to the jurisdiction in

11

which the Multistate Action is pending, pursuant to 28 U.S.C. § 1404; (ii) consolidate the Single-State Actions with the Multistate Action, pursuant to Fed. R. Civ. P. 42; and (iii) file an amended complaint incorporating into one pleading all of the Plaintiffs and claims from the Single-State Actions and the Multistate Action.

34.     **Motion for Preliminary Approval.** As soon as reasonably practicable after completion of the transfer and consolidation of the Single-State Actions into and with the Multistate Action, as set forth in the immediately preceding paragraph, Plaintiffs shall file a consent motion in the consolidated Multistate Action seeking preliminarily approval of the Settlement and entry of a Preliminary Approval Order substantially in the form attached hereto as Exhibit A.   Pursuant to that motion for preliminary approval, Plaintiffs will request that the Court:

a.     approve the Mailed Notice, Summary Class Notice, and Long Form Notice substantially in the forms attached hereto as Exhibit C, Exhibit D, and Exhibit E, respectively, and find that the notice plan established pursuant to this Settlement Agreement, with publication notice set forth more fully in the appropriate written submission from the Settlement Administrator, constitutes the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23;

b.     find that the requirements for provisional certification of the Settlement Class have been satisfied, appointing Plaintiffs as the representatives of the Settlement Class, and Class Counsel as counsel for the Settlement Class, and preliminarily approving the Settlement as being within the range of reasonableness such that notice shall be provided pursuant to the terms of the Settlement Agreement;

c.     schedule the Final Fairness Hearing to determine whether the Settlement should be finally approved as fair, reasonable, adequate and in the best interests of the Settlement Class Members, and to determine whether a Final Order and Judgment should be entered dismissing the New Action with prejudice;

d.     preliminarily approve the form of the Final Approval Order and Judgment, attached hereto as Exhibit B;

e.      approve appointment of RG/2 Claims Administration LLC as the Settlement Administrator;

f.      direct that notice of the Settlement and of the Final Fairness Hearing shall be provided to the Settlement Class pursuant to terms of this Settlement Agreement;

g.      approve the Claim Form and Request for Correction Forms in substantially the forms attached hereto as Exhibit F and Exhibit G, respectively, and provide that Settlement Class Members shall submit any Claim Forms and Request for Correction Forms pursuant to the terms and conditions of this Settlement Agreement;

h.      provide that any objections by any member of the Settlement Class to the certification of the Settlement Class for purposes of settlement, the proposed Settlement, or entry of the Final Order and Judgment, shall be submitted and heard, if appropriate, pursuant to terms and conditions set forth in this Settlement Agreement;

i.      provide that all members of the Settlement Class shall be bound by the Final Order and Judgment dismissing the New Action with prejudice unless such members of the Settlement Class timely submit valid written requests for exclusion or opt out in accordance with the terms and conditions of this Settlement Agreement;

j.      establish a date by which the Parties shall file and serve all papers in support of the application for final approval of the Settlement and in response to any valid and timely objections;

k.      stay all proceedings in the Actions pending the Final Fairness Hearing, other than those proceedings necessary to carry out or enforce the terms and conditions of this Settlement Agreement and the Preliminary Approval Order; and

l.      enjoin Plaintiffs and Settlement Class Members, and any of them, from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims, pending the Final Fairness Hearing.

13

35.     **Notice.** Following entry of the Preliminary Approval Order, notice shall be provided to the Settlement Class pursuant to Section VII of this Settlement Agreement and as directed and approved by the Court in its Preliminary Approval Order.

## IV.     BENEFITS TO THE SETTLEMENT CLASS

36.     **Class Settlement Fund.** Defendants shall cause to be paid Eight Million Five Hundred and One Thousand Three Hundred and Sixty-One and 10/100 Dollars ($8,501,361.10), pursuant to Section VII.B hereof, to settle all claims of the Settlement Class Members arising out of or relating to the purchase and use of O'Reilly 303 Tractor Hydraulic Fluid, and obtain the release set forth in Section VI hereof.  That amount shall establish a Class Settlement Fund from which claims of Settlement Class Members shall be paid pursuant to Section VII.F hereof.

37.     **Payments to Class Representatives.** Class Counsel and Plaintiffs will seek, and Defendants agree not to oppose, payment of incentive compensation awards in an amount not to exceed Eighty Thousand Dollars ($80,000), to be distributed among the Plaintiffs (sometimes also referred to herein as the "Class Representatives") as counsel for the Settlement Class deems appropriate and as approved by the Court. The above amount paid for incentive awards, as approved by the Court and not to exceed Eighty Thousand Dollars ($80,000) total, shall be paid by Defendants separately from, and shall not come out of, the Class Settlement Fund.  The total amount of the incentive award to the Plaintiffs, as approved by the Court, shall be paid within ten (10) business days from the Effective Date by wire transfer to an account designated in writing by Class Counsel, or by any other reasonable method designated in writing by Class Counsel and agreed upon by Defendants.

38.     **No Sale of "303" Tractor Hydraulic Fluids.** Defendants agree not to sell any tractor hydraulic fluid in the United States that is labeled by Defendants, or otherwise held out to customers and the public by Defendants, as "303" or as meeting specifications of only John Deere 303. Defendants agree they will not list John Deere 303 on the label of a tractor hydraulic fluid product sold in the United States unless the product meets a verifiable John Deere specification, such as JD20A/B or JD20C/D.

14

## V.     EXPENSES AND FEES OF CLASS COUNSEL.

39.     **Expenses of Class Counsel.** Plaintiffs will seek for purposes of this Settlement Agreement only, and Defendants will not object to or encourage or assist any third parties to object to, an award to Class Counsel in the amount of Twenty-Five Thousand Dollars ($25,000.00) to reimburse Class Counsel for out-of-pocket expenses incurred in connection with the Actions. Class Counsel agree that their request for expenses will not exceed Twenty-Five Thousand Dollars ($25,000.00). Defendants shall pay the amount of expenses awarded by the Court, not to exceed Twenty-Five Thousand Dollars ($25,000.00), within ten (10) business days from the Effective Date by wire transfer to an account designated in writing by Class Counsel, or by any other reasonable method designated in writing by Class Counsel and agreed upon by Defendants. That amount shall not come out of the Class Settlement Fund.

40.     **Fees of Class Counsel.** Plaintiffs will seek for purposes of this Settlement Agreement only, and Defendants will not object to or encourage or assist any third parties to object to, an award of attorneys' fees to Class Counsel in an amount not to exceed Two Million One Hundred Five Thousand Three Hundred Forty and 28/100 Dollars ($2,105,340.28), which is approximately 24.7647 percent (24.7647%) of the Class Settlement Fund. Class Counsel agree that their request for attorneys' fees will not exceed this amount. Defendants shall pay the amount of of fees awarded by the Court, not to exceed this amount, within ten (10) business days from the Effective Date by wire transfer to an account designated in writing by Class Counsel, or by any other reasonable method designated in writing by Class Counsel and agreed upon by Defendants. That amount shall not come out of the Class Settlement Fund.

41.     **Deadline for Filing Application for Fees and Expense.** Class Counsel shall file an application for expenses and attorneys' fees no later than ten (10) business days before the Bar Date.

42.     **Settlement Not Conditioned on Award of Attorneys' Fees or Expenses.** This Settlement is not dependent upon the Court's approval of Plaintiffs' requests for an award of expenses or attorneys' fees or the particular amounts sought by Plaintiffs. In the event the Court

15

approves the Settlement but declines to award Class Counsels' expenses or fees in the amount requested by Class Counsel, the Settlement will nonetheless be binding on the Parties and the Settlement Class Members.

43. **Release and Discharge of Defendants for Fees and Expenses.** Plaintiffs and Class Counsel, and each of them, agree that upon Defendants' compliance with the terms and conditions of this Section V of the Settlement Agreement, Defendants will forever and finally have satisfied any and all obligations to Plaintiffs and Class Counsel concerning payment of attorneys' fees, costs, and expenses in connection with the Actions, and will forever and finally be absolved, released and discharged of any liability whatsoever to Plaintiffs and Class Counsel, and any of them, concerning attorneys' fees, costs and expenses with respect to the Actions. It is further acknowledged and agreed that under no circumstances will Plaintiffs or Class Counsel, or any of them, make any demand upon or prosecute any action against any of the Defendants based on, because of, relating to, concerning, or as a result of any payment or allocation of attorneys' fees and costs made in accordance with this Settlement Agreement.

## VI. RELEASES AND DISMISSAL OF THE ACTIONS

44. **Release.** Plaintiffs, individually, on behalf of the members of the Settlement Class, and on behalf of Plaintiffs' respective partners, agents, representatives, heirs, executors, personal representatives, successors, and assigns (the "Releasing Parties"), hereby release and forever discharge Defendants, together with their respective past, present, and future officers, employees, agents, representatives, distributors, downstream retail customers and/or resellers, attorneys, accountants, insurers, predecessors, successors, assigns, legal representatives, parent companies, subsidiaries and affiliates, including, but not limited to, O'Reilly Automotive, Inc. (the "Released Parties") from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether asserted or not asserted, arising out of or relating to the purchase and/or use of O'Reilly 303 Tractor Hydraulic Fluid in any state in the United States other than Missouri (the "Released Claims"). As of the Effective Date, the Releasing Parties shall be deemed to have,

16

and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties pursuant to the terms of this Settlement Agreement.

45. **Covenant Not to Sue.** The Releasing Parties agree and covenant not to institute any action or cause of action (in law, in equity or administratively), suit, debt, lien, or claim, known or unknown, fixed or contingent, in state or federal court, in arbitration, or with any state, federal or local government agency, or with any administrative or advisory body, that the Releasing Parties have or claim to have against any of the Released Parties arising out of or reasonably related to the Released Claims, or assist others in so doing.

46. **Opt Outs.** Members of the Settlement Class who have timely and validly opted out of the Settlement pursuant to the terms and conditions of this Settlement Agreement and the Court's Preliminary Approval Order shall have no right to obtain any benefits of the Settlement and do not release any claims any of them have or may have against the Released Parties by operation of this Settlement Agreement.

47. **Dismissal of Actions with Prejudice.** Upon entry of, and pursuant to, the Final Order and Judgment, the Multistate Action, and any remaining Single-State Actions, shall be dismissed with prejudice. Class Counsel shall ensure that the Actions are timely dismissed with prejudice in accordance with the terms of this Settlement Agreement.

48. **Continuing Jurisdiction.** The Court shall retain jurisdiction over the Parties to this Settlement Agreement with respect to the future performance of the terms of this Settlement Agreement. In the event that any applications for relief are made arising out of or relating to this Settlement Agreement, such applications shall be made to the Court.

49. **Settlement is Exclusive Remedy and Bar.** Upon the Effective Date: (i) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of the Releasing Parties; and (ii) the Releasing Parties shall be permanently barred and enjoined from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

17

## VII.  ADMINISTRATION OF THE SETTLEMENT

### A.  The Role of the Settlement Administrator

50.  **Administration of Settlement.** The Settlement Administrator shall administer the Settlement in accordance with the terms and conditions of this Settlement Agreement and, without limiting the foregoing, shall:

a.  treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as strictly confidential, shall not use any of them for any purpose other than administration of the Settlement, and shall not disclose any such documents, communications or other information to any person or entity except as expressly provided for in this Settlement Agreement or by Court order; and

b.  receive and process opt-out and other requests from members of the Settlement Class to exclude themselves from the Settlement and provide to Class Counsel and Defense Counsel a copy thereof within three (3) days of receipt.  If the Settlement Administrator receives any exclusion forms or other requests from Settlement Class Members to exclude themselves from the Settlement after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide Class Counsel and Defense Counsel with copies thereof.

51.  **Fees, Costs, and Expenses of the Settlement Administrator.** The Settlement Administration Fees and Costs shall be paid from the amount, if any, remaining in the Class Settlement Fund after the Settlement Administrator calculates the total amount that the Class Settlement Fund will pay in: (i) Settlement Distribution Amounts to Qualified Settlement Class Members pursuant to paragraph 74 of this Settlement Agreement (without any pro rata increase); and (ii) Tax and Tax-related Expenses pursuant to paragraph 83 of this Settlement Agreement. To effectuate this provision, the Settlement Administrator shall—after calculating Settlement Distribution Amounts to Qualified Settlement Class Members and any Tax and Tax-related Expenses, but before calculating any pro rata distributions from the Class Settlement Fund pursuant to paragraph 75 of this Settlement Agreement—save and set aside an amount equal to the

18

sum of: (i) the Settlement Administration Fees and Costs incurred as of that date; and (ii) any additional Settlement Administration Fees and Costs the Settlement Administrator reasonably expects to incur in completing the Settlement Administrator's responsibilities and obligations under the Settlement Agreement. That amount set aside by the Settlement Administrator shall be used to pay Settlement Administration Fees and Costs. In the event that the Settlement Administrator requires payment of any Settlement Administration Fees and Costs prior to the Funding Date, Defendants shall advance any such amounts to the Settlement Administrator and receive reimbursement from the Class Settlement Fund for those amounts pursuant to this paragraph.

52.     If Settlement Administration Fees and Costs exceed the remaining balance of the Class Settlement Fund after accounting for Distribution Amounts to Qualified Settlement Class Members and the Tax and Tax-related Expenses, Defendants shall pay that amount of Settlement Administration Fees and Costs that exceed the remaining balance of the Class Settlement Fund. Any payments Defendants may make to the settlement administrator in this regard are non-refundable in the event that settlement does not receive final approval. Except as expressly provided for in this Settlement Agreement, Defendants shall be solely responsible for the costs, fees, and expenses incurred by the Settlement Administrator, even in the event that final approval of the Settlement is not granted. Neither Plaintiffs nor Class Counsel shall have any obligation to pay the Settlement Administrator for such costs, fees, and expenses.

**B.      Establishment of the Class Settlement Fund**

53.     **Payment of the Class Settlement Fund.**  On the Funding Date, Defendants shall cause the Class Settlement Fund to be paid to the Settlement Administrator in the manner designated by the Settlement Administrator. The Class Settlement Fund shall be held in an interest-bearing account.

**C.      Settlement Class Notice**

54.     **Provision of Information to Settlement Administrator.** Within ten (10) business days after entry of the Preliminary Approval Order, Defendants shall provide to the Settlement

19

Administrator, to the extent available, the full name and last known address of each member of the Settlement Class and, where available, for each member of the Settlement Class the number and size of O'Reilly 303 Tractor Hydraulic Fluid units purchased during the Class Period. The Settlement Administrator shall keep all such information strictly confidential and shall use it solely for the purpose of administering the Settlement.

55. **Direct Mail Notice.** Within thirty (30) calendar days after receipt of the information set forth in the immediately preceding paragraph, the Settlement Administrator shall mail by bulk mailing the Mailed Notice in substantially the form attached hereto as Exhibit C to the last known mailing address of each member of the Settlement Class for whom such information is available. The Mailed Notice shall summarize the settlement, list the class member's purchases of O'Reilly 303 THF during the Class Period, if reasonably available, and direct Settlement Class Members to a website from which they may obtain more detailed information and documents, including, among other things, a Claim Form in substantially the form attached hereto as Exhibit F; and, (ii) a Request for Correction Form in substantially the form attached hereto as Exhibit G. The date on which the Settlement Administrator first mails direct mail notice pursuant to this paragraph shall be the "Notice Date."

56. **Declaration of Mailing.** Within ten (10) business days after the Notice Date, the Settlement Administrator shall submit a declaration to Class Counsel and Defense Counsel verifying that direct mail notice was disseminated in a manner consistent with this Settlement Agreement and any applicable Court Order.

57. **Direct Mail Notice Returned as Undeliverable.** For any initial direct mail notice that is returned as undeliverable within twenty-one (21) calendar days after mailing, the Settlement Administrator shall attempt to locate a new address through an address search or any other reasonably available means. If a new address is located, the Settlement Administrator shall promptly re-mail the initial notice. If, after a second mailing, the notice is again returned, no further efforts need be taken by the Settlement Administrator to send the direct mail notice.

20

58.     **Settlement Administrator Mailing Address and E-mail Address.** Within thirty (30) days after entry of the Preliminary Approval Order, but no later than the Notice Date, the Settlement Administrator shall: (i) secure and maintain a Post Office Box or similar mailing address for the receipt of Claim Forms, opt-out notices, and any other correspondence related to the Settlement; and (ii) establish a unique, case-specific e-mail address for online receipt of Claim Forms, opt-out notices, and any other correspondence related to the Settlement.

59.     **Settlement Website.** Within thirty (30) days after entry of the Preliminary Approval Order, but no later than the Notice Date, the Settlement Administrator shall create and maintain an operating website that: (i) contains downloadable copies of the Preliminary Approval Order, Long Form Notice, the Settlement Agreement, Claim Form, Request for Correction Form, and, when filed, Class Counsel's motion for an attorneys' fees, costs, and for incentive awards for the Class Representatives; (ii) will post any subsequent notices agreed upon by the Parties; and (iii) allows members of the Settlement Class to submit claims.   This website shall be referred to as the "Settlement Website"

60.     **Toll-Free Settlement Phone Number.** Within thirty (30) days after entry of the Preliminary Approval Order, but no later than the Notice Date, the Settlement Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement.   That telephone number shall be maintained until sixty (60) calendar days after the Bar Date.   After that time, and for a period of ninety (90) calendar days thereafter, either a person or a recording will advise any caller to the toll-free telephone number that the deadline for submitting claims has passed and the details regarding the Settlement may be reviewed on the Settlement Website.

61.     **Publication Notice.** Beginning on the Notice Date, or as close thereto as is reasonably practicable under the circumstances, and throughout the Class Period at various intervals, as appropriate, the Settlement Administrator shall cause the Summary Class Notice in substantially the form attached hereto as Exhibit D to be published, and may also cause to be published other forms of notice as agreed upon by the Parties, approved by the Settlement Administrator, and approved by the Court in the Preliminary Approval Order or any subsequent

21

Order. The Parties shall work in good faith with the Settlement Administrator to develop a publication notice plan that achieves the appropriate notice in an efficient manner and that avoids undue overlap and redundancy, which plan may include newspaper and other print publications and/or digital publication through press releases and other appropriate digital platforms.

62. **Declaration of Settlement Administrator.** Prior to the filing of the motion seeking preliminary approval of the Settlement, the Settlement Administrator shall provide to the Parties' counsel a written declaration in a form that is appropriate for submission to the Court describing the notice to be provided to the Settlement Class as set forth in paragraphs 54 through 62 of this Settlement Agreement, together with a detailed written explanation supporting the adequacy and appropriateness of the notice under Fed. R. Civ. P. 23 and any other applicable law.

**D.    Claims Process**

63. **Potential Claimants.** Each member of the Settlement Class who does not timely and validly request exclusion from the Settlement Class in the manner required by this Settlement Agreement (a Settlement Class Member, as defined above) shall be entitled to make a claim and shall be bound by the release set forth herein. Each such Settlement Class Member shall be entitled to make only one claim. Claim Forms will be made readily available by mail and/or electronic means by the Settlement Administrator as required by this Settlement Agreement and upon request.

64. **No Claim Required for Settlement Class Members with Purchase Information.** No Claim Form shall be required to obtain a monetary payment from the Class Settlement Fund for Settlement Class Members for whom the Settlement Administrator has information reflecting the number and size of O'Reilly 303 Tractor Hydraulic Fluid units purchased by that member during the Class Period. Each such Settlement Class Member, if that Settlement Class Member does not timely and validly object to, or request exclusion from, the Settlement as required in this Settlement Agreement, shall automatically receive a monetary award calculated pursuant to Section VII.F of this Settlement Agreement. These Settlement Class Members may submit a Request for Correction Form in substantially the form attached hereto as Exhibit G if they do not

22

believe the purchase information provided on the Mailed Notice by the Settlement Administrator to be accurate. Any such Request for Correction Form must be submitted in the time and in the manner required for Claim Forms.

65. **Claims Required for all Other Settlement Class Members.** To obtain a monetary benefit from the Settlement Fund, each Settlement Class Member for whom the Settlement Administrator does not have information reflecting the number and size of O'Reilly 303 Tractor Hydraulic Fluid units purchased during the Class Period, must submit a valid Claim Form via United States mail, fax, e-mail, or the Settlement Website no later than the Bar Date in substantially the form attached hereto as <u>Exhibit F</u>. That Claim Form shall provide a valid postal address to which a check may be mailed and, in addition, the following information, verified under penalty of perjury: (i) full name; (ii) current mailing address; (iii) e-mail address; (iv) phone number; (v) the number and size of O'Reilly 303 Tractor Hydraulic Fluid units purchases during the Class Period; (vi) name and location of the store where such units were purchased; (vii) approximate dates of each such purchase; (viii) the payment amount and how the Class Member paid for purchases (e.g., commercial account, credit card, debit card, check, cash, or other); and (ix) type of equipment in which each unit of O'Reilly 303 Tractor Hydraulic Fluid was used.

66. **Method of Claim Submission.** In order to make a claim, a Settlement Class Member must submit the completed Claim Form to the Settlement Administrator by: (a) United States mail to the address specified by the Settlement Administrator; (b) fax to the number specified by the Settlement Administrator; (c) e-mail to the e-mail address specified by the Settlement Administrator; or (d) through the Settlement Website. All claims must be submitted by the Bar Date. Any Claim Form postmarked after the Bar Date shall be deemed untimely and denied as an invalid claim.

### E. Claim Review

67. **Settlement Administrator Review of Claims and Requests for Correction.** The Settlement Administrator shall determine whether a Claim Form and a Request for Correction Form meets the requirements set forth in this Settlement Agreement, and the extent, if any, to

23

which each claim and/or request for correction shall be allowed. Claim Forms and Request for Correction Forms that do not meet the terms and conditions of this Settlement Agreement shall be rejected. The Settlement Administrator shall notify the person and/or entity through the mailing address provided in the Claim Form or Request for Correction Form of the rejection. Class Counsel and Defense Counsel shall be provided with copies of all such notifications. The Settlement Administrator may contact a Settlement Class Member to obtain additional information or supporting documentation if a claim is incomplete. Valid claims or requests for correction shall be paid pursuant to Section VII.F below. The Settlement Administrator shall maintain a record of each and every payment made to a Settlement Class Member.

68. **Rejection of Fraudulent and Duplicate Claims.** The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims and correction forms, including, but not limited to, crosschecking claim and correction information against the information supplied by Defendants pursuant to paragraph 54 of this Settlement Agreement. Where a good faith basis exists, the Settlement Administrator may reject a Settlement Class Member's Claim Form or Request for Correction Form for, among other reasons, the following:

    (a)    the Settlement Class Member seeks payment for purchases that are not covered by the terms of this Settlement Agreement or are not reasonably supported by the information supplied by Defendants pursuant to paragraph 54 of this Settlement Agreement and information supplied by the Settlement Class Member, if any;

    (b)    failure to fully complete or sign the form;

    (c)    illegible form;

    (d)    fraudulent form;

    (e)    duplicative form;

    (f)    the person submitting the form is not a Settlement Class Member;

    (g)    failure to submit the form by the Bar Date; and/or

24

(h)     the form otherwise does not meet the requirements of this Settlement Agreement.

The Settlement Administrator may consult with counsel for the Parties in evaluating Claim Forms and Request for Correction Forms under this paragraph. Counsel for the Parties shall consult in good faith with the Settlement Administrator in evaluating and processing any such Claim Forms and Request for Correction Forms.  Any dispute regarding the processing of a Claim Form or Request for Correction Form that cannot be resolved after good faith efforts by counsel for the Parties and the Settlement Administrator shall be resolved by the Court pursuant to the terms of the Settlement Agreement.

69.     **Failure to Submit Claim.** Any Settlement Class Member for whom Defendants do not have the O'Reilly 303 Tractor Hydraulic Fluid purchase information and who fails to submit a fully completed Claim Form by the Bar Date shall be forever barred from receiving any monetary benefit pursuant to this Settlement Agreement, but shall in all other respects be bound by all of the terms of this Settlement Agreement including the terms of the Final Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against any of the Released Parties concerning any of the Released Claims.

70.     **No Liability for Settlement Administration.** No person shall have any claim against Defendants, Defense Counsel, Plaintiffs, the Settlement Class, Class Counsel, or the Settlement Administrator based on any eligibility determinations or distributions made in accordance with this Settlement Agreement.  This provision does not affect or limit in any way the right of review by the Court of any disputed Claim Forms as provided in this Settlement Agreement.

71.     **Right to Inspect Claim Documents.** Class Counsel, Defense Counsel, and Defendants shall have the right to inspect the Claim Forms, Request for Correction Forms, and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

F.     <u>**Payment of Valid Claims and Distribution of Settlement Class Fund**</u>

25

72.     **Preliminary Accounting of Settlement Fund.** Within ten (10) business days after the Funding Date, the Settlement Administrator shall provide Defense Counsel and Class Counsel with a report that includes: (i) the total amount expected to be paid to Qualified Settlement Class Members in Settlement Distribution Amounts and any pro rata increases, including as back-up an itemization of payments to be distributed to Qualified Settlement Class Members pursuant to this Section of the Settlement Agreement with sufficient information to confirm that such payments are due under the terms of the Settlement Agreement; (ii) the total expected amount of Tax and Tax-Related Expenses, including the amount to be paid from the Class Settlement Fund pursuant to paragraph 83 of the Settlement Agreement; (iii) the amount of any Settlement Administration Fees and Costs to be reimbursed to Defendants and any reasonably anticipated Settlement Administration Fees and Costs to be paid directly from the Class Settlement Fund; and (iv) the anticipated amount, if any, expected to be paid to the *cy pres* recipient designated pursuant to the terms and conditions of this Settlement Agreement.

73.     **Payment to Qualified Settlement Class Members.** The Settlement Administrator shall send settlement checks to each Qualified Settlement Class Members via U.S. mail no later than thirty (30) calendar days after the Funding Date.  Each check shall be for an amount calculated pursuant to this section of the Settlement Agreement. If initial direct mail notice for a Settlement Class Member is returned as undeliverable pursuant to paragraph 57 of this Settlement Agreement and no new address is located, and unless a valid claim form was filed on behalf of said Settlement Class Member, said Settlement Class Member's Settlement Distribution Amount will remain in the Class Settlement Fund and shall be distributed in accordance with the Settlement Agreement, with such determination to be performed after the Bar Date but before checks are mailed to Qualified Settlement Class Members.

74.     **Calculation of Each Qualified Settlement Class Member's Payment Amount.** Each Qualified Settlement Class Member shall be paid the Settlement Distribution Amount, as defined below, for each unit of O'Reilly 303 Tractor Hydraulic Fluid purchased by the Qualified Settlement Class Member during the Class Period and not returned. The Settlement Distribution

26

Amount for each unit of O'Reilly 303 Tractor Hydraulic Fluid is an amount equal to the net sales price for that unit of O'Reilly 303 Tractor Hydraulic Fluid multiplied by one of the three multipliers listed below, as determined by the group into which the purchase falls pursuant to the table below:

| O'Reilly 303 THF Purchase | Group | Multiplier |
|---|---|---|
| Purchase of O'Reilly 303 THF: (i) by a Settlement Class Member in a state that does not have a consumer protection statute, but made within the longest applicable statute of limitations for one or more common law and/or warranty claims under that state's applicable law; (ii) by a Settlement Class Member in a state whose consumer protection statute does not permit class-wide relief, but made within the longest applicable statute of limitations for one or more common law and/or warranty claims under that state's applicable law; and (iii) by a Settlement Class Member in a state with a consumer protection statute that permits class wide relief, but where the purchase was made outside the applicable statute of limitations for that consumer protection statute (but within the longest applicable statute of limitations for one or more common law and/or warranty claims under that state's applicable law). | A | 0.3051 |
| Purchase of O'Reilly 303 THF by a Settlement Class Member in a state that has a consumer protection statute permitting class actions and recovery of actual damages, and made within the statute of limitations for that statute. | B | 0.38 |
| Purchase of O'Reilly 303 THF by a Settlement Class Member in a state that has a consumer protection statute permitting class actions and recovery of treble or double damages, and made within the statute of limitations for that statute. | C | 0.41 |

Appendix A to this Settlement Agreement lists the following information, on a state-by-state basis, for each state in which a purchase of O'Reilly 303 Tractor Hydraulic Fluid was made during the Class Period (excluding Missouri): (i) the longest applicable statute of limitations under any applicable consumer protection statute, common law claim, or warranty claim; (ii) the claim or claims associated with that limitations period; (iii) the classification of each state's consumer

27

protection statute, if any (i.e., Group B or C); and (v) the statute of limitations for any applicable consumer protection statute.

75.     If the sum of (i) the amounts to be paid Qualified Settlement Class Members from the Class Settlement Fund calculated pursuant to the immediately preceding paragraph, (ii) amounts to be paid from the Class Settlement Fund for Taxes and Tax-related Expenses pursuant to paragraph 83 of this Settlement Agreement, and (iii) amounts to be paid for Settlement Administration Fees and Costs pursuant to paragraph 51 of this Settlement Agreement, does not exhaust the Class Settlement Fund, the remaining balance of the Class Settlement Fund shall be included in the distributions to the Qualified Settlement Class Members on a pro rata basis; provided, however, if the remaining amount in the Class Settlement Fund is insufficient to effectuate a pro rata increase in payment to all members of the Settlement Class qualifying for Settlement Distributions, that remaining amount shall be distributed pursuant to the order of payment set forth in paragraph 79 of this Settlement Agreement.

76.     **Nature of Payment to Qualified Settlement Class Members.** The payment to each Qualified Settlement Class Member is intended to compensate such member for any property damage, repairs, and/or remediation (such as flushing) that Plaintiffs claim are necessary for the equipment that used the O'Reilly 303 Tractor Hydraulic Fluid, as well as to provide each Qualified Settlement Class Member a partial return of the purchase price.

77.     **Settlement Checks.** Settlement checks shall be valid for ninety (90) days from the date of issuance. Any uncashed check after that time will be void and those funds will remain in the Class Settlement Fund. For any settlement check that is returned, the Settlement Administrator shall make one attempt to obtain a new address for that Qualified Settlement Class Member through an address search or any other reasonably available means. If a new address is located, the Settlement Administrator shall promptly re-mail the settlement check. If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Settlement Administrator to resend the check.  The Settlement Administrator shall advise Class Counsel and

28

Defense Counsel of the names of the claimants whose checks are returned by the postal service as soon as practicable.

78. **Tax Requirements.** The Settlement Administrator shall provide appropriate tax reporting documents for all distributions, including a completed Form 1099 when the dollar amount of a distribution meets or exceeds the threshold for issuance of such form under applicable provisions of the Internal Revenue Code and Department of the Treasury Regulations. Any person or entity that receives a distribution from the Class Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. Such taxes and tax-related expenses, if any, shall not be paid from the Settlement Fund. The Released Parties are not, and will not be, obligated to compute, estimate, or pay any taxes on behalf of any Plaintiff, any Settlement Class Member, Class Counsel, or the Settlement Administrator. Class Counsel are not and will not be obligated to compute, estimate, or pay any taxes on behalf of any Plaintiff, Settlement Class Member, or the Settlement Administrator.

79. **Final Distribution of Settlement Fund.** On the "Final Distribution Date," which is the earlier of (a) the date as of which all the checks to Qualified Settlement Class Members have been cashed or (b) ninety-five (95) days after the date on which the last check to a Qualified Settlement Class Member was issued, the Settlement Administrator shall use any amount remaining in the Class Settlement Fund to pay any remaining Settlement Administration Fees and Costs pursuant to paragraph 51 of this Settlement Agreement. If, after paying any remaining Settlement Administration Fees and Costs, there is any amount remaining in the Settlement Fund, the Settlement Administrator shall pay any such remaining amount to the *cy pres* recipient, Legal Aid of Western Missouri, 4001 Blue Parkway, Suite 300, Kansas City, Missouri 64130, or if not approved by the Court, to one or more *cy pres* recipients agreed upon by the Parties and approved by the Court.

80. **No Payments if Settlement Not Approved or Terminated.** Except as otherwise expressly set forth herein, if the Settlement is not approved, if for any reason the Effective Date does not occur, or if the Settlement is terminated pursuant to the terms and conditions of this

Case 4:19-cv-01038-DGK   Document 6-1   Filed 04/06/20   Page 30 of 108

Settlement Agreement, no payments or distributions of any kind shall be made pursuant to this Settlement Agreement, other than any payments of Settlement Administration Fees and Costs that were made pursuant to paragraph 51 of this Settlement Agreement prior to the date that the Settlement is not approved or is terminated.

81. **Qualified Settlement Fund**. The Parties agree that the account into which the Class Settlement Fund is deposited is intended to be a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. The Settlement Administrator shall timely make or cause to be made such elections as necessary or advisable to carry out the provisions of this paragraph, including, if requested by Defendants, cooperating in the making of the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the applicable procedures and requirements contained in Treasury regulations promulgated under § 468B of the Internal Revenue Code of 1986, as amended (the "Code"). It shall be the responsibility of the Settlement Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

82. **Settlement Administrator is "Administrator."** The Settlement Administrator shall be designated as the "administrator" of the Settlement Fund in accordance with the Treasury regulations under § 468B of the Code. The Settlement Administrator shall timely file or cause to be filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as any elections described in the preceding paragraph) shall be consistent with this Settlement Agreement and in all events shall reflect that all taxes, including any estimated taxes, interest or penalties, (collectively "Taxes") with respect to any income of the Class Settlement Fund shall be paid by the Class Settlement Fund or Defendants pursuant to paragraph 83 of this Settlement Agreement.

83. **Payment of Taxes and Tax-Related Expenses.** All Taxes arising in connection with any income of the Class Settlement Fund and all expenses reasonably incurred by the

30

Settlement Administrator in carrying out the duties described in paragraphs 81 through 83 (including fees of attorneys and/or accountants) ("Tax-related Expenses"), including any Taxes or Tax-related Expenses that may be payable by Defendants or any of the other Released Parties with respect to any income of the Class Settlement Fund for any period during which the Class Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, shall be paid by the Class Settlement Fund from funds remaining in the Class Settlement Fund after the Settlement Administrator calculates the total amount to be paid in Settlement Distribution Amounts to Qualified Settlement Class Members pursuant to paragraphs 73 and 74 of this Settlement Agreement, without any pro rata increases. To effectuate this provision, the Settlement Administrator shall, before calculating any Settlement Administration Fees and Costs pursuant to paragraphs 51 of the Settlement Agreement and pro rata distributions out of the Class Settlement Fund pursuant to paragraph 75 of this Settlement Agreement, set aside an amount owed, or estimated to be owed, in Tax and Tax-related Expenses, if any. If any remaining amount is owed for Taxes or Tax-related expenses, it shall be paid by Defendants.

## VIII.   OBJECTIONS AND OPT-OUTS

### A.   Objections to the Settlement

84.   **Objecting to the Settlement.** Any member of the Settlement Class who intends to object to the fairness, reasonableness, or adequacy of the Settlement must, no later than the Bar Date or the deadline for submitting objections otherwise set forth in the Court's Preliminary Approval Order: (i) file a written objection with the Court by mailing it to Office of the Clerk of Court (which, for the United States District Court for the Western District of Missouri, is  400 E. 9th Street, Kansas City, Missouri, 64106), filing it in person at the Court, or filing it electronically; and (ii) serve a copy of the same on counsel for the Parties at the addresses set forth in this Settlement Agreement.

85.   **Content of the Objection.** In the written objection, the member of the Settlement Class must list the O'Reilly 303 Tractor Hydraulic Fluid purchase information required on the Claim Form or made available online, state the member's full name, current address, telephone

31

number, the reasons for the objection, whether he, she, or it intends to appear at the fairness hearing on his or her own behalf or through counsel, and a list of all cases in which the objector or objector's counsel has objected to a class-action settlement in the last five (5) years. Any documents supporting the objection must also be attached to the written objection, and if the objecting member of the Settlement Class intends to call witnesses at the Final Fairness Hearing, any such witness must be identified, including by providing each such witness's name, address and telephone number. Objections must be signed by the member of the Settlement Class or by his, her, or its counsel. Any member of the Settlement Class who fails to file and serve timely written objections in the manner specified herein, shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

86. **Appearance at Fairness Hearing.** Any member of the Settlement Class who has timely filed a written objection, as provided for herein, may appear at the Final Fairness Hearing, either in person or through an attorney hired at the member's own expense, to object to the fairness, reasonableness, or adequacy of the Settlement. A member of the Settlement Class, or his, her, or its attorney, intending to make an appearance at the Fairness Hearing must: (i) file a notice of appearance with the Court no later than ten (10) business days prior to the Final Fairness Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on counsel for all Parties.

     **B.**     **Requests for Exclusion from the Settlement**

87. **Opting Out of the Settlement.** Members of the Settlement Class may elect to be excluded from the settlement (opt out), thereby relinquishing their rights to benefits under the Settlement. Members of the Settlement Class wishing to opt out of the Settlement must send a written request to be excluded from the Settlement to the Settlement Administrator by fax, United States mail, e-mail, or electronically via the Settlement Website on or before the Bar Date or the opt-out deadline otherwise provided in the Court's Preliminary Approval Order. Any request for exclusion or opt out sent to the Settlement Administrator by United States mail must be postmarked

32

on or before the Bar Date or the opt-out deadline otherwise provided in the Court's Preliminary Approval Order. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a request for exclusion sent by United States mail has been timely submitted. Members of the Settlement Class who fail to submit a valid and timely request for exclusion on or before the Bar Date or the date otherwise specified in the Court's Preliminary Approval Order shall be bound by all terms of this Settlement Agreement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement.

88. **Content of Opt-Out Notice.** The request to be excluded from the Settlement Class must include the member's name, address, and telephone number and provide a clear statement communicating that he, she, or it elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member, and elects to be excluded from any judgment entered pursuant to the Settlement.

89. **Effect of Submitting a Valid Opt-Out Notice.** Any member of the Settlement Class who submits a valid and timely request for exclusion or opt out may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement. Members of the Settlement Class who opt out of the Settlement will not release their claims against the Released Parties by operation of this Settlement Agreement.

90. **Reporting Opt-Outs.** Not later than three (3) business days after the deadline for submission of requests for exclusion or opt out, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a complete opt-out list together with copies of the opt-out requests.

91. **Termination Based on Opt-Outs.** Notwithstanding any other provision of this Settlement Agreement, if Two Thousand (2,000) or more of the members of the Settlement Class opt out of the Settlement, Defendants, in their sole discretion, may rescind and revoke the entire Settlement and this Settlement Agreement, thereby rendering the Settlement null and void in its entirety. In order to exercise this right, Defendants must send written notice to Class Counsel that Defendants revoke the Settlement pursuant to this paragraph within 10 (ten) business days following the date the Settlement Administrator reports to Class Counsel and Defense Counsel the

33

number and identity of the opt outs. Such a written notice to revoke the Settlement pursuant to this paragraph shall constitute an Event of Termination.

## IX.    FINAL REPORT AND FAIRNESS HEARING

92.    **Final Approval of Settlement.** On the date set forth in the Preliminary Approval Order, a Final Fairness Hearing shall be conducted to determine final approval of the Settlement.

93.    **Report of Settlement Administrator.** No later than fourteen (14) calendar days after the Bar Date, the Settlement Administrator shall serve on counsel for all Parties a declaration verifying that the notice required by this Settlement Agreement and Preliminary Approval Order has been completed in accordance with their terms, and provide a report stating: (i) the total number of direct mail notices mailed to members of the Settlement Class; (ii) the number of such notices that were returned as undeliverable and could not be forwarded as provided by this Settlement Agreement; (iii) a list of the valid exclusion requests received by the Settlement Administrator pursuant to this Agreement, including the name and address of each member who validly requested exclusion; (iv) a list of the rejected claims; (v) the total amount of the Class Settlement Fund that will be distributed to Qualified Settlement Class Members, including any pro rata increase; (vi) the total amount of the class Settlement Fund that was used to pay, or will be used to pay, Settlement Administration Fees and Costs; (vii) the total amount of the Class Settlement Fund that will be used to pay any Taxes or Tax-related Expenses associated with the Class Settlement Fund; and (viii) the total amount of the Class Settlement Fund, if any, that will be distributed to the *cy pres* recipient or recipients pursuant to this Settlement Agreement and the Preliminary Approval Order.

94.    **Request for Final Approval and Responses to Any Objections.** If the Settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, no later than ten (10) business days prior to Final Fairness Hearing, or on another date established by the Court, the Parties shall both request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached hereto as Exhibit B, with Class Counsel filing a memorandum of points and authorities in support of the request. Counsel

34

for the Class and Defendants may file a memorandum addressing any objections submitted to the Settlement. Any list of members of the Settlement Class who elect to opt out of the Settlement that is to be filed as part of the final approval process shall be filed with the Court under seal.

95. **Final Fairness Hearing.** At the Final Fairness Hearing, the Court will consider and determine whether the provisions of this Settlement Agreement should be finally approved, whether the Settlement should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement should be overruled, whether the fee award and incentive payments to the Class Representatives should be approved, and whether a judgment finally approving the Settlement should be entered.

96. **Final Approval Order.** This Settlement Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of Settlement and this Agreement and:

    a. finds that the notice provided satisfies the requirements of due process and Fed. R. Civ. P. 23(e)(1);

    b. finds that Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

    c. finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, including the release and the covenant not to sue set forth in this Settlement Agreement, and that this Settlement Agreement should be and is finally approved;

    d. dismisses on the merits and with prejudice the Actions, including all claims of the Settlement Class Members asserted against Defendants, with each Party waiving all rights to appeal and waiving all rights to seek reimbursement of attorneys' fees or costs (except as expressly provided in this Settlement Agreement);

e. permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against any of the Released Parties; and,

f. retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## X. SCOPE AND EFFECT OF CERTIFICATION OF SETTLEMENT CLASS

97. **Certification of Settlement Class for Settlement Purposes Only.** For purposes of settlement only, the Parties and their counsel agree that the Court should make preliminary findings and enter the Preliminary Approval Order substantially in the form attached at Exhibit A granting provisional certification of the Settlement Class subject to final findings and ratification in the Final Order and Judgment, and appointing Plaintiffs as the representatives of the Settlement Class and Class Counsel as counsel for the Settlement Class. Provided, however, Defendants do not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement of the Actions. Defendants deny that Plaintiffs' claims could be certified as a class action if this case were to proceed in litigation. Defendants contend, among other deficiencies, that Plaintiffs' proposed class is not ascertainable, that individual issues predominate over any common ones, and that a class action would be neither superior nor manageable. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendants do not oppose, and agree to, certification of the Settlement Class for *settlement purposes only*, pursuant to Fed. R. Civ. P. 23(b)(3). Certification of the Settlement Class for settlement purposes only shall not be deemed a concession or admission that certification of a litigation class would be appropriate. Defendants reserve the right to challenge class certification in any other action, and also reserve the right to challenge class certification in any further proceedings in the Actions if the Settlement is not finalized or finally approved. No agreements or statements made by Defendants in connection with the Settlement, or any findings or rulings by the Court in connection with the Settlement, may be used by Plaintiffs, Class Counsel, any person in the Settlement Class,

36

or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Actions or any other proceeding of any kind.

98.     **Return to Status Quo.** If this Settlement Agreement is terminated pursuant to its terms, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating this Settlement Agreement, and any and all preliminary and final findings regarding class certification shall be void, no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving any of the Defendants. Further, Defendants shall not oppose any request by Plaintiffs to sever the claims of the Single-State Actions from the Multistate Action and transfer them back to the original jurisdictions in which they were pending prior to the Settlement, with each such action to return to the procedural status quo ante settlement and proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made. Further, Defendants shall not oppose any request by Plaintiffs to dismiss the Multistate Action without prejudice.

99.     **Material Modification of Settlement.** In the event the terms or conditions of this Settlement Agreement, other than terms pertaining to attorneys' fees, costs, expenses, and incentive awards, are materially modified by any court, any party may declare this Settlement Agreement null and void in its sole discretion to be exercised within fourteen (14) days after receiving notice of such a material modification.  For purposes of this paragraph, material modifications include, but are not limited to, any modifications to the definitions of the Settlement Class, Settlement Class Members, Released Claims, Released Parties, Releasing Parties, changes to the notice plan and procedure described in this Settlement Agreement, and any modifications to the terms of the settlement consideration described in paragraph 36 of this Settlement Agreement.

## XI.     SETTLEMENT NOT EVIDENCE AGAINST PARTIES

100.    The provisions contained in this Settlement Agreement are not, and shall not be deemed to be, a presumption, concession or admission by Defendants of any alleged or asserted default, liability or wrongdoing as to any claims or allegations asserted, or which could have been asserted, in the Actions, or in any actions or proceedings, nor shall they be interpreted, construed,

37

deemed, invoked, offered, or received in evidence or otherwise used against any of the Defendants by any person in the Action, including Class Counsel, or in any other action or proceeding, whether civil, criminal or administrative. Defendants do not admit that they or any of the Released Parties has or have engaged in any illegal or wrongful activity or that any person has been harmed by reason of any of Defendants' alleged conduct or actions. Defendants do not consent to certification of the Settlement Class for any purpose other than solely to effectuate the Settlement of the Action.

## XII. BEST EFFORTS

101. Class Counsel shall take all necessary actions to accomplish approval of the Settlement, notice, and dismissal of the Action. The Parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement, including, without limitation, in seeking preliminary and final Court approval of the Settlement Agreement through appropriate motions (including any renewed motions or motions to reconsider that the Parties, in good faith, agree to pursue in the event the Court initially denies preliminary or final approval), carrying out the terms of this Settlement Agreement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

102. Each Party will cooperate with the other Parties in connection with effectuating the Settlement or the administration of claims thereunder. Any requests for cooperation shall be narrowly tailored and reasonably necessary for the requesting party to recommend the Settlement to the Court, and to carry out its terms.

## XIII. MISCELLANEOUS PROVISIONS

103. **Recitals.** The recitals are contractual in nature and form a material part of this Settlement Agreement.

104. **Entire Agreement.** This Settlement Agreement and its accompanying Appendix and Exhibits set forth the entire understanding of the Parties. No change or termination of this Settlement Agreement, other than automatic termination based on an Event of Termination as defined herein, shall be effective unless in writing and signed by Class Counsel and Defense

38

Counsel. Any and all previous agreements and understandings between or among the Parties regarding the subject matter of this Settlement Agreement, whether written or oral, are superseded by this Settlement Agreement.

105. **Advice of Counsel.** All of the Parties warrant and represent that they are agreeing to the terms of this Settlement Agreement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Settlement Agreement with their attorneys and that the terms and conditions of this document are fully understood and voluntarily accepted.

106. **Limitation of Waiver.** The waiver by any Party of a breach of any term of this Settlement Agreement shall not operate or be construed as a waiver of any subsequent breach by any Party. The failure of a Party to insist upon strict adherence to any provision of the Settlement Agreement shall not constitute a waiver or thereafter deprive such Party of the right to insist upon strict adherence.

107. **Headings.** The headings and paragraph titles in this Settlement Agreement are inserted merely for the purpose of convenience and shall not affect the meaning or interpretation of this document.

108. **Counterparts.** This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument. The date of execution shall be the latest date on which any Party signs the Settlement Agreement.

109. **No Construction against Drafter.** This Settlement Agreement has been negotiated among and drafted by Class Counsel and Defense Counsel. To the extent there is any uncertainty or ambiguity in this Settlement Agreement, none of the parties will be deemed to have caused any such uncertainty or ambiguity. Accordingly, this Settlement Agreement should not be construed favor of or against one Party as to the drafter.

110. **Governing Law.** This Agreement shall be governed by the laws of the State of Missouri without regard to choice of law principles.

111. **Continuing Jurisdiction.** The Court shall retain continuing and exclusive jurisdiction over the Parties to this Settlement Agreement, including Plaintiffs and all Settlement Class Members, for purposes of the administration and enforcement of this Settlement Agreement.

112. **Notices.** Unless otherwise stated herein, any notice required or provided for under this Settlement Agreement shall be in writing and may be sent by electronic mail, fax, hand delivery, or United States mail postage prepaid, as follows:

| If to Class Counsel: | If to Defense Counsel: |
|---|---|
| Thomas V. Bender | Thomas P. Berra, Jr. |
| Horn Aylward & Bandy, LLC | Lewis Rice LLC |
| 2600 Grand Boulevard, Ste. 1100 | 600 Washington Ave., Ste. 2500 |
| Kansas City, MO 64108 | St. Louis, MO 63101 |
| 816-421-0899 (fax) | Fax. (314) 612-1352 |
| tbender@hab-law.com | tberra@lewisrice.com |

113. **Fairness and Adequacy of Settlement.** The parties believe that this Settlement is a fair, adequate, and reasonable settlement of the Actions, and they have arrived at this Settlement through arms-length negotiations, taking into account all relevant factors, present and potential.

[*Remainder of page intentionally blank. Signature pages follow.*]

40

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed the foregoing Settlement Agreement and Release.

ADAM SEVY, Plaintiff and Class Representative

Date: 2/5/20

SHAWN HORNBECK, Plaintiff and Class Representative

Date: _____

ARNO GRAVES, Plaintiff and Class Representative

Date: _____

RON NASH, Plaintiff and Class Representative

Date: _____

TODD VOHS, Plaintiff and Class Representative

Date: _____

WAYNE RUPE, Plaintiff and Class Representative

Date: _____

41

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed the foregoing Settlement Agreement and Release.

**ADAM SEVY, Plaintiff and Class Representative**

_____

Date: _____

**SHAWN HORNBECK, Plaintiff and Class Representative**

_____

Date: _____2/5/20_____

**ARNO GRAVES, Plaintiff and Class Representative**

_____

Date: _____

**RON NASH, Plaintiff and Class Representative**

_____

Date: _____

**TODD VOHS, Plaintiff and Class Representative**

_____

Date: _____

**WAYNE RUPE, Plaintiff and Class Representative**

_____

Date: _____

41

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed the foregoing Settlement Agreement and Release.

**ADAM SEVY, Plaintiff and Class Representative**

_____

Date: _____

**SHAWN HORNBECK, Plaintiff and Class Representative**

_____

Date: _____

**ARNO GRAVES, Plaintiff and Class Representative**

_Arno Graves Sr_

Date: _2/5/20_____

**RON NASH, Plaintiff and Class Representative**

_____

Date: _____

**TODD VOHS, Plaintiff and Class Representative**

_____

Date: _____

**WAYNE RUPE, Plaintiff and Class Representative**

_____

Date: _____

41

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties have executed the foregoing Settlement Agreement and Release.

**ADAM SEVY, Plaintiff and Class Representative**

_____

Date: _____

**SHAWN HORNBECK, Plaintiff and Class Representative**

_____

Date: _____

**ARNO GRAVES, Plaintiff and Class Representative**

_____

Date: _____

**RON NASH, Plaintiff and Class Representative**

_Ronald J. Nash_

Date: 2-27 - 20

**TODD VOHS, Plaintiff and Class Representative**

_____

Date: _____

**WAYNE RUPE, Plaintiff and Class Representative**

_____

Date: _____

41

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed the foregoing Settlement Agreement and Release.

**ADAM SEVY, Plaintiff and Class Representative**

_____

Date: _____

**SHAWN HORNBECK, Plaintiff and Class Representative**

_____

Date: _____

**ARNO GRAVES, Plaintiff and Class Representative**

_____

Date: _____

**RON NASH, Plaintiff and Class Representative**

_____

Date: _____

**TODD VOHS, Plaintiff and Class Representative**

_____

Date: 2/5/20

**WAYNE RUPE, Plaintiff and Class Representative**

_____

Date: _____

41

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties have executed the foregoing Settlement Agreement and Release.

**ADAM SEVY, Plaintiff and Class Representative**

_____

Date: _____

**SHAWN HORNBECK, Plaintiff and Class Representative**

_____

Date: _____

**ARNO GRAVES, Plaintiff and Class Representative**

_____

Date: _____

**RON NASH, Plaintiff and Class Representative**

_____

Date: _____

**TODD VOHS, Plaintiff and Class Representative**

_____

Date: _____

**WAYNE RUPE, Plaintiff and Class Representative**

_Wayne L Rupe_

Date: _2/6/20_

41

**DAVID GUEST, Plaintiff and Class Representative**

*David Guest*

Date: _2 / 6 / 20_

**BRIAN NELMS, Plaintiff and Class Representative**

Date: _____

**ROBERT THIRY, Plaintiff and Class Representative**

Date: _____

**LARRY MUHS, Plaintiff and Class Representative**

Date: _____

**ANTHONY SHAW, Plaintiff and Class Representative**

Date: _____

**RUSTY SHAW, Plaintiff and Class Representative**

Date: _____

**DAVID GUEST, Plaintiff and Class Representative**

_____

Date: _____


**BRYAN NELMS, Plaintiff and Class Representative**

_____

Date: ____2 / 6 / 20____


**ROBERT THIRY, Plaintiff and Class Representative**

_____

Date: _____

**LARRY MUHS, Plaintiff and Class Representative**

_____

Date: _____

**ANTHONY SHAW, Plaintiff and Class Representative**

_____

Date: _____

**RUSTY SHAW, Plaintiff and Class Representative**

_____

Date: _____

42

DAVID GUEST, Plaintiff and Class Representative

_____

Date: _____

BRIAN NELMS, Plaintiff and Class Representative

_____

Date: _____

ROBERT THIRY, Plaintiff and Class Representative

_____

Date: _____ 2-4-2020 _____

LARRY MUHS, Plaintiff and Class Representative

_____

Date: _____

ANTHONY SHAW, Plaintiff and Class Representative

_____

Date: _____

RUSTY SHAW, Plaintiff and Class Representative

_____

Date: _____

42

**DAVID GUEST, Plaintiff and Class Representative**

_____

Date: _____

**BRIAN NELMS, Plaintiff and Class Representative**

_____

Date: _____

**ROBERT THIRY, Plaintiff and Class Representative**

_____

Date: _____

**LARRY MUHS, Plaintiff and Class Representative**

_Lawrence K Muhs_____

Date: _____2/6/20_____

**ANTHONY SHAW, Plaintiff and Class Representative**

_____

Date: _____

**RUSTY SHAW, Plaintiff and Class Representative**

_____

Date: _____

42

DAVID GUEST, Plaintiff and Class Representative

_____

Date: _____

BRIAN NELMS, Plaintiff and Class Representative

_____

Date: _____

ROBERT THIRY, Plaintiff and Class Representative

_____

Date: _____

LARRY MUHS, Plaintiff and Class Representative

_____

Date: _____

ANTHONY SHAW, Plaintiff and Class Representative

A.J. Shaw
Date: 2-6-20

RUSTY SHAW, Plaintiff and Class Representative

_____

Date: _____

42

DAVID GUEST, Plaintiff and Class Representative

_____

Date: _____

BRIAN NELMS, Plaintiff and Class Representative

_____

Date: _____

ROBERT THIRY, Plaintiff and Class Representative

_____

Date: _____

LARRY MUHS, Plaintiff and Class Representative

_____

Date: _____

ANTHONY SHAW, Plaintiff and Class Representative

_____

Date: _____

RUSTY SHAW, Plaintiff and Class Representative

_____

Date: 2/10/20

42

**TIM SULLIVAN, Plaintiff and Class Representative**

_[signature]_

Date: 2/6/20

**ELLEN ALLICKS/ALLICKS EXCAVATING, Plaintiff and Class Representative**

Date: _____

**ROGER BIAS, Plaintiff and Class Representative**

Date: _____

**ROBERT WITHER, Plaintiff and Class Representative**

Date: _____

43

TIM SULLIVAN, Plaintiff and Class Representative

_____

Date: _____ .

ELLEN ALLICKS/ALLICKS EXCAVATING, Plaintiff and Class Representative

*Ellen M Allicks   Allicks Excavating*

Date: _2-4-2020_____

ROGER BIAS, Plaintiff and Class Representative

_____

Date: _____

ROBERT WITHER, Plaintiff and Class Representative

_____

Date: _____

43

**TIM SULLIVAN, Plaintiff and Class Representative**

_____

Date: _____

**ELLEN ALLICKS/ALLICKS EXCAVATING, Plaintiff and Class Representative**

_____

Date: _____

**ROGER BIAS, Plaintiff and Class Representative**

_____

Date: Feb 5/2020

**ROBERT WITHROW, Plaintiff and Class Representative**

Robert Withrow

Date: 2-5-2020

**OMNI SPECIALTY PACKAGING, LLC**

By: _____

Name: David A. Barber

Title: CFO

Date: 02/06/2020

**O'REILLY AUTOMOTIVE STORES, INC.**
**D/B/A O'REILLY AUTO PARTS**

By: _____

Name: Jeffrey L Groves

Title: SVP Legal

Date: 2/24/20

**OZARK AUTOMOTIVE DISTRIBUTORS, INC.**

By: _____

Name: Jeffrey L Groves

Title: SVP Legal

Date: 2/24/20

44

| | State Common Law and Warranty Claims (Group A) | | | | State Consumer-Protection Statutes (Groups B and C) | | |
|---|---|---|---|---|---|---|---|
| State | Longest Applicable Statute of Limitations (stated in years) | Associated Claim[i] | Date Range[ii] | State | Grouping of Consumer-Protection Statute[iii] | Statute of Limitations (stated in years) | Date Range[iv] |
| AK | 6 | UE | 9/26/13 - 01/20/2020 | AK | C | 2 | 9/26/17 - 01/20/2020 |
| AL | 6 | PP / UE | 6/28/13 - 01/20/2020 | AL | -- | -- | -- |
| AR | 4 | W | 9/26/15 - 01/20/2020 | AR | -- | -- | -- |
| AZ | 4 | W | 9/26/15 - 01/20/2020 | AZ | B | 1 | 9/26/18 - 01/20/2020 |
| CA | 4 | W | 9/26/15 - 01/20/2020 | CA | B | 3 | 9/26/16 - 01/20/2020 |
| CO | 3 | W / UE / F | 9/26/16 - 01/20/2020 | CO | -- | -- | -- |
| CT | 6 | UE | 9/26/13 - 01/20/2020 | CT | B | 3 | 9/26/16 - 01/20/2020 |
| FL | 4 | PP / W / UE / F | 9/26/15 - 01/20/2020 | FL | B | 4 | 9/26/15 - 01/20/2020 |
| GA | 4 | PP / W / UE / F | 9/26/15 - 01/20/2020 | GA | -- | -- | -- |
| HI | 6 | UE / F | 9/26/13 - 01/20/2020 | HI | C | 4 | 9/26/15 - 01/20/2020 |
| IA | 5 | PP / W / UE / F | 6/06/14 - 01/20/2020 | IA | -- | -- | -- |
| ID | 4 | W / UE | 9/26/15 - 01/20/2020 | ID | B | 2 | 9/26/17 - 01/20/2020 |
| IL | 5 | PP / UE / F | 9/26/14 - 01/20/2020 | IL | B | 3 | 9/26/16 - 01/20/2020 |
| IN | 6 | UE / F | 9/26/13 - 01/20/2020 | IN | C | 2 | 9/26/17 - 01/20/2020 |
| KS | 4 | W | 4/18/16 - 01/20/2020 | KS | B | 3 | 4/18/16 - 01/20/2020 |
| KY | 5 | UE / F | 9/26/14 - 01/20/2020 | KY | B | 2 | 9/26/17 - 01/20/2020 |
| LA | 4 | W | 9/26/15 - 01/20/2020 | LA | -- | -- | -- |
| MA | 6 | UE | 9/26/13 - 01/20/2020 | MA | C | 4 | 9/26/15 - 01/20/2020 |
| ME | 6 | PP / CP / UE / F | 9/26/13 - 01/20/2020 | ME | B | 6 | 9/26/13 - 01/20/2020 |
| MI | 6 | CP / UE / F | 9/26/13 - 01/20/2020 | MI | B | 6 | 9/26/13 - 01/20/2020 |
| MN | 6 | PP / CP / UE / F | 9/26/13 - 01/20/2020 | MN | B | 6 | 9/26/13 - 01/20/2020 |
| MS | 6 | W | 9/26/13 - 01/20/2020 | MS | -- | -- | -- |

| State Common Law and Warranty Claims (Group A) | | | | State Consumer-Protection Statutes (Groups B and C) | | | |
|---|---|---|---|---|---|---|---|
| MT | 4 | W | 9/26/15 - 01/20/2020 | MT | -- | -- | -- |
| NC | 4 | WP / CP | 9/26/15 - 01/20/2020 | NC | 4 | C | 9/26/15 - 01/20/2020 |
| ND | 6 | PP / UE / CP / F | 9/26/13 - 01/20/2020 | ND | 6 | C | 9/26/13 - 01/20/2020 |
| NE | 4 | W / PP / UE / CP / F | 9/26/15 - 01/20/2020 | NE | 4 | B | 9/26/15 - 01/20/2020 |
| NH | 4 | W | 9/26/15 - 01/20/2020 | NH | 3 | B | 9/26/16 - 01/20/2020 |
| NM | 4 | W / UE / PP / CP / F | 9/26/15 - 01/20/2020 | NM | 4 | C | 9/26/15 - 01/20/2020 |
| NV | 4 | W / UE | 9/26/15 - 01/20/2020 | NV | -- | -- | -- |
| NY | 6 | UE / F | 9/26/13 - 01/20/2020 | NY | 3 | C | 9/26/16 - 01/20/2020 |
| OH | 6 | UE | 9/26/13 - 01/20/2020 | OH | 2 | B | 9/26/17 - 01/20/2020 |
| OK | 5 | W | 9/26/14 - 01/20/2020 | OK | 3 | B | 9/26/16 - 01/20/2020 |
| OR | 6 | PP / UE | 9/26/13 - 01/20/2020 | OR | 1 | B | 9/26/18 - 01/20/2020 |
| PA | 6 | CP | 9/26/13 - 01/20/2020 | PA | 6 | C | 9/26/13 - 01/20/2020 |
| RI | 10 | W / PP / UE / CP / F | 9/26/09 - 01/20/2020 | RI | 10 | B | 9/26/09 - 01/20/2020 |
| SC | 6 | W | 9/26/13 - 01/20/2020 | SC | -- | -- | -- |
| SD | 6 | PP / UE / F | 9/26/13 - 01/20/2020 | SD | 4 | B | 9/26/15 - 01/20/2020 |
| TN | 6 | UE | 9/26/13 - 01/20/2020 | TN | -- | -- | -- |
| TX | 4 | W / F | 9/05/15 - 01/20/2020 | TX | 2 | C | 9/5/17 - 01/20/2020 |
| UT | 4 | W / UE | 9/26/15 - 01/20/2020 | UT | -- | -- | -- |
| VA | 5 | PP | 9/26/14 - 01/20/2020 | VA | -- | -- | -- |
| VT | 6 | CP / F | 9/26/13 - 01/20/2020 | VT | 6 | B | 9/26/13 - 01/20/2020 |
| WA | 6 | PP | 9/26/13 - 01/20/2020 | WA | 4 | C | 9/26/15 - 01/20/2020 |
| WI | 6 | W / UE / PP / F | 9/26/13 - 01/20/2020 | WI | 3 | C | 9/26/16 - 01/20/2020 |
| WV | 4 | W / UE | 9/26/15 - 01/20/2020 | WV | 2 | B | 9/26/17 - 01/20/2020 |
| WY | 8 | UE | 9/26/11 - 01/20/2020 | WY | 2 | B | 9/26/17 - 01/20/2020 |

46

[i] "UE" is a claim for unjust enrichment, "W" is a claim for breach of warranty, "F" is a claim for fraud, "PP" is a claim for personal property damage, and "CP" is a claim under a state consumer-protection statute.

[ii] For Kansas, Iowa, Alabama, and Texas, the beginning date of the Date Range is calculated by subtracting the applicable limitations period in years from the date Plaintiffs filed suit against Defendants in each such action. For all other states, the beginning date of the Date Range is calculated by subtracting the limitations period in years from September 26, 2019.

[iii] Group B: Consumer protection statutes that permit class actions and allow for recovery of actual damages. Group C: Consumer protection statutes that permit class actions and allows for recovery of treble or double damages.

[iv] *See* note ii, *supra*.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ELLEN ALLICKS d/b/a ALLICKS | ) | |
| EXCAVATING, | ) | |
| ROGER BIAS, | ) | |
| ARNO GRAVES, | ) | |
| DAVID GUEST, | ) | |
| SHAWN HORNBECK, | ) | |
| LARRY MUHS, | ) | |
| RON NASH, | ) | |
| BRIAN NELMS, | ) | |
| WAYNE RUPE, | ) | |
| ADAM SEVY, | ) | |
| ANTHONY SHAW, | ) | |
| RUSTY SHAW, | ) | |
| TIM SULLIVAN, | ) | |
| ROBERT THIRY, | ) | |
| TODD VOHS, and | ) | |
| ROBERT WITHER, | ) | |
| on behalf of themselves | ) | |
| and others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:19-cv-01038 |
| v. | ) | |
| | ) | |
| OMNI SPECIALTY PACKAGING, LLC, | ) | |
| | ) | |
| O'REILLY AUTOMOTIVE | ) | |
| STORES, INC.  d/b/a | ) | |
| O'REILLY AUTO PARTS, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OZARK AUTOMOTIVE | ) | |
| DISTRIBUTORS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PRELIMINARY APPROVAL ORDER [PROPOSED]

Upon review and consideration of the Motion for Preliminary Approval of the Class Action Settlement and the Settlement Agreement and Release with accompanying exhibits, all of which have been filed with the Court, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. The Court has carefully reviewed the Settlement Agreement and Release, as well as the files, records, and proceedings to date in the above-captioned action (the "Action"). The definitions in the Settlement Agreement and Release are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement and Release.

2. The Parties have agreed to settle the Action upon the terms and conditions set forth in the Settlement Agreement and Release, which has been filed with the Court. The Settlement Agreement and Release, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate.

3. Plaintiffs, by and through their counsel, have investigated the facts and law relating to the matters alleged in the Complaint, including extensive legal research as to the sufficiency of the claims, and an evaluation of the risks associated with continued litigation, class certification, trial, and potential appeal.

4. The settlement was reached as a result of extensive arm-length negotiations between counsel for Plaintiffs and counsel for Defendants.

5. The Settlement confers substantial benefits upon the Settlement Class, particularly in light of the damages that Plaintiffs and Class Counsel believe are potentially recoverable or provable at trial, and does so without the costs, uncertainties, delays, and other risks associated with continued litigation, class certification, trial, and potential appeal.

6. The Court conditionally certifies, for settlement purposes only, the following settlement class:

2

> "All persons and other entities who purchased O'Reilly 303 Tractor Hydraulic Fluid in any State in the United States, other than Missouri, during the Class Period."

The Class Period is determined by the longest applicable statute of limitations under the law of the state in which a unit of O'Reilly 303 Tractor Hydraulic Fluid is purchased with respect to claims for breach of warranty, fraud, unjust enrichment, personal property damage, and for violation of any applicable consumer-protection statute permitting class-wide relief, as set forth in Appendix A to the Settlement Agreement and Release (Doc. #: ___), which is incorporated by reference as though fully set forth herein. Excluded from the Settlement Class are any purchases made for resale. Also excluded from the Settlement Class are Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families.

7. The Court conditionally finds, for settlement purposes only and conditioned upon entry of the Final Order and Judgment and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the Settlement Class; and (f) for purposes of settlement, a class action is superior to

3

the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial this class action. *See Amchem Prods.*, *Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has exercised its discretion in conditionally certifying, for settlement purposes only, the Settlement Class.

8.      The Court appoints Tom Bender and Dirk Hubbard from the law firm Horn Alyward & Bandy, LLC in Kansas City, Missouri; Gene Graham, William Carr, and Bryan White from the law firm of White, Graham, Buckley & Carr, LLC; Clayton Jones of the Clayton Jones Law Firm; Paul D. Lundberg of the Lundberg Law Firm in Sioux City, Iowa; Rhon E. Jones and Tucker Osborne of Beasley, Allen, Crow, Methvin, Portis & Miles in Montgomery, Alabama; John G. Emerson of Emerson Firm, PLLC in Little Rock, Arkansas and Houston, Texas; Mark P. Bryant and N. Austin Kennedy of the Bryant Law Center, PSC in Paducah, Kentucky; Jon D. Robinson, Shane M. Mendenhall, Joshua G. Rohrscheib, and Zachary T. Anderson of Bolen, Robinson, & Ellis, LLP in Decatur, Illinois; and, Travis Griffith of Griffith Law Center, PLLC in Charleston, West Virginia, as counsel for the Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel.

9.      The Court designates named Plaintiffs Adam Sevy, Shawn Hornbeck, Arno Graves, Ron Nash, Todd Vohs, Wayne Rupe, David Guest, Brian Nelms, Robert Thiry, Larry Muhs, Anthony Shaw, Rusty Shaw, Tim Sullivan, Roger Bias, Robert Wither, and Ellen Allicks d/b/a Allicks Excavating as the representatives of the Settlement Class. The Court further appoints RG/2 Claims Administration LLC to serve as the Settlement Administrator.

10.     The Final Fairness Hearing shall be held before this Court on _____, 2020, at _____ a.m./p.m., to determine whether the Settlement Agreement and Release is fair, reasonable, and adequate and should receive final approval.  The Court will rule on Class Counsel's application for an award of attorneys' fees and expenses (the "Fee Application") at that time.  Papers in support of final approval of the Settlement Agreement and Release and the Fee Application shall be filed with the Court according to the schedule set forth below.  The Final Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.  After the Final Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Settlement Agreement and Release that will adjudicate the rights of the Settlement Class Members (as defined in the Settlement Agreement and Release) with respect to the claims being settled.

11.     Pending the Final Fairness Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and Release and this Order, are stayed.

12.     The Court approves, as to form and content, the Mailed Notice, Summary Class Notice, and Long Form Notice, attached as Exhibit C, Exhibit D and Exhibit E, respectively, to the Settlement Agreement and Release.

13.     The Court finds that the Mailed Notice, Long Form Notice, the Summary Notice, and the plan of notice set forth in the Settlement Administrator's declaration are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the manner of dissemination of the Mailed Notice, Long Form Notice, Summary Notice, and any other form of notice set forth in the Settlement Administrator's

5

declaration comply with Rule 23(e) of the Federal Rules of Civil Procedure as they constitute a reasonable manner of providing notice to those Settlement Class Members who would be bound by the Settlement. The Court also finds that the manner of dissemination of the Mailed Notice, Long Form Notice, Summary Notice, and any other form of notice set forth in the Settlement Administrator's declaration comply with Rule 23(c)(2), as they constitute the best practicable notice under the circumstances, provides individual notice to all Settlement Class Members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class.

14. Settlement Class Members for whom purchase information of O'Reilly 303 THF during the Class Period is available will receive a particularized Mailed Notice which sets forth the number and type of their purchases of O'Reilly 303 Tractor Hydraulic Fluid. These Class Members will not have to file any Claim Forms to receive a monetary award based on the number of purchases set forth in the particularized Mailed Notice. All other Settlement Class Members will have until the date identified herein to submit their Claim Forms, which is due, adequate, and sufficient time.

15. The Court orders that notice shall be provided to the Settlement Class in compliance with the following procedure:

(a) Within ten (10) business days after entry of this Order, Defendants shall provide to the Settlement Administrator, to the extent available, the full name and last known address of each member of the Settlement Class and, where available, for each member of the Settlement Class the number and size of O'Reilly 303 Tractor Hydraulic Fluid units

6

purchased during the Class Period. The Settlement Administrator shall keep all such information strictly confidential and shall use it solely for the purpose of administrating the Settlement.

(b) Within thirty (30) days after receipt of the information set forth in the immediately preceding paragraph, the Settlement Administrator shall mail by bulk mailing Mailed Notices in substantially the form attached to the Settlement Agreement as <u>Exhibit C</u> to the last known mailing address of each member of the Settlement Class. With respect to those members of the Settlement Class for whom the Settlement Administrator has been provided purchase information for O'Reilly 303 Tractor Hydraulic Fluid pursuant to the immediately preceding paragraph, the Mailed Notice shall include such purchase information. The date on which the Settlement Administrator first mails direct mail notice pursuant to this paragraph shall be the "Notice Date." For any initial direct mail notice that is returned as undeliverable within twenty-one (21) days after mailing, the Settlement Administrator shall attempt to locate a new address through an address search or any other reasonably available means. If a new address is located, the Settlement Administrator shall promptly re-mail the initial notice. If, after a second mailing, the notice is again returned, no further efforts need be taken by the Settlement Administrator to send the direct mail notice.

(c) Within thirty (30) days after entry of this Order, but no later than the Notice Date, the Settlement Administrator shall (i) secure and maintain a Post Office Box or similar mailing address for the receipt of Claim Forms, opt-out notices, and any other correspondence related to the Settlement; and (ii) establish a unique, case-specific e-mail address for online receipt of Claim Forms, opt-out notices, and any other

7

correspondence related to the Settlement.

(d) Within thirty (30) days after entry of this Order, but no later than the Notice Date, the Settlement Administrator shall create and maintain an operating website that: (i) contains downloadable copies of the Preliminary Approval Order, Long Form Class Notice, the Settlement Agreement, Claim Form, and, when filed, Class Counsels' motions for an attorneys' fees and for incentive awards for the Plaintiffs; (ii) will post any subsequent notices agreed upon by the Parties; and (iii) allows members of the Settlement Class to submit claims. This website shall be referred to as the "Settlement Website."

(e) Within thirty (30) days after entry of this Order, but no later than the Notice Date, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number shall be maintained until sixty (60) calendar days after the Bar Date. After that time, and for a period of ninety (90) calendar days thereafter, either a person or a recording will advise any caller to the toll-free telephone number that the deadline for submitting claims has passed and the details regarding the Settlement may be reviewed on the Settlement Website.

(f) On the Notice Date, or as close thereto as is reasonably practicable under the circumstances, and throughout the Class Period at various intervals, as appropriate, the Settlement Administrator shall cause the Summary Class Notice in substantially the form attached to the Settlement Agreement as <u>Exhibit D</u> to be published, and shall also cause to be published such other forms of notice as set forth in the Settlement Administrator's declaration.

(g) The Settlement Administrator shall mail or e-mail a Claim Form to each person

8

and/or entity that makes such request.

(h)  Claim Forms shall also be available through the Settlement Website.

16.      Each Settlement Class Member who wishes to be excluded from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded.

(a)  Putative class members wishing to opt out of the Settlement must send to the Settlement Administrator on or before the Bar Date by fax, U.S. Mail, e-mail, or electronically via the Settlement Website a written request to be excluded from the Settlement.  The request to be excluded from the Settlement Class must include the member's name, address, and telephone number and provide a clear statement communicating that he, she, or it elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member, and elects to be excluded from any judgment entered pursuant to the Settlement.

(b)  Any request for exclusion or opt out sent to the Settlement Administrator by United States mail must be postmarked on or before the Bar Date.  The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a request for exclusion sent by United States mail has been timely submitted.

(c)  Members of the Settlement Class who fail to submit a valid and timely request for exclusion on or before the date specified in this Order shall be bound by all terms of this Settlement Agreement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement.  All persons or entities who properly elect to opt out of the settlement shall not be Settlement Class Members and shall relinquish their rights to benefits with respect to the Settlement Agreement and Release, should it be approved.

9

17.    Any member of the Settlement Class who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may ask the Court to deny approval by filing an objection.  Settlement Class Members cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If any member of the Settlement Class wants that to happen, they must object in accordance with the following procedure:

(a) Any member of the Settlement Class who intends to object to the fairness, reasonableness, or adequacy of the Settlement must, no later than the Bar Date: (i) file a written objection with the Court either by mailing them to Office of the Clerk of Court, United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, or by filing them in person at any location of the United States District Court for the Western District of Missouri, or by electronic filing; and (ii) serve a copy of the same on counsel for the Parties at the addresses set forth in the Settlement Agreement and Release.

(b) In the written objection, the member of the Settlement Class must provide the information required on the Claim Form, state the member's full name, current address, telephone number, the reasons for the objection, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel, and a list of all cases in which the objector or objector's counsel has objected to a class-action settlement in the last five (5) years.  Any documents supporting the objection must also be attached to the written objection, and if the objecting member of the Settlement Class intends to call witnesses at the Final Fairness Hearing, any such witness must be identified,

10

including by providing each such witness's name, address and telephone number. Objections must be signed by the member of the Settlement Class or by his, her, or its counsel. Any member of the Settlement Class who fails to file and serve timely written objections in the manner specified herein, shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

(c) Any member of the Settlement Class who has timely filed a written objection, as provided for herein, may appear at the Final Fairness Hearing, either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of the Settlement. A member of the Settlement Class, or his, her, or its attorney, intending to make an appearance at the Fairness Hearing must: (i) file a notice of appearance with the Court no later than ten (10) business days prior to the Final Fairness Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on counsel for all Parties.

18. Class Counsel shall file their application for attorneys' fees ten (10) business days before the Bar Date.

19. Papers in support of final approval of the Settlement Agreement and Release, and in response to any objections to the Settlement Agreement and Release or Class Counsels' fee application, shall be filed with the Court ten (10) business days in advance of the date of the Final Fairness Hearing.

20. The Bar Date shall be one hundred fifty (150) calendar days after the Notice Date. The Bar Date may be extended by written agreement of the parties through Class Counsel and Defense Counsel without further approval of the Court or notice to the Settlement Class, provided

11

that the settlement website administered by the Settlement Administrator shall be promptly updated to reflect any extension of the Bar Date.

21.     These dates of performance may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class.  Settlement Class Members may check the Settlement Website regularly for updates and further details regarding extensions of these dates of performance.  Settlement Class Members may also access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://www.mow.uscourts.gov/, or by visiting the office of the Clerk of the Court for the United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, between 9:00 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

22.     Notwithstanding any other provision of the Settlement Agreement, if 2,000 or more members of the Settlement Class opt out of the Settlement, Defendants, in their sole discretion, may rescind and revoke the entire Settlement and the Settlement Agreement, thereby rendering the Settlement null and void in its entirety. In order to exercise this right, Defendants must send written notice to Class Counsel that Defendants revoke the Settlement within 10 (ten) business days following the date the Settlement Administrator reports to Class Counsel and Defense Counsel the number and identity of the opt outs.  Such a written notice to revoke the Settlement pursuant to this paragraph shall constitute an Event of Termination under the Settlement Agreement.

23.     If for any reason a Final Order and Judgment as contemplated in the Settlement Agreement and Release is not entered, or the Settlement Agreement and Release is terminated pursuant to its terms for any reason, or the Effective Date does not occur for any reason, the following shall apply:

(a) All orders and findings entered in connection with the Settlement Agreement and

Release shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and Release and such findings had never been made; and

(c) All of the Court's prior Orders having nothing whatsoever to do with the certification of the Settlement Class shall, subject to this Order, remain in force and effect, subject to extensions or modifications of deadlines as appropriate under the circumstances and in the Court's discretion; and

(d) Nothing in this Order or pertaining to the Settlement Agreement and Release, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case or in any other action, proceedings, or matter, whether civil, criminal, or administrative.

24.     Pending final determination of whether the proposed settlement should be approved, no member of the Settlement Class, directly, derivatively, in a representative capacity, or in any other capacity, may commence or continue any action against any of the Released Parties in any court or tribunal asserting any of the Released Claims (as that term is defined in the Settlement Agreement and Release).

25.     RG/2 Claims Administration LLC is hereby appointed as Settlement Administrator for this settlement and shall perform all of the duties of the Settlement Administrator set forth in the Settlement Agreement and Release.

26.     Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against Defendants, or any Released Party (as that term is defined in the Settlement Agreement and Release) of any alleged or asserted default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative.

27.     Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement and Release, including making, without further approval of the Court, minor changes to the form or content of the notice documents, and other exhibits to the Settlement Agreement, that they jointly agree are reasonable or necessary.

**IT IS SO ORDERED**, this __ day of _____, 2020.


_____

United States District Court

## EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ELLEN ALLICKS d/b/a ALLICKS EXCAVATING, | ) | |
| ROGER BIAS, | ) | |
| ARNO GRAVES, | ) | |
| DAVID GUEST, | ) | |
| SHAWN HORNBECK, | ) | |
| LARRY MUHS, | ) | |
| RON NASH, | ) | |
| BRIAN NELMS, | ) | |
| WAYNE RUPE, | ) | |
| ADAM SEVY, | ) | |
| ANTHONY SHAW, | ) | |
| RUSTY SHAW, | ) | |
| TIM SULLIVAN, | ) | |
| ROBERT THIRY, | ) | |
| TODD VOHS, and | ) | |
| ROBERT WITHER, | ) | |
| on behalf of themselves | ) | |
| and others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:19-cv-01038 |
| v. | ) | |
| | ) | |
| OMNI SPECIALTY PACKAGING, LLC, | ) | |
| | ) | |
| O'REILLY AUTOMOTIVE STORES, INC. d/b/a O'REILLY AUTO PARTS, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OZARK AUTOMOTIVE DISTRIBUTORS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

# FINAL APPROVAL ORDER [PROPOSED]

WHEREAS, by order dated _____, 2020, this Court granted preliminary approval of the proposed class action settlement between the parties in the above-captioned action (the "Action").

WHEREAS, the Court also provisionally certified a Settlement Class for settlement purposes only, approved the procedure for giving notice and forms of notice, and set a final fairness hearing to take place on _____ _____, 2020.  On that date, the Court held the duly noticed final fairness hearing to consider: (1) whether the terms and conditions of the Settlement Agreement and Release are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing with prejudice the claims of the named Plaintiffs and Settlement Class Members against Defendants, as set forth in the Complaint; and (3) Class Counsel's motion for approval of attorney's fees, expenses, and Class Representative incentive awards.

WHEREAS, the Court considered all matters submitted to it at the hearing and otherwise, and it appears that notice substantially in the form approved by the Court was given in the manner that the Court ordered.

WHEREAS, the settlement was the result of extensive arms-length negotiations between counsel for Plaintiffs and counsel for Defendants.  Counsel for the parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this Action.  The extent of legal research as to the sufficiency of the claims and class certification, independent investigations by counsel for the parties, and the factual record compiled, suffices to enable the parties to make an informed decision as to the fairness and adequacy of the settlement.

WHEREAS, the Court has determined that the proposed settlement of the claims of the Settlement Class Members against Defendants, as well as the release of Defendants and the Released Parties (as that term is defined in the Settlement Agreement and Release), the significant relief provided to the Settlement Class Members in the form of monetary payments to Settlement Class Members as described in the Settlement Agreement, and the award of attorneys' fees and expenses requested, and the incentive awards requested, are fair, reasonable

2

and adequate.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Settlement Agreement, including the exhibits thereto, is expressly incorporated by reference into this Final Order and Judgment and made a part hereof for all purposes.  Except where otherwise noted, all capitalized terms used in this Final Order and Judgment shall have the meanings set forth in the Settlement Agreement.

2.      The Court has personal jurisdiction over the Parties and all Settlement Class Members, and has subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs' Complaint in the Action, and to dismiss this Action on the merits and with prejudice.

3.      The Court finds, for settlement purposes only and conditioned upon the entry of this Final Order and Judgment and upon the occurrence of the Effective Date, that the requirements for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, for settlement purposes, in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.  The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  In making these findings, the Court has considered,

3

among other factors: (i) the interests of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action for settlement purposes as a class action on behalf of:

> "All persons and other entities who purchased O'Reilly 303 Tractor Hydraulic Fluid in any State in the United States, other than Missouri, during the Class Period."

The Class Period is determined by the longest applicable statute of limitations under the law of the state in which a unit of O'Reilly 303 Tractor Hydraulic Fluid is purchased with respect to claims for breach of warranty, fraud, unjust enrichment, personal property damage, and for violation of any applicable consumer-protection statute permitting class-wide relief, as set forth in Appendix A to the Settlement Agreement and Release (Doc. #: ___ ), which is incorporated by reference as though fully set forth herein. Excluded from the Settlement Class are any purchases made for resale. Also excluded from the Settlement Class are Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families. As defined in the Settlement Agreement and Release, "Settlement Class Member(s)" means any member of the Settlement Class who does not elect exclusion or opt out from the Settlement Class pursuant to the terms and conditions for exclusion set out in the Settlement Agreement and Preliminary Approval Order.

5. The Court appoints Tom Bender and Dirk Hubbard from the law firm Horn Alyward & Bandy in Kansas City, Missouri, Gene Graham, William Carr, and Bryan White from the law firm of White, Graham, Buckley & Carr, LLC, Clayton Jones of the Clayton Jones Law

4

Firm, Paul D. Lundberg of the Lundberg Law Firm in Sioux City, Iowa; Rhon E. Jones and Tucker Osborne of Beasley, Allen, Crow, Methvin, Poprtis & Miles in Montgomery, Alabama; John G. Emerson of Emerson Firm, PLLC in Little Rock, Arkansas and Houston, Texas; Mark P. Bryant and N. Austin Kennedy of the Bryant Law Center, PSC in Paducah, Kentucky; Jon D. Robinson, Shane M. Mendenhall, Joshua G. Rohrscheib, and Zachary T. Anderson of Bolen, Robinson, & Ellis, LLP in Decatur, Illinois; and, Travis Griffith of Griffith Law Center, PLLC in Charleston, West Virginia, as counsel for the Class ("Class Counsel"). The Court finds that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel. The Court designates named Plaintiffs Adam Sevy, Shawn Hornbeck, Arno Graves, Ron Nash, Todd Vohs, Wayne Rupe, David Guest, Brian Nelms, Robert Thiry, Larry Muhs, Anthony Shaw, Rusty Shaw, Tim Sullivan, Roger Bias, Robert Withrow, and Ellen Allicks d/b/a Allicks Excavating as the representative of the Settlement Class. The Court finds that the named Plaintiffs and Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement, and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

6. The Court finds that the notice provided to Settlement Class Members is in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order, and as explained in the submissions filed before the Final Fairness Hearing:

(a) constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) their right to exclude themselves from the Settlement Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Class Counsel and Plaintiffs' representation of the Settlement Class, and the award of attorneys' fees, costs, and incentive awards), (iv) their right to appear at the Final Fairness Hearing (either on their own or

through counsel hired at their own expense), and (v) the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons and entities who do not validly and timely request exclusion from the Settlement Class;

(c)     constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

(d)     fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7.     The terms and provisions of the Settlement Agreement and Release, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Plaintiffs and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.  The Court finds that the Settlement Agreement and Release is fair, adequate and reasonable based on the following factors, among other things:

(a)     There is no fraud or collusion underlying this settlement, and it was reached after good faith, arms-length negotiations, warranting a presumption in favor of approval.

(b)     The complexity, expense and likely duration of the litigation favor settlement on behalf of the Settlement Class, which provides meaningful benefits on a much shorter time frame than otherwise possible.  Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed settlement.

(c)     The support of Class Counsel, who are highly skilled in class action litigation such as this, and the Plaintiffs, who have participated in this litigation and evaluated the proposed settlement, also favors final approval.

6

8.     The settlement provides meaningful relief to the Settlement Class, including the monetary relief described below, and falls within the range of possible recoveries by the Settlement Class.

9.     The parties are directed to consummate the Settlement Agreement and Release in accordance with its terms and conditions.  The Court hereby declares that the Settlement Agreement and Release is binding on all parties and Settlement Class Members, and it is to be preclusive in all pending and future lawsuits or other proceedings.

10.     As described more fully in the Settlement Agreement, Defendants have agreed to a Class Settlement Fund from which the Settlement Administrator will pay each Qualified Class Member an amount based on the member's total purchases of O'Reilly 303 Tractor Hydraulic Fluid during the Class Period.

11.     Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court hereby awards Class Counsel attorney's fees in the amount of $2,105,340.28 and expenses of $25,000.00.  The Court also awards incentive awards of $5,000.00 to each of the sixteen (16) named Class Representatives.  The attorneys' fees are based on the amount of time class counsel reasonably expended working on this Action. The attorneys' fees, expenses, and incentive awards are to be paid separately by Defendants and do not come out of the Class Settlement Fund.  Defendants shall pay such attorney's fees and expenses and Class Representative's incentive awards according to the terms of, and in the manner described in, the Settlement Agreement and Release.  Such payment by Defendants will be in lieu of statutory fees Plaintiffs and their attorneys might otherwise have been entitled to recover, and this amount shall be inclusive of all fees and costs of Class Counsel in the Action.

12.     This Action is hereby dismissed with prejudice and without costs as against Defendants and the Released Parties (as that term is defined in the Settlement Agreement and Release).

13.     Upon the Effective Date, the Releasing Parties (as that term is defined in the Settlement Agreement and Release) shall be deemed to have, and by operation of the Final Order

and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties.

14.     Members of the proposed Settlement Class identified in <u>Exhibit 1</u> to this Order, which is filed under seal, have opted out of, or sought exclusion from, the Settlement by the date set by the Court, are deemed not to be "Settlement Class Members" for purposes of this Order, do not release their claims against the Released Parties by operation of the Settlement Agreement, and will not obtain any benefits of the Settlement.

15.     The Court orders that, upon the Effective Date, the Settlement Agreement and Release shall be the exclusive remedy for any and all Released Claims of Settlement Class Members. The Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with, such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; (b) bringing a class action on behalf of Plaintiffs or Settlement Class Members, seeking to certify a class that includes Plaintiffs or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.

16.     Neither the Settlement Agreement and Release, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the settlement administration process, shall be:

(a)     offered by any person or received against Defendants or any other Released Party as evidence, or be construed as or deemed to be evidence, of any presumption, concession, or admission by any Defendant or any other Released Party of the truth of the claims and allegations asserted, or which could have been asserted, by the Plaintiffs or any Settlement

Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any alleged liability, negligence, fault or wrongdoing of any Defendant or any other Released Party;

(b)     offered by any person or received against Defendants or any other Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants or any other Released Party or any other alleged wrongdoing by any Defendant or any other Released Party.

17.     Certification of the Settlement Class for settlement purposes only shall not be deemed a concession or admission that certification of a litigation class would be appropriate. Defendants reserve the right to challenge class certification in any other action.  No agreements or statements made by Defendants in connection with the Settlement, or any findings or rulings by the Court in connection with the Settlement, may be used by Plaintiffs, Class Counsel, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other proceeding of any kind.

18.     The Court has jurisdiction to enter this Final Order and Judgment.  Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement and Release and of this Final Order and Judgment, including, without limitation, for the purpose of:

(a)     enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement or this Final Order and Judgment (including, without limitation: whether a person or entity is or is not a Settlement Class Member; whether claims or causes of

9

action allegedly related to this Action are or are not barred or released by this Final Order and Judgment; and whether persons or entities are enjoined from pursuing any claims against Defendants or any other Released Party);

(b)     entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and Judgment and the Settlement Agreement and Release (including, without limitation, orders enjoining persons or entities from pursuing any claims against Defendants or any other Released Party), or to ensure the fair and orderly administration of the settlement; and

(c)     entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement and Release, the settling Parties, and the Settlement Class Members.

19.     Without further order of the Court, the settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and Release.

20.     In the event that the Effective Date does not occur, certification of this Settlement Class shall be automatically vacated and this Final Order and Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

**IT IS SO ORDERED, ADJUDGED, AND DECREED**, this __ day of _____, 2020

_____

United States District Court

10

**EXHIBIT C**
**MAILED CLASS NOTICE**

---

**Records indicate you purchased O'Reilly 303 Tractor Hydraulic Fluid during the Class Period, and you may benefit from a proposed class-action settlement.**

---

**READ THIS NOTICE CAREFULLY. YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT.**
**PLEASE CHECK THE SETTLEMENT WEBSITE AT <mark>SETTLEMENT WEBSITE</mark> REGULARLY FOR UPDATES AND FURTHER DETAILS**

---

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A class-action settlement was reached in *Allicks, et al. v. Omni Specialty Packaging, LLC, et al.,* Case No. 4:19-cv-01038 (W.D. Mo.) regarding O'Reilly 303 Tractor Hydraulic Fluid. This notice summarizes the lawsuit and class-action settlement (sometimes referred to herein as the "Proposed Settlement") For more detailed information please: (i) visit the settlement website at <mark>SETTLEMENT WEBSITE</mark>, where you can read common questions and answers and access settlement documents, including a long-form notice, the Settlement Agreement and Release, and a Request for Correction Form; (ii) contact Class Counsel, as explained in more detail below; (iii) call the settlement hotline at <mark>SETTLEMENT PHONE NUMBER</mark>; or (iv) access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://www.mow.uscourts.gov/, or by visiting the office of the Clerk of the Court for the United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, between 9:00 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays. Please do not telephone the Court or the Court Clerk's Office to inquire about this Proposed Settlement or the claim process.

- In the class-action lawsuit, Plaintiffs allege that O'Reilly 303 Tractor Hydraulic Fluid did not meet the equipment manufacturer's specification allegedly listed on the product's label, and that use of O'Reilly 303 Tractor Hydraulic Fluid in equipment causes damage to various parts of the equipment. Defendants vigorously deny all of these allegations and claims of wrongdoing, and further state that the labels for O'Reilly 303 Tractor Hydraulic Fluid were truthful, appropriate, and adequate in all respects.

- You are a Settlement Class Member if you purchased O'Reilly 303 Tractor Hydraulic Fluid in the United States, other than in Missouri, during the Date Range(s) for the State(s) of Purchase listed in the chart enclosed herewith. However, you are not a member of the settlement class if (a) the only O'Reilly 303 Tractor Hydraulic Fluid your purchased was for resale; (b) you are an employee, director, officer or agent of Defendants or their subsidiaries or affiliated companies; (c) you are a judge of the Court in which the lawsuit is pending (or could be appealed to), or part of their immediate family and staff.

- If you are a Settlement Class Member, the Proposed Settlement may provide you with a cash award based on amounts you paid for O'Reilly 303 Tractor Hydraulic Fluid. The award for each class member is estimated to be between 30 and 41 percent of the purchase price the class member paid for O'Reilly 303 Tractor Hydraulic Fluid.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS:**

| ACTION | | DUE DATE |
|---|---|---|
| Do Nothing | If this notice lists your purchases of O'Reilly 303 Tractor Hydraulic Fluid and you do nothing, you will be bound by the Proposed Settlement (if approved), you will have released your claims, and you will receive a monetary reward based on the listed purchases. If this notice does not list your purchases of O'Reilly 303 Tractor Hydraulic Fluid and you do nothing, you will be bound by the Proposed Settlement (if approved), you will have released your claims, but you will not receive a monetary award. | |
| File a Claim Form | If this notice does not list your purchases of O'Reilly 303 Tractor Hydraulic Fluid, you must timely submit a valid Claim Form to the Settlement Administrator in order to recover a monetary award under the Proposed Settlement. To submit a claim or obtain a Claim Form, go to **SETTLEMENT WEBSITE** or call **SETTLEMENT PHONE NUMBER**. | *By* _____ |
| File a Request-for-Correction Form | If you believe your purchases of O'Reilly 303 Tractor Hydraulic Fluid listed below are not accurate, you may submit a Request for Correction Form to the Settlement Administrator. To submit a request for correction or obtain a Request for Correction Form, go to **SETTLEMENT WEBSITE** or call **SETTLEMENT PHONE NUMBER**. | *By* _____ |
| Exclude Yourself | You may request to be excluded from the Settlement Class by timely submitting a request in writing to the Settlement Administrator. If you do this, you will not receive any of the benefits provided by the Proposed Settlement and you may not object to the Proposed Settlement. You will, however, keep your right to sue regarding the claims asserted in the class action. | *By* _____ |
| Object | You may object to the Proposed Settlement by submitting a valid and timely objection to the Court and counsel for the parties. If you object, you must still timely submit a valid claim by the date specified above in order to receive a cash payment (unless this notice lists your purchases of O'Reilly 303 Tractor Hydraulic Fluid). You may object to the Settlement only if you **do not** exclude yourself. | *By* _____ |

**O'REILLY 303 THF PURCHASE DATA DURING THE CLASS PERIOD**

Based on Defendants' records, your purchases of O'Reilly 303 Tractor Hydraulic Fluid in the United States, excluding Missouri, during the Date Range(s) for the State(s) of Purchase on the chart enclosed herewith is as follows:

*INSERT HERE* – **EITHER [A]** THE O'REILLY 303 THF PURCHASE INFORMATION FOR RECIPIENT CLASS MEMBER DURING CLASS PERIOD, ALONG WITH THE FOLLOWING STATEMENT: "If you believe this information does not accurately state your purchases of O'Reilly 303 Tractor Hydraulic Fluid, you may timely submit a Request for Correction Form available at **SETTLEMENT WEBSITE**." **OR [B]** THE FOLLOWING STATEMENT: "Your purchase history of O'Reilly 303 Tractor Hydraulic Fluid is not reflected in Defendants' records. You must timely submit a Claim Form available at **SETTLEMENT WEBSITE** in order to receive a monetary award as part of the Proposed Settlement.

## Date Ranges by States of Purchase

| State of Purchase | Date Range | State of Purchase | Date Range |
|---|---|---|---|
| AK | 9/26/13 – 01/20/2020 | NC | 9/26/15 - 01/20/2020 |
| AL | 6/28/13 - 01/20/2020 | ND | 9/26/13 - 01/20/2020 |
| AR | 9/26/15 - 01/20/2020 | NE | 9/26/15 - 01/20/2020 |
| AZ | 9/26/15 - 01/20/2020 | NH | 9/26/15 - 01/20/2020 |
| CA | 9/26/15 - 01/20/2020 | NM | 9/26/15 - 01/20/2020 |
| CO | 9/26/16 - 01/20/2020 | NV | 9/26/15 - 01/20/2020 |
| CT | 9/26/13 - 01/20/2020 | NY | 9/26/13 - 01/20/2020 |
| FL | 9/26/15 - 01/20/2020 | OH | 9/26/13 - 01/20/2020 |
| GA | 9/26/15 - 01/20/2020 | OK | 9/26/14 - 01/20/2020 |
| HI | 9/26/13 - 01/20/2020 | OR | 9/26/13 - 01/20/2020 |
| IA | 6/06/14 - 01/20/2020 | PA | 9/26/13 - 01/20/2020 |
| ID | 9/26/15 - 01/20/2020 | RI | 9/26/09 - 01/20/2020 |
| IL | 9/26/14 - 01/20/2020 | SC | 9/26/13 - 01/20/2020 |
| IN | 9/26/13 - 01/20/2020 | SD | 9/26/13 - 01/20/2020 |
| KS | 4/18/15 - 01/20/2020 | TN | 9/26/13 - 01/20/2020 |
| KY | 9/26/14 - 01/20/2020 | TX | 9/05/15 - 01/20/2020 |
| LA | 9/26/15 - 01/20/2020 | UT | 9/26/15 - 01/20/2020 |
| MA | 9/26/13 - 01/20/2020 | VA | 9/26/14 - 01/20/2020 |
| ME | 9/26/13 - 01/20/2020 | VT | 9/26/13 - 01/20/2020 |
| MI | 9/26/13 - 01/20/2020 | WA | 9/26/13 - 01/20/2020 |
| MN | 9/26/13 - 01/20/2020 | WI | 9/26/13 - 01/20/2020 |
| MS | 9/26/13 - 01/20/2020 | WV | 9/26/15 - 01/20/2020 |
| MT | 9/26/15 - 01/20/2020 | WY | 9/26/11 - 01/20/2020 |

**EXHIBIT D**

**SUMMARY CLASS NOTICE**

**If you purchased O'Reilly 303 Tractor Hydraulic Fluid in any state in the United States other than Missouri during the Class Period, you may benefit from a Proposed Class Action Settlement.**

**READ THIS NOTICE CAREFULLY. YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT.**

**A Federal Court authorized this Notice. This is not a solicitation from a lawyer.**

A settlement has been proposed in a class-action lawsuit against Omni Specialty Packaging, LLC, O'Reilly Automotive Stores, Inc. d/b/a O'Reilly Auto Parts, and Ozark Automotive Distributors, Inc. ("Defendants") regarding O'Reilly 303 Tractor Hydraulic Fluid that may affect your rights. This notice summarizes a proposed settlement. For additional information, including the Long Form Notice and the Settlement Agreement with the precise terms of the settlement, please see **SETTLEMENT WEBSITE** or call **SETTLEMENT PHONE NUMBER**. You may also access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://www.mow.uscourts.gov/, or by visiting the Office of the Clerk of Court, United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, between 9:00 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays. The case is called *Allicks, et al. v. Omni Specialty Packaging, LLC, et al.,* Case No. 4:19-cv-01038 (W.D. Mo.) Please do not telephone the Court or the Court Clerk's Office to inquire about this settlement or the claim process.

In the class-action lawsuit, Plaintiffs allege that O'Reilly 303 Tractor Hydraulic Fluid did not meet the equipment manufacturer's specification allegedly listed on the product's label, and that use of O'Reilly 303 Tractor Hydraulic Fluid in equipment causes damage to various parts of the equipment. Defendants vigorously deny all of these allegations and claims of wrongdoing, and further state that the labels for O'Reilly 303 Tractor Hydraulic Fluid were truthful, appropriate, and adequate in all respects. The Court did not rule in favor of either party. Instead, the parties agreed to a proposed settlement in order to avoid the expense and risks of further litigation.

You are a Settlement Class Member if you purchased O'Reilly 303 Tractor Hydraulic Fluid in the United States, other than in Missouri, during the Class Period, as explained in the Long Form Notice available at **SETTLEMENT WEBSITE** or by calling **SETTLEMENT PHONE NUMBER**. The settlement establishes a fund in the amount of $8,501,361.10 that will be used to make cash payments to class members based on amounts class members paid for O'Reilly 303 Tractor Hydraulic Fluid. The award for each class member is estimated to be between 30 and 41 percent of the purchase price the class member paid for O'Reilly 303 Tractor Hydraulic Fluid during the Class Period, as explained more fully in the Long Form Notice and Settlement Agreement. If you are a Class Member, you may need to submit a claim form to receive your award. Please see **SETTLEMENT WEBSITE** for a copy of the claim form or call **SETTLEMENT PHONE NUMBER** to request a claim form be mailed to you. Class Counsel also will ask that the Court award up to $2,105,340.28 in attorneys' fees, $25,000.00 in expenses, and an incentive payment of $5,000 to each of the class representatives. The amounts awarded for attorneys' fees, expenses, and incentive awards are to be paid separately by Defendants and will not reduce the settlement fund or amounts paid to class members. The Court will decide whether to approve the Settlement at the Final Fairness Hearing on _____ _____ at _____ p.m. This date may be moved, canceled, or otherwise modified; see **SETTLEMENT WEBSITE** for more information.

BY ORDER OF THE U.S. DISTRICT COURT

**EXHIBIT E**
**LONG FORM CLASS NOTICE**

---

**If you purchased O'Reilly 303 Tractor Hydraulic Fluid in the United States, other than in Missouri, during the Class Period, you may benefit from a proposed class-action settlement.**

---

**READ THIS NOTICE CAREFULLY. YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT.**

**PLEASE CHECK THE SETTLEMENT WEBSITE AT <mark>SETTLEMENT WEBSITE</mark> REGULARLY FOR UPDATES AND FURTHER DETAILS**

---

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A class-action settlement was reached in *Allicks, et al. v. Omni Specialty Packaging, LLC, et al.,* Case No. 4:19-cv-01038 (W.D. Mo.). For the precise terms and conditions of the settlement, please: (i) visit the settlement website at <mark>SETTLEMENT WEBSITE</mark>, where you may access the Settlement Agreement and Release; (ii) contact class counsel, as explained in more detail below; or (iii) access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://www.mow.uscourts.gov/, or by visiting the office of the Clerk of the Court for the United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, between 9:00 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays. Please do not telephone the Court or the Court Clerk's Office to inquire about this Proposed Settlement or the claim process.

- This notice summarizes the lawsuit and class-action settlement (sometimes referred to in this notice as the "Proposed Settlement").

- In the class-action lawsuit, Plaintiffs allege that O'Reilly 303 Tractor Hydraulic Fluid did not meet the equipment manufacturer's specification allegedly listed on the product's label, and that use of O'Reilly 303 Tractor Hydraulic Fluid in equipment causes damage to various parts of the equipment. Defendants vigorously deny all of these allegations and claims of wrongdoing, and further state that the labels for O'Reilly 303 Tractor Hydraulic Fluid were truthful, appropriate, and adequate in all respects.

- You are a Settlement Class Member if you purchased O'Reilly 303 Tractor Hydraulic Fluid in the United States, other than in Missouri, during the Date Range(s) for the State(s) of Purchase listed in the chart enclosed herewith. See the responses to Question Nos. 5, 6, and 7, below for further information. However, you are not a member of the settlement class if: (a) the only O'Reilly 303 Tractor Hydraulic Fluid your purchased was for resale; (b) you are an employee, director, officer or agent of Defendants or their subsidiaries or affiliated companies; (c) you are a judge of the Court in which the lawsuit is pending (or could be appealed to), or part of their immediate family and staff. See the responses to Question Nos. 5 and 6 below for further information.

- If you are a Settlement Class Member, the Proposed Settlement may provide you with a cash award based on amounts you paid for O'Reilly 303 Tractor Hydraulic Fluid. The award for each class member is estimated to be between 30 and 41 percent of the purchase price the class member paid for O'Reilly 303 Tractor Hydraulic Fluid.

**YOUR RIGHTS AND CHOICES IF YOU ARE A MEMBER OF THE CLASS:**

| *ACTION* | | *DUE DATE* |
|---|---|---|
| **FILE A CLAIM FORM** | If you did not receive a notice in the mail listing your purchases of O'Reilly 303 Tractor Hydraulic Fluid outside Missouri, you must timely submit a valid Claim Form to the Settlement Administrator in order to recover a monetary award under the Proposed Settlement. | *By* _____ |
| **FILE A REQUEST FOR CORRECTION FORM** | If did receive a notice in the mail listing your purchases of O'Reilly 303 Tractor Hydraulic Fluid outside Missouri and you believe that information is not accurate, you may submit a Request for Correction Form to the Settlement Administrator. | *By* _____ |
| **EXCLUDE YOURSELF** | You may request to be excluded from the Settlement Class by timely submitting a request in writing to the Settlement Administrator. If you do this, you will not receive any of the benefits provided by the Proposed Settlement and you may not object to the Proposed Settlement. You will, however, keep your right to sue regarding the claims asserted in the class action. | *By* _____ |
| **OBJECT** | You may object to the Proposed Settlement by submitting a valid and timely objection to the Court and counsel for the parties. If you object, you must still timely submit a valid claim form by the date specified above in order to receive a cash payment (unless you received notice in the mail listing your purchases of O'Reilly 303 Tractor Hydraulic Fluid outside Missouri). You may object to the Settlement only if you **do not** exclude yourself from the Settlement. | *By* _____ |
| **DO NOTHING** | If you received a Mailed Notice listing your purchases of O'Reilly 303 Tractor Hydraulic Fluid outside Missouri and you do nothing, you will be bound by the Proposed Settlement (if approved), you will have released your claims, and you will receive a monetary reward based on those purchases.<br><br>If you did not receive mailed notice listing your purchases of O'Reilly 303 Tractor Hydraulic Fluid outside Missouri and you do nothing, you will be bound by the Proposed Settlement (if approved), you will have released your claims, but you will <u>not</u> receive a monetary award.<br><br><u>If you did not received mailed notice listing your purchases of O'Reilly 303 Tractor Hydraulic Fluid outside Missouri, you must timely submit a valid Claim Form to receive a monetary award.</u> | |

- These rights and choices – **and the deadlines to exercise them** – are further explained in this notice.

- These **deadlines may be moved, cancelled or otherwise modified by the Court**, so please check the settlement website at **<mark>SETTLEMENT WEBSITE</mark>** regularly for updates and further details.

- The Court still must decide whether to approve the Proposed Settlement. Benefits will be provided only if the Court approves the Proposed Settlement and after any appeals are resolved.

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION ...................................................................................................6

    1.    Why did I get this notice? ..................................................................6

    2.    What is the lawsuit about? ..................................................................6

    3.    Why is this a class action? ..................................................................6

    4.    Why is there a proposed settlement? ..................................................7

WHO IS IN THE PROPOSED SETTLEMENT CLASS ...........................................7

    5.    How do I know if I'm part of the proposed Settlement Class? ..........7

    6.    Are there exceptions to being included in the Settlement Class? ......7

    7.    What is the Class Period? ...................................................................7

THE PROPOSED SETTLEMENT BENEFITS – WHAT YOU MAY GET ............9

    8.    What does the Proposed Settlement provide? ....................................9

    9.    How do I submit a claim for benefits? ...............................................9

    10.    When will I get my Proposed Settlement benefits? ...........................9

    11.    What am I giving up to stay in the Settlement Class? ........................9

    12.    Can I get out of the Proposed Settlement? .......................................10

    13.    How do I exclude myself from the Settlement Class? ......................10

    14.    If I don't exclude myself from the Settlement Class, can I still sue Defendants for the same things later? ...............................................11

    15.    If I exclude myself from the Settlement Class, can I get any benefits from the Proposed Settlement? .........................................................11

YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT ....................11

    16.    How do I tell the Court I don't like the Proposed Settlement? ........11

    17.    What's the difference between objecting to the Proposed Settlement and excluding myself from the Settlement Class? ............................12

YOUR RIGHTS AND CHOICES - APPEARING IN THE LAWSUIT ................12

    18.    Can I appear or speak in this lawsuit and Proposed Settlement? .....12

IF YOU DO NOTHING ...................................................................................................... 12

    19.    What happens if I do nothing at all? ................................................................ 12

THE LAWYERS REPRESENTING YOU .......................................................................... 12

    20.    Do I have a lawyer in this case? ...................................................................... 12

    21.    How much will lawyers for the Settlement Class be paid and how will they be paid? ................................................................................................................. 13

THE COURT'S FAIRNESS HEARING ............................................................................. 14

    22.    When and where will the Court decide whether to approve the Proposed Settlement? ...................................................................................................... 14

    23.    Do I have to come to the Final Fairness Hearing? ........................................... 14

    24.    Can I speak at the hearing? ............................................................................. 14

GETTING MORE INFORMATION .................................................................................. 14

    25.    Are more details about the lawsuit and the Proposed Settlement available? If so, where can I access any additional information? ............................................... 14

## BASIC INFORMATION

### 1. Why did I get this notice?

A Court ordered and approved this notice because you have the right to know about a settlement that may affect you. You have legal rights and choices to make before the Court decides whether to approve the Proposed Settlement.

This notice explains:
- What the lawsuit is about
- Who is included in the Proposed Settlement
- How the Proposed Settlement may benefit you
- What your legal rights are
- How to get benefits of the Proposed Settlement

### 2. What is the lawsuit about?

This case is pending in the United States District Court for the Western District of Missouri. The full name of the action is *Allicks, et al., v. Omni Specialty Packaging, LLC, et al.*, Case No. 4:19-cv-01038.

The Plaintiffs in this lawsuit allege that Omni Specialty Packaging, LLC, O'Reilly Automotive Stores, Inc. d/b/a O'Reilly Auto Parts, and Ozark Automotive Distributors, Inc., ("Defendants") violated consumer protection laws, breached certain warranties, made certain allegedly fraudulent and negligent misrepresentations, were allegedly negligent, and were allegedly unjustly enriched in connection with the sale of O'Reilly 303 Tractor Hydraulic Fluid.

Plaintiffs allege that O'Reilly 303 Tractor Hydraulic Fluid did not meet the equipment manufacturer's specification allegedly listed on the product's label, and that use of O'Reilly 303 Tractor Hydraulic Fluid in equipment causes damage to various parts of the equipment, including damage to the spiral gear in the drive, excess wear, seal leakage, high pump leakage, and damage from deposits, sludging and thickening.

Defendants vigorously deny all of these allegations and claims of wrongdoing, and further state that the labels for O'Reilly 303 Tractor Hydraulic Fluid were truthful, appropriate, and adequate in all respects.

The Court has not ruled on Plaintiffs' claims. Plaintiffs and Defendants have agreed to the Proposed Settlement to avoid the risk and expense of further litigation. Plaintiffs believe that their claims have merit, but that the Proposed Settlement is fair, reasonable, and in the best interests of the members of the Settlement Class given the risk and expense of further litigation.

### 3. Why is this a class action?

In a class action, one or more people, called class representatives, sue on behalf of other people who have similar claims. All these people together are a "class" or "class members." One court decides all the issues in such a class-action lawsuit for all class members, except for those who exclude themselves from the class. In a class action, the court has a responsibility to assure that prosecution and resolution of the class claims by the class representatives and class counsel is fair. In this lawsuit, the class representatives are asking the Court to decide the issues for all persons and entities who purchased O'Reilly 303 Tractor Hydraulic Fluid in any state in the United States, other than in Missouri, during the Class Period.

| 4. | Why is there a proposed settlement? |
|---|---|

The Court did not rule in favor of either party. Instead, the parties agreed to a settlement in order to avoid the expense and risks of continuing the lawsuit. The class representatives and their attorneys think the Proposed Settlement is best for all members of the Settlement Class.

## WHO IS IN THE PROPOSED SETTLEMENT CLASS

| 5. | How do I know if I'm part of the proposed Settlement Class? |
|---|---|

As part of the Proposed Settlement, the parties have agreed to the certification of a Settlement Class for purposes of settlement only. The Settlement Class means all persons and other entities who purchased O'Reilly 303 Tractor Hydraulic Fluid in the United States, except in Missouri, during the Class Period.

**If this describes you, and you are not excluded from the Settlement Class pursuant to the exceptions described below, you are automatically a member of the Settlement Class unless you exclude yourself by following the steps for exclusion described below.**

Persons who are members of the Settlement Class and do not exclude themselves will be bound by the Proposed Settlement, if approved by the Court, whether or not they submit a Claim Form, and will be prevented from bringing other claims covered by the Proposed Settlement. Those who exclude themselves from the Settlement Class will not be bound by the Proposed Settlement and will not receive any payments from the Proposed Settlement.

**In order to receive a monetary award, you must submit a valid Claim Form UNLESS you received a mailed notice listing your purchases of O'Reilly 303 Tractor Hydraulic Fluid outside Missouri during the Class Period, in which case you are not required to take action in order to receive compensation.** If your purchase information in the mailed notice was accurate, you do not have to do anything more and you will receive a monetary award based on that purchase information if the Court finally approves the Proposed Settlement.

| 6. | Are there exceptions to being included in the Settlement Class? |
|---|---|

Yes. The Settlement Class excludes those who purchased O'Reilly 303 Tractor Hydraulic Fluid for resale. Also excluded from the Settlement Class are all persons who are employees, directors, officers and agents of Defendants and any of their subsidiaries and affiliated companies, as well as the judges, clerks, and staff members of the United States District Court for the Western District of Missouri, the Eighth Circuit Court of Appeals, the United States Supreme Court, and their immediate family members.

| 7. | What is the Class Period? |
|---|---|

The Class Period is the Date Range listed in the chart below for the state in which a purchase of O'Reilly 303 THF was made. In order to be a member of the settlement class, you must have purchased one or more units of O'Reilly 303 THF within the Date Range(s) for one or more State(s) of Purchase.

## Date Ranges by States of Purchase

| State of Purchase | Date Range | State of Purchase | Date Range |
|---|---|---|---|
| AK | 9/26/13 – 01/20/2020 | NC | 9/26/15 - 01/20/2020 |
| AL | 6/28/13 - 01/20/2020 | ND | 9/26/13 - 01/20/2020 |
| AR | 9/26/15 - 01/20/2020 | NE | 9/26/15 - 01/20/2020 |
| AZ | 9/26/15 - 01/20/2020 | NH | 9/26/15 - 01/20/2020 |
| CA | 9/26/15 - 01/20/2020 | NM | 9/26/15 - 01/20/2020 |
| CO | 9/26/16 - 01/20/2020 | NV | 9/26/15 - 01/20/2020 |
| CT | 9/26/13 - 01/20/2020 | NY | 9/26/13 - 01/20/2020 |
| FL | 9/26/15 - 01/20/2020 | OH | 9/26/13 - 01/20/2020 |
| GA | 9/26/15 - 01/20/2020 | OK | 9/26/14 - 01/20/2020 |
| HI | 9/26/13 - 01/20/2020 | OR | 9/26/13 - 01/20/2020 |
| IA | 6/06/14 - 01/20/2020 | PA | 9/26/13 - 01/20/2020 |
| ID | 9/26/15 - 01/20/2020 | RI | 9/26/09 - 01/20/2020 |
| IL | 9/26/14 - 01/20/2020 | SC | 9/26/13 - 01/20/2020 |
| IN | 9/26/13 - 01/20/2020 | SD | 9/26/13 - 01/20/2020 |
| KS | 4/18/15 - 01/20/2020 | TN | 9/26/13 - 01/20/2020 |
| KY | 9/26/14 - 01/20/2020 | TX | 9/05/15 - 01/20/2020 |
| LA | 9/26/15 - 01/20/2020 | UT | 9/26/15 - 01/20/2020 |
| MA | 9/26/13 - 01/20/2020 | VA | 9/26/14 - 01/20/2020 |
| ME | 9/26/13 - 01/20/2020 | VT | 9/26/13 - 01/20/2020 |
| MI | 9/26/13 - 01/20/2020 | WA | 9/26/13 - 01/20/2020 |
| MN | 9/26/13 - 01/20/2020 | WI | 9/26/13 - 01/20/2020 |
| MS | 9/26/13 - 01/20/2020 | WV | 9/26/15 - 01/20/2020 |
| MT | 9/26/15 - 01/20/2020 | WY | 9/26/11 - 01/20/2020 |

**THE PROPOSED SETTLEMENT BENEFITS – WHAT YOU MAY GET**

| 8. | **What does the Proposed Settlement provide?** |
|---|---|

**The Proposed Settlement provides significant benefits to members of the Settlement Class**.  It was negotiated between Plaintiffs and Defendants, through their attorneys, and has been preliminarily approved by the Court.  If you are a settlement class member, the Proposed Settlement may provide you with a cash award based on amounts you paid for O'Reilly 303 Tractor Hydraulic Fluid. The award for each class member is estimated to be between 30 and 41 percent of the purchase price the class member paid for O'Reilly 303 Tractor Hydraulic Fluid.

The Settlement Administrator shall determine the amount to which each eligible member of the Settlement Class is entitled under the Proposed Settlement based upon the information provided by Defendants and, if submitted, each Settlement Class Member's Claim Form or Request for Correction Form.

In addition to monetary relief, Defendants agree not to sell any tractor hydraulic fluid that is labeled by Defendants, or otherwise held out to customers and the public by Defendants, as "303" or as meeting specifications of only John Deere 303.

| 9. | **How do I submit a claim for benefits?** |
|---|---|

Unless you received a mailed notice listing your purchases of O'Reilly 303 Tractor Hydraulic Fluid outside Missouri during the Class Period, you must complete and submit a Claim Form if you wish to receive a monetary award.  To submit the Claim Form, you **must** do one of the following: (i) complete an electronic claim form and submit it to the Settlement Administrator via the settlement website at ==**SETTLEMENT WEBSITE**== on or before ==**BAR DATE**==; or (ii) complete a paper Claim Form and send it to the Settlement Administrator via fax to ==**SETTLEMENT FAX NUMBER**==, via United States mail, postage prepaid to ==**SETTLEMENT MAILING ADDRESS**==, or via e-mail to ==**SETTLEMENT E-MAIL ADDRESS**== by ==**BAR DATE**==.

| 10. | **When will I get my Proposed Settlement benefits?** |
|---|---|

Settlement benefits will be available only if the Proposed Settlement is finally approved by the Court.  The Court will hold a Final Fairness Hearing on ==**DATE OF FINAL FAIRNESS HEARING**==, to decide whether to approve the Proposed Settlement.  If the Court approves the Proposed Settlement and appeals or post-judgment motions are filed, the Proposed Settlement does not become final until all such appeals and post-judgment motions are resolved.  It is always uncertain how long such motions and appeals, if any, might take – they can take many months or longer.  You should check the settlement website at ==**SETTLEMENT WEBSITE**== for updates on the status of the Proposed Settlement and applicable deadlines.  Please be patient.

**YOUR RIGHTS AND CHOICES - EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT**

| 11. | **What am I giving up to stay in the Settlement Class?** |
|---|---|

If you have purchased O'Reilly 303 Tractor Hydraulic Fluid in the United States other than Missouri during the class period, are not excluded from the Settlement Class by one of the exceptions noted above,

and if you do not timely exclude yourself from the Settlement Class as outlined below, you are automatically a Settlement Class Member.

If you stay in the Settlement Class, you cannot sue or be part of any other lawsuit against Defendants about the claims in this lawsuit. In addition, if you stay in the Settlement Class, all of the Court's orders pertaining to the Settlement Class will apply to you.

By staying in the Settlement Class, you become a Settlement Class Member and you are agreeing to fully, finally and forever release, relinquish, and discharge any current or future claims you might have against Defendants that arise out of relate to your purchase and use of O'Reilly 303 Tractor Hydraulic Fluid in the United States other than Missouri during the Class Period. The release contained in the proposed Settlement Agreement is set forth below:

> Plaintiffs, individually, on behalf of the members of the Settlement Class, and on behalf of Plaintiffs' respective partners, agents, representatives, heirs, executors, personal representatives, successors, and assigns (the "Releasing Parties"), hereby release and forever discharge Defendants, together with their respective past, present, and future officers, employees, agents, representatives, distributors, downstream retail customers and/or resellers, attorneys, accountants, insurers, predecessors, successors, assigns, legal representatives, parent companies, subsidiaries and affiliates, including, but not limited to, O'Reilly Automotive, Inc. (the "Released Parties") from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether asserted or not asserted, arising out of or relating to the purchase and/or use of O'Reilly 303 Tractor Hydraulic Fluid in any state in the United States other than Missouri (the "Released Claims"). As of the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties pursuant to the terms of this Settlement Agreement.

| 12. | **Can I get out of the Proposed Settlement?** |
|---|---|

Yes. You can get out of the Proposed Settlement by excluding yourself from the Settlement Class. Excluding yourself from the Settlement Class is sometimes referred to as "opting out." If you exclude yourself from the Settlement Class, you will not and cannot receive any benefits under the Proposed Settlement and you cannot object to the Proposed Settlement. However, you keep the right to file your own lawsuit, or join another lawsuit, against Defendants about the claims in this lawsuit.

| 13. | **How do I exclude myself from the Settlement Class?** |
|---|---|

To exclude yourself from the Settlement Class, you **must do one of the following**: (i) complete an electronic request and submit it to the Settlement Administrator via the settlement website at SETTLEMENT WEBSITE on or before BAR DATE; or (ii) complete a written request to be excluded and send it to the Settlement Administrator via fax to SETTLEMENT FAX NUMBER, via United States mail, postage prepaid to SETTLEMENT MAILING ADDRESS, or via e-mail to SETTLEMENT E-MAIL ADDRESS by BAR DATE. Any request for exclusion sent by United States mail must be postmarked on or before BAR DATE.

The request must include at least the following information:

- Your name, current address, and telephone number;

- A statement that you want to be excluded from the case *Allicks, et al., v. Omni Specialty Packaging, LLC, et al.*, Case No. 4:19-cv-01038 (W.D. Mo.), that you do not wish to be a Settlement Class Member, and that you want to be excluded from any judgment entered in this case;

- Your signature (or your lawyer's signature)

| 14. | **If I don't exclude myself from the Settlement Class, can I still sue Defendants for the same things later?** |
|---|---|

No. Unless you exclude yourself from the Settlement Class, you give up the right to sue the Released Parties, including Defendants, for any claims arising out of or relating to your purchase of O'Reilly 303 Tractor Hydraulic Fluid in the United States other than Missouri during the Class Period, as described more fully in response to Question No. 11 above. If you want to keep the right to sue Defendants in a new lawsuit relating to this subject matter, you must timely exclude yourself from the Settlement Class. Remember, any exclusion request must be submitted to the Settlement Administrator on or before **BAR DATE**.

| 15. | **If I exclude myself from the Settlement Class, can I get any benefits from the Proposed Settlement?** |
|---|---|

No. If you exclude yourself from the Settlement Class, you will not and cannot receive any benefits under the Proposed Settlement.


**YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT**

| 16. | **How do I tell the Court I don't like the Proposed Settlement?** |
|---|---|

If you are a member of the Settlement Class and don't exclude yourself, you can object to the Proposed Settlement or any part of it by filing and serving a written objection as detailed herein. You can ask the Court to deny approval of the Settlement by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the proposed Settlement. If the Court denies approval, no settlement payments will be made and the parties to the lawsuit will return to their positions before settlement. If that is what you want to happen, you must object.

To object, you must file your written objection with the Court no later than **BAR DATE**. You must also send your objection to Class Counsel and Counsel for Defendants, postmarked no later than **BAR DATE**.

| Court | Class Counsel | Counsel for Defendants |
|---|---|---|
| United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106 Case No. 4:19-cv-01038 | Thomas V. Bender Horn Aylward & Bandy, LLC 2600 Grand Boulevard, Ste. 1100 Kansas City, MO 64108 816-421-0899 (fax) | Thomas P. Berra, Jr. Lewis Rice LLC 600 Washington Ave., Ste. 2500 St. Louis, MO 63101 Fax. (314) 612-1352 |

Your objection must provide the O'Reilly 303 Tractor Hydraulic Fluid purchase information required on the Claim Form or set forth in the Mailed Notice, be signed by you or your attorney, and must include your full name, current address, telephone number, the reasons for your objection, whether you intend to appear

at the fairness hearing on your own behalf or through counsel, and a list of all cases in which you or your counsel have objected to a class-action settlement in the last five years. If you have documents that you intend to use in support of your objection, you must attach them to your letter. If you intend to call witnesses at the fairness hearing, you must identify them.

If you wish to appear and speak at the Final Fairness Hearing, you must file a Notice of Appearance with the Court and mail it to Class Counsel and Defendants' Counsel no later than ten (10) business days before the hearing.

| 17. | **What's the difference between objecting to the Proposed Settlement and excluding myself from the Settlement Class?** |
|---|---|

Objecting to the proposed Settlement is the way to tell the Court what you don't like about the Proposed Settlement as a member of the Settlement Class. You can object only if you remain in (i.e., do not exclude yourself from) the Settlement Class.

Excluding yourself from the Settlement Class is the way to tell the Court you do not want to participate in the Settlement and that you want to keep the right to file your own lawsuit. If you exclude yourself from the Settlement Class, you cannot object because the Proposed Settlement no longer will affect you.

### YOUR RIGHTS AND CHOICES - APPEARING IN THE LAWSUIT

| 18. | **Can I appear or speak in this lawsuit and Proposed Settlement?** |
|---|---|

Yes, you may appear and speak at the Final Fairness Hearing by filing an objection and Notice of Appearance in the manner and in the time set forth in response to Question 16 herein. You may also hire your own individual lawyer to speak for you, but you will have to pay for any such lawyer yourself.

### IF YOU DO NOTHING

| 19. | **What happens if I do nothing at all?** |
|---|---|

If you do nothing you will remain a Settlement Class Member and all of the Court's orders pertaining to the Settlement Class will apply to you. You won't be able to sue, or join a new lawsuit against, any of the Released Parties that arises out of relates to your purchase of O'Reilly 303 Tractor Hydraulic Fluid in the United States, other than in Missouri, during the Class Period.

In addition, if you received your purchase history for O'Reilly 303 Tractor Hydraulic Fluid during the class period in a Mailed Notice and you do nothing, you will receive a monetary award based on that purchase information.

However, if you did not receive your purchase history for O'Reilly 303 Tractor Hydraulic Fluid during the Class Period in a Mailed Notice, you will not receive a monetary award as part of the Settlement—to receive such an award, you must timely submit a valid Claim Form.

### THE LAWYERS REPRESENTING YOU

| 20. | **Do I have a lawyer in this case?** |
|---|---|

Yes, the Court has appointed the following attorneys as Class Counsel to represent the Settlement Class:

HORN, AYLWARD & BANDY, LLC
Tom Bender
*tbender@hab-law.com*
Dirk Hubbard
*dhubbard@hab-law.com*
2600 Grand Boulevard Suite 1100
Kansas City, Missouri 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899

WHITE, GRAHAM, BUCKLEY & CARR, LLC
Gene Graham
*ggraham@wagblaw.com*
William Carr
*wcarr@wagblaw.com*
Bryan White
bwhite@wagblaw.com
19049 East Valley View Parkway
Independence, Missouri 64055
Telephone: (816) 373-9080
Facsimile: (816) 373-9319

CLAYTON JONES LAW
Clayton Jones
clayton@claytonjoneslaw.com
P.O. Box 257
405 W. 58 Hwy.
Raymore, Missouri 64083
Telephone: (816) 318-4266
Facsimile: (816) 318-44267

<mark>LIST ALL OTHER CLASS COUNSEL LAW FIRMS</mark>

You will not be charged for these lawyers. You are welcome to call these lawyers with any questions about the lawsuit or settlement, or to otherwise discuss further the Proposed Settlement.

You may also consult your own lawyer at your own expense.

| 21. | **How much will lawyers for the Settlement Class be paid and how will they be paid?** |
|---|---|

Class Counsel will ask the Court to approve payment of attorneys' fees of no more than $2,105,340.28 and expenses of no more than $25,000. Class Counsel also will ask the Court to award $5,000 to each of the sixteen named Plaintiffs. These payments will not come out of the Class Settlement Fund, but instead are to be paid separately by Defendants. Class Counsel will file their fee application at least ten (10) business days before the deadline for objecting to the Proposed Settlement. Defendants will pay the amounts awarded by the Court, up to these maximums.

## THE COURT'S FAIRNESS HEARING

| |
|---|
| **22.**      **When and where will the Court decide whether to approve the Proposed Settlement?** |

The Court will hold a Final Fairness Hearing at <mark>_____</mark>on <mark>_____ ___</mark>, **2020**. This hearing date may be moved, cancelled, or otherwise modified, so please regularly check the following for further details: (i) the settlement website at <mark>**SETTLEMENT WEBSITE**</mark>; or (ii) the Court docket in this case through either the Court's Public Access to Court Electronic Records (PACER) system at https://www.mow.uscourts.gov/, or by visiting the Office of the Clerk of Court, United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, between 9:00 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

At the Final Fairness Hearing, the Court will consider all timely and properly raised objections, if any, and will consider whether the Proposed Settlement is fair, reasonable, and adequate to the Settlement Class. The judge may listen to people who have timely and properly objected to the Proposed Settlement and requested to speak at the hearing. The judge may also decide how much to award to Class Counsel for their fees and expenses. At or after the hearing, the judge will decide whether to approve the Proposed Settlement. We do not know how long these decisions will take.

| |
|---|
| **23.**      **Do I have to come to the Final Fairness Hearing?** |

No, you don't have to come to the hearing. Class Counsel will answer any questions the Court may have. But you and/or your lawyer are welcome to come at your own expense. If you timely and properly file and serve a written objection, you don't have to come to the hearing for the judge to consider it.

| |
|---|
| **24.**      **Can I speak at the hearing?** |

Yes, you may, but only if you timely and properly filed and served a written objection and Notice of Appearance, as set forth in response to Question No. 16 above. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

### GETTING MORE INFORMATION

| |
|---|
| **25.**      **Are more details about the lawsuit and the Proposed Settlement available? If so, where can I access any additional information?** |

You can get more information, read common questions and answers, and access documents, including the Settlement Agreement and Release, by visiting the Settlement Website at <mark>**SETTLEMENT WEBSITE**</mark> or by contacting Class Counsel at the contact information listed in response to Question No. 20 above.

The court files for this case are available for your inspection through either the Court's Public Access to Court Electronic Records (PACER) system at https://www.mow.uscourts.gov/, or by visiting the Office of the Clerk of Court, United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, between 9:00 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.
**PLEASE DO NOT CALL OR DIRECT ANY INQUIRIES TO DEFENDANTS.**

## EXHIBIT F
## CLAIM FORM AND INSTRUCTIONS

**The Settlement Administrator must receive this form no later than BAR DATE in order for it to be considered.**

### *Allicks, et al., v. Omni Specialty Packaging, LLC, et al.*
### Case Number 4:19-cv-01038 (U.S. Dist. Court, W.D. Mo.)

**Please read all of the following instructions carefully before filling out your Claim Form.**

1. Under the terms of the Settlement in this class-action lawsuit, you may be entitled to receive a monetary award based on your purchase(s) of O'Reilly 303 Tractor Hydraulic Fluid in the United States, excluding Missouri, during the Date Range(s) for the State(s) of Purchase listed on the chart enclosed herewith.

2. If you wish to receive this relief _and_ if you did _**not**_ receive a notice listing your purchases of O'Reilly 303 Tractor Hydraulic Fluid in this action, you must timely submit the form below to receive monetary compensation.  Please type or print legibly in black ink.

3. If you did receive a notice in this action correctly listing your O'Reilly 303 THF purchases, you do not have to complete this form.

4. Please review the Long Form Class Notice and have it with you when you complete your Claim Form. A copy is available on the settlement website at **SETTLEMENT WEBSITE** or by calling the Settlement Administrator at **SETTLEMENT PHONE NUMBER**.

5. If you desire an acknowledgment of receipt of your Claim Form, send it by Certified Mail, Return Receipt Requested.

6. To submit the Claim Form, you **_must_** do one of the following: (i) complete an electronic claim form and submit it via the settlement website at **SETTLEMENT WEBSITE** on or before **BAR DATE**; or (ii) complete a paper Claim Form and send it via fax to **SETTLEMENT FAX NUMBER**, via United States mail, postage prepaid to **SETTLEMENT MAILING ADDRESS**, or via e-mail to **SETTLEMENT E-MAIL ADDRESS** by **BAR DATE**.

7. Once your Claim Form is received, the Settlement Administrator will review the Claim Form for compliance.

8. Keep a copy of your completed Claim Form for your records.  If your claim is rejected, the Settlement Administrator will notify you by U.S. Mail or e-mail of the rejection and the reasons for such rejection.

### CLAIM INFORMATION

Claimant Name:                                           Phone Number:

_____                      _____

Street Address:                                         Email Address:

_____                      _____

City, State, Zip Code:

_____                      _____

Below, list your purchases of O'Reilly 303 Tractor Hydraulic Fluid in the United States, excluding Missouri, during the Date Range(s) for the State(s) of Purchase on the chart enclosed herewith. Do not list

any units of O'Reilly 303 Tractor Hydraulic Fluid that you returned to the store after purchase or that you purchased for resale.

| O'Reilly 303 Tractor Hydraulic Fluid Purchases | | | | | |
|---|---|---|---|---|---|
| Date | Store (Name & Location) | Size[1] | Qty. | Payment Amt. | Payment Method |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

List the equipment in which you used the O'Reilly 303 Tractor Hydraulic Fluid listed above:

| Type of Equip. | Year | Make | Model |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct.

Signature: _____     Date: _____

Print Name: _____

If you have any questions about this form or the Settlement, please contact the Settlement Administrator at: ==SETTLEMENT MAILING ADDRESS SETTLEMENT PHONE NUMBER SETTLEMENT WEBSITE==

You may also contact Class Counsel at: Thomas V. Bender, Horn Aylward & Bandy, LLC, 2600 Grand Boulevard, Ste. 1100 Kansas City, MO 64108 (816) 421-0700 (phone) (816) 421-0899 (fax) tbender@hab-law.com

**Please do not contact Defendants, the Court, or the Court Clerk's Office about the Settlement.**

---

[1] List: 1 Gal., 5 Gal., or 55 Gal., as appropriate.

2

# Date Ranges by States of Purchase

| State of Purchase | Date Range | State of Purchase | Date Range |
|---|---|---|---|
| AK | 9/26/13 – 01/20/2020 | NC | 9/26/15 - 01/20/2020 |
| AL | 6/28/13 - 01/20/2020 | ND | 9/26/13 - 01/20/2020 |
| AR | 9/26/15 - 01/20/2020 | NE | 9/26/15 - 01/20/2020 |
| AZ | 9/26/15 - 01/20/2020 | NH | 9/26/15 - 01/20/2020 |
| CA | 9/26/15 - 01/20/2020 | NM | 9/26/15 - 01/20/2020 |
| CO | 9/26/16 - 01/20/2020 | NV | 9/26/15 - 01/20/2020 |
| CT | 9/26/13 - 01/20/2020 | NY | 9/26/13 - 01/20/2020 |
| FL | 9/26/15 - 01/20/2020 | OH | 9/26/13 - 01/20/2020 |
| GA | 9/26/15 - 01/20/2020 | OK | 9/26/14 - 01/20/2020 |
| HI | 9/26/13 - 01/20/2020 | OR | 9/26/13 - 01/20/2020 |
| IA | 6/06/14 - 01/20/2020 | PA | 9/26/13 - 01/20/2020 |
| ID | 9/26/15 - 01/20/2020 | RI | 9/26/09 - 01/20/2020 |
| IL | 9/26/14 - 01/20/2020 | SC | 9/26/13 - 01/20/2020 |
| IN | 9/26/13 - 01/20/2020 | SD | 9/26/13 - 01/20/2020 |
| KS | 4/18/15 - 01/20/2020 | TN | 9/26/13 - 01/20/2020 |
| KY | 9/26/14 - 01/20/2020 | TX | 9/05/15 - 01/20/2020 |
| LA | 9/26/15 - 01/20/2020 | UT | 9/26/15 - 01/20/2020 |
| MA | 9/26/13 - 01/20/2020 | VA | 9/26/14 - 01/20/2020 |
| ME | 9/26/13 - 01/20/2020 | VT | 9/26/13 - 01/20/2020 |
| MI | 9/26/13 - 01/20/2020 | WA | 9/26/13 - 01/20/2020 |
| MN | 9/26/13 - 01/20/2020 | WI | 9/26/13 - 01/20/2020 |
| MS | 9/26/13 - 01/20/2020 | WV | 9/26/15 - 01/20/2020 |
| MT | 9/26/15 - 01/20/2020 | WY | 9/26/11 - 01/20/2020 |

## EXHIBIT G
## REQUEST FOR CORRECTION FORM AND INSTRUCTIONS

**The Settlement Administrator must receive this form no later than <mark>BAR DATE</mark> in order for it to be considered.**

### *Allicks, et al., v. Omni Specialty Packaging, LLC, et al.*
### Case Number 4:19-cv-01038 (U.S. Dist. Court, W.D. Mo.)

**Please read all of the following instructions carefully before filling out this form.**

1. If you received a notice correctly listing your purchases of O'Reilly 303 Tractor Hydraulic Fluid in the United States, excluding Missouri, during the Date Range(s) for the State(s) of Purchase listed in the chart enclosed herewith, you do *not* have to complete this form.

2. Complete this form *only if*: (i) you received a notice listing your purchases of O'Reilly 303 Tractor Hydraulic Fluid in the United States, excluding Missouri, during the Date Range(s) for the State(s) of Purchase listed in the chart enclosed herewith; *and* (ii) you believe that the purchase history is *not* accurate.

3. In addition to completing this form, provide any documentation you have regarding your purchases or otherwise supporting your belief that the purchase history is not accurate.

4. The Settlement Administrator will make a determination regarding your form based on review of your submission and supporting documentation.

5. If you desire an acknowledgment of receipt of your Request for Correction Form, send it by Certified Mail, Return Receipt Requested.

6. If you wish to submit the Request for Correction Form, you *must* do one of the following: (i) complete an electronic form and submit it via the settlement website at **<mark>SETTLEMENT WEBSITE</mark>** on or before **<mark>BAR DATE</mark>**; or (ii) complete a paper form and send it via fax to **<mark>SETTLEMENT FAX NUMBER</mark>**, via United States mail, postage prepaid to **<mark>SETTLEMENT MAILING ADDRESS</mark>**, or via e-mail to **<mark>SETTLEMENT E-MAIL ADDRESS</mark>** by **<mark>BAR DATE</mark>**.

7. Keep a copy of your completed Request for Correction Form and supporting documents for your records. If your Request for Correction is rejected, the Settlement Administrator will notify you by U.S. Mail or e-mail of the rejection and the reasons for such rejection.

### CLAIM INFORMATION

Claimant Name:

_____

Street Address:

_____

City, State, Zip Code:

_____

Phone Number:

_____

Email Address:

_____

Below, list your purchases of O'Reilly 303 Tractor Hydraulic Fluid in the United States, excluding Missouri, during the Date Range(s) for the State(s) of Purchase on the chart enclosed herewith. Do not list any units of O'Reilly 303 Tractor Hydraulic Fluid that you returned to the store after purchase or that you purchased for resale.

2361775.1

| O'Reilly 303 Tractor Hydraulic Fluid Purchases | | | | | |
|---|---|---|---|---|---|
| Date | Store (Name & Location) | Size[1] | Qty. | Payment Amt. | Payment Method |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

List the equipment in which you used the O'Reilly 303 Tractor Hydraulic Fluid listed above:

| Type of Equip. | Year | Make | Model |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct.

Signature: _____     Date: _____

Print Name: _____

If you have any questions about this form or the Settlement, please contact the Settlement Administrator at: **SETTLEMENT MAILING ADDRESS SETTLEMENT PHONE NUMBER SETTLEMENT WEBSITE**

You may also contact Class Counsel at: Thomas V. Bender, Horn Aylward & Bandy, LLC, 2600 Grand Boulevard, Ste. 1100 Kansas City, MO 64108 (816) 421-0700 (phone) (816) 421-0899 (fax) tbender@hab-law.com

**Please do not contact Defendants, the Court, or the Court Clerk's Office about the Settlement.**

---

[1] List: 1 Gal., 5 Gal., or 55 Gal., as appropriate.

## Date Ranges by States of Purchase

| State of Purchase | Date Range | State of Purchase | Date Range |
|---|---|---|---|
| AK | 9/26/13 – 01/20/2020 | NC | 9/26/15 - 01/20/2020 |
| AL | 6/28/13 - 01/20/2020 | ND | 9/26/13 - 01/20/2020 |
| AR | 9/26/15 - 01/20/2020 | NE | 9/26/15 - 01/20/2020 |
| AZ | 9/26/15 - 01/20/2020 | NH | 9/26/15 - 01/20/2020 |
| CA | 9/26/15 - 01/20/2020 | NM | 9/26/15 - 01/20/2020 |
| CO | 9/26/16 - 01/20/2020 | NV | 9/26/15 - 01/20/2020 |
| CT | 9/26/13 - 01/20/2020 | NY | 9/26/13 - 01/20/2020 |
| FL | 9/26/15 - 01/20/2020 | OH | 9/26/13 - 01/20/2020 |
| GA | 9/26/15 - 01/20/2020 | OK | 9/26/14 - 01/20/2020 |
| HI | 9/26/13 - 01/20/2020 | OR | 9/26/13 - 01/20/2020 |
| IA | 6/06/14 - 01/20/2020 | PA | 9/26/13 - 01/20/2020 |
| ID | 9/26/15 - 01/20/2020 | RI | 9/26/09 - 01/20/2020 |
| IL | 9/26/14 - 01/20/2020 | SC | 9/26/13 - 01/20/2020 |
| IN | 9/26/13 - 01/20/2020 | SD | 9/26/13 - 01/20/2020 |
| KS | 4/18/15 - 01/20/2020 | TN | 9/26/13 - 01/20/2020 |
| KY | 9/26/14 - 01/20/2020 | TX | 9/05/15 - 01/20/2020 |
| LA | 9/26/15 - 01/20/2020 | UT | 9/26/15 - 01/20/2020 |
| MA | 9/26/13 - 01/20/2020 | VA | 9/26/14 - 01/20/2020 |
| ME | 9/26/13 - 01/20/2020 | VT | 9/26/13 - 01/20/2020 |
| MI | 9/26/13 - 01/20/2020 | WA | 9/26/13 - 01/20/2020 |
| MN | 9/26/13 - 01/20/2020 | WI | 9/26/13 - 01/20/2020 |
| MS | 9/26/13 - 01/20/2020 | WV | 9/26/15 - 01/20/2020 |
| MT | 9/26/15 - 01/20/2020 | WY | 9/26/11 - 01/20/2020 |

2361775.1