IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ELLEN ALLICKS, et al., on behalf of themselves and others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:19-cv-1038-DGK ) |
| OMNI SPECIALTY PACKAGING, LLC, | ) ) |
| O'REILLY AUTOMOTIVE STORES, INC., d/b/a O'REILLY AUTO PARTS, and | ) ) ) |
| OZARK AUTOMOTIVE DISTRIBUTORS, INC., | ) ) ) |
| Defendants. | ) |

## ORDER CONCERNING PROPOSED SETTLEMENT

This case is a putative consumer class action lawsuit concerning tractor hydraulic fluid labeled as "303" manufactured and sold by Defendants. Now before the Court is the parties proposed nationwide class settlement ("the Settlement").

After carefully reviewing the Settlement, the Court has several questions. Although some of these questions could probably be answered in a conference call, others may require some research to answer. Accordingly, the parties are directed to file joint answers to the following questions on or before August 4, 2020.

1. The Plaintiff's suggestions in support of preliminary approval (Doc. 7) states that the amount of the Settlement fund, $8,501,361.10, "represents more than 33% of the total net sales of O'Reilly 303 Tractor Hydraulic Fluid in the United States (other than in Missouri) during the Class Period." What does "total net sales" mean? Net of taxes? Net of

anything else?

2. What do the parties estimate the high, low, average, and mean settlement payments will be for individual class members?

3. What is the anticipated geographic makeup of the anticipated class?

4. Related to the above, would there be some value in publishing the notice in Spanish in states with a greater Latinx farming population (e.g., Texas)?

5. It appears the text of the Settlement does not provide for direct notification by email. Settlement ¶¶ 54-61 (Doc. 6-1). But the affidavit from Willliam Wickersham, the proposed Settlement Administrator's Vice-President of Business Development and Client Relations, states that, "Notice by e-mail will be provided to what is estimated to be approximately 8,400 or more members of the Settlement Class . . ." Wickersham Aff. ¶ 10 (Doc. 6-3). There appears to be some inconsistency here. Please clarify.

6. Although the Settlement does not provide for posting notice of the Settlement in stores, it appears that upon the Settlement Administrator's recommendation, notice of the Settlement will be posted in 1,614 O'Reilly stores for 90 days. Wickersham Aff. ¶¶ 24-26.

   a. Where are these 1614 stores located? Are they concentrated in particular states?
   b. How many other stores does O'Reilly have? Are these other stores concentrated in particular states?
   c. Why not post notice of the Settlement in all stores in all states covered by the

2

Case 4:19-cv-01038-DGK   Document 16   Filed 07/21/20   Page 2 of 4

Settlement? It seems to the Court this would provider wider notice at negligible marginal expense.

7. Regarding the notification in farming periodicals, the Settlement anticipates publication in seven state-specific magazines. Why were these seven states chosen as opposed to the other forty-two states covered by the Settlement.

8. Paragraph 34 of the Settlement states that pursuant to the motion for preliminary approval, "Plaintiffs will request that the Court . . . (l) enjoin Plaintiffs and Settlement Class Members, and any of them, from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims, pending the Final Fairness Hearing." Settlement ¶ 34(l).

    a. What is the purpose of such an injunction?

    b. The Court has concerns about it whether it has the power to enter such an injunction, and if so, whether this is advisable. For example, how can the Court exercise jurisdiction over someone in California who has no connection to this lawsuit—indeed, has not even received notice of it—and order that person not to file a lawsuit? Please provide relevant authority, preferably Eighth Circuit or other federal appellate caselaw, indicating the Court may do so.

9. Why does the Settlement require class members to either object or opt-out instead of giving them an opportunity to do both? Could the Court allow a class member to object, and if the objector does not agree with the Court's resolution of the objection (i.e., denying it), allow the objector to opt-out?

**IT IS SO ORDERED.**

Date:  July 21, 2020                             /s/ Greg Kays

GREG KAYS, JUDGE  
UNITED STATES DISTRICT COURT