# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ELLEN ALLICKS, et al., on behalf of themselves and others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>OMNI SPECIALTY PACKAGING, LLC, )<br>O'REILLY AUTOMOTIVE STORES, INC., )<br>d/b/a O'REILLY AUTO PARTS, and )<br>OZARK AUTOMOTIVE )<br>DISTRIBUTORS, INC., )<br>)<br>Defendants. ) | Case No. 4:19-cv-1038-DGK |

## **PRELIMINARY APPROVAL ORDER**

This case is a putative consumer class action lawsuit concerning tractor hydraulic fluid labeled as "303" manufactured and sold by Defendants. Pending before the Court is the Parties' joint motion for preliminary approval of their amended class-action settlement (Doc. 22) and the proposed amended class action settlement ("the Amended Settlement") (Doc. 22-1). The Court previously denied without prejudice the parties' initial proposed settlement (Doc. 16). After a telephonic hearing with the Court (Doc. 21), the parties filed the pending motion and the Amended Settlement.

### **Background**

The Court considered the complete background and settlement terms on this case in its initial order and will refrain from repeating the same here. Instead, the Court will summarize its concerns with the parties' initial proposed settlement and how the Amended Settlement addresses these concerns.

First, the Court expressed doubts whether the parties' notice plan was, in fact, the best practicable notice under the circumstances. The original notice plan was only expected to reach sixty-six percent of the class; the revised plan anticipates reaching closer to seventy-five percent of the class (Doc. 22-3 at ¶ 34). The original notice plan included email notification, but failed to provide certain details about how that portion of the notice plan would operate. The Settlement Administrator has now provided that information. *Id.* at ¶ 15–18. The Court was also unclear as to why in-store notice was being posted in some, but not all, of Defendant O'Reilly's stores. In supplemental briefing provided earlier (Doc. 17) and during the telephonic hearing (Doc. 21), the parties' explained that not every O'Reilly shop sold 303 tractor hydraulic fluid, and they were focusing on those with the highest volume of sales. The new notice plan increases in-store posting from 1,614 locations to 2,819 locations (Doc. 22-3 at ¶ 27). Finally, the original notice plan contained information only in the English language. The new plan includes language stating a Spanish-language version of all documents is available on the Settlement website. *Id.* at ¶¶ 15, 24, 29, 30.

Second, the Court expressed concern about the timing of payment to Plaintiffs' counsel, noting attorneys' fees were paid very early in the process. The parties have addressed this issue by withholding payment of approximately five percent of attorneys' fees until the end of the litigation (Amended Settlement ¶ 27–28).

Third, the Court saw no need to enter an injunction enjoining putative class members from filing their own lawsuit, and it cautioned the parties that it would not grant a request that it do so. Although the Amended Settlement still includes language requiring Plaintiffs request the Court enter such an injunction (Doc. 22-1 at ¶ 34(l)), the Court will not grant this request.

Fourth and finally, the Court found the objecting and opting-out provisions to be onerous

and problematic, particularly in their exclusivity. The parties revised the settlement timeline to allow class members to object and hear the Court's ruling on their objections before deciding whether to opt out of the settlement. *Id*. at ¶¶ 84–91. The information class members must provide when objecting and opting out has also been streamlined. *Id.*

The Court appreciates the parties addressing its concerns.[1]

## Analysis and Order

Upon review of the submitted documents, the Court rules as follows:[2]

1. The Court has carefully reviewed the Amended Settlement, as well as the files, records, and proceedings to date in the above-captioned action (the "Action"). The definitions in the Amended Settlement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Amended Settlement.

2. The Parties have agreed to settle the Action upon the terms and conditions set forth in the Amended Settlement , which has been filed with the Court. The Amended Settlement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate.

3. Plaintiffs, by and through their counsel, have investigated the facts and law relating to the matters alleged in the Complaint, including extensive legal research as to the sufficiency of the claims, and an evaluation of the risks associated with continued litigation, class certification, trial, and potential appeal.

4. Counsel for Plaintiffs and Defendants reached the Amended Settlement after extensive arm-length negotiations.

---

[1] The Court also appreciates the parties filing a "red-line" version of the Amended Settlement. This greatly aided the Court's review (Doc. 22-2).

[2] This order draws heavily from the parties proposed preliminary approval order. The Court would like to draw the parties' attention to changes it has made to paragraphs 18, 21, and 27.

3

5. The Amended Settlement confers substantial benefits upon the Settlement Class, particularly in light of the damages that Plaintiffs and Class Counsel believe are potentially recoverable or provable at trial, and does so without the costs, uncertainties, delays, and other risks associated with continued litigation, class certification, trial, and potential appeal.

6. The Court conditionally certifies, for settlement purposes only, the following settlement class:

> "All persons and other entities who purchased O'Reilly 303 Tractor Hydraulic Fluid in any State in the United States, other than Missouri, during the Class Period."

The Class Period is determined by the longest applicable statute of limitations under the law of the state in which a unit of O'Reilly 303 Tractor Hydraulic Fluid is purchased with respect to claims for breach of warranty, fraud, unjust enrichment, personal property damage, and for violation of any applicable consumer-protection statute permitting class-wide relief, as set forth in Appendix A to the Amended Settlement, which is incorporated by reference as though fully set forth herein. Excluded from the Settlement Class are any purchases made for resale. Also excluded from the Settlement Class are Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families.

7. The Court conditionally finds, for settlement purposes only and conditioned upon entry of the Final Order and Judgment and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to

4

Case 4:19-cv-01038-DGK   Document 24   Filed 11/05/20   Page 4 of 16

the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the Settlement Class; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial this class action. *See Amchem Prods.*, *Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has exercised its discretion in conditionally certifying, for settlement purposes only, the Settlement Class.

8. The Court appoints Tom Bender and Dirk Hubbard from the law firm Horn Alyward & Bandy, LLC in Kansas City, Missouri; Gene Graham, William Carr, and Bryan White from the law firm of White, Graham, Buckley & Carr, LLC; Clayton Jones of the Clayton Jones Law Firm; Paul D. Lundberg of the Lundberg Law Firm in Sioux City, Iowa; Rhon E. Jones and Tucker Osborne of Beasley, Allen, Crow, Methvin, Portis & Miles in Montgomery, Alabama; John G. Emerson of Emerson Firm, PLLC in Little Rock, Arkansas and Houston, Texas; Mark P. Bryant and N. Austin Kennedy of the Bryant Law Center, PSC in Paducah, Kentucky; Jon D. Robinson, Shane M. Mendenhall, Joshua G. Rohrscheib, and Zachary T. Anderson of Bolen, Robinson, & Ellis, LLP in Decatur, Illinois; and, Travis Griffith of Griffith Law Center, PLLC in Charleston, West Virginia, as counsel for the Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that Class Counsel are competent and capable of exercising

their responsibilities as Class Counsel.

9. The Court designates named Plaintiffs Adam Sevy, Shawn Hornbeck, Arno Graves, Ron Nash, Todd Vohs, Wayne Rupe, David Guest, Brian Nelms, Robert Thiry, Larry Muhs, Anthony Shaw, Rusty Shaw, Tim Sullivan, Roger Bias, Robert Withrow, and Ellen Allicks d/b/a Allicks Excavating as the representatives of the Settlement Class. The Court further appoints RG/2 Claims Administration LLC to serve as the Settlement Administrator.

10. The Final Fairness Hearing shall be held before this Court on May 27, 2021, at 2:00 p.m., to determine whether the Amended Settlement is fair, reasonable, and adequate and should receive final approval. The Court will rule on Class Counsel's application for an award of attorneys' fees and expenses (the "Fee Application") at that time, or shortly thereafter. Papers in support of final approval of the Amended Settlement and the Fee Application shall be filed with the Court according to the schedule set forth below in Paragraph 21. The Final Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. The Final Fairness Hearing will be conducted via teleconference, unless further notice is given by the Court. After the Final Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Amended Settlement that will adjudicate the rights of the Settlement Class Members (as defined in the Amended Settlement) with respect to the claims being settled.

11. Pending the Final Fairness Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Amended Settlement and this Order, are stayed.

12. The Court approves, as to form and content, the following revised notice documents: Mailed Notice (Joint Motion for Preliminary Approval of Class-Action Settlement (the

"Joint Motion"), Exhibit 1-C); Summary Class Notice (Joint Motion, Exhibit 1-D); and Long Form Notice (Joint Motion, Exhibit 1-E); and the revised Publication Notices (Joint Motion, Exhibit 3-C and Exhibit 3-D-1).

13. The Court finds the revised notices listed in the preceding paragraph, and the revised plan of notice set forth in the Settlement Administrator's declaration at Joint Motion Exhibit C, are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process and Federal Rule of Civil Procedure 23. Specifically, the Court finds that the manner of dissemination of the Mailed Notice, Long Form Notice, Summary Notice, Publication Notice, and any other form of notice set forth in the Amended Settlement and the Settlement Administrator's declaration comply with Rule 23(e) as they constitute a reasonable manner of providing notice to those Settlement Class Members who would be bound by the Settlement. The Court also finds that the manner of dissemination of the Mailed Notice, Long Form Notice, Summary Notice, Publication Notice, and any other form of notice set forth in the Settlement Administrator's declaration comply with Rule 23(c)(2), as they constitute the best practicable notice under the circumstances, provide individual notice to all Settlement Class Members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class.

14. Settlement Class Members for whom purchase information of O'Reilly 303 tractor hydraulic fluid during the Class Period is available will receive a particularized Mailed Notice which sets forth the number and type of their purchases of O'Reilly 303 Tractor Hydraulic Fluid. These Class Members will not have to file any Claim Forms to receive a monetary award based

on the number of purchases set forth in the particularized Mailed Notice. All other Settlement Class Members will have until the date identified herein to submit their Claim Forms, which is due, adequate, and sufficient time.

15. The Court orders that notice shall be provided to the Settlement Class in compliance with the following procedure:

(a) Within ten (10) business days after entry of this Order, Defendants shall provide to the Settlement Administrator, to the extent available, the full name and last known mailing address of each member of the Settlement Class and, where available, for each member of the Settlement Class the number and size of O'Reilly 303 Tractor Hydraulic Fluid units purchased during the Class Period. For those members of the Settlement Class for whom last known mailing addresses are not reasonably available, but for whom last known email addresses are reasonably available, Defendants shall provide their last known email addresses. The Settlement Administrator shall keep all such information strictly confidential and shall use it solely for the purpose of administrating the Settlement.

(b) Within sixty (60) calendar days after entry of this Order, the Settlement Administrator shall mail by bulk mailing Mailed Notices in substantially the form attached to the Amended Settlement as <u>Exhibit C</u> to the last known mailing address of each member of the Settlement Class for whom such address information is reasonably available. With respect to those members of the Settlement Class for whom the Settlement Administrator has been provided purchase information for O'Reilly 303 Tractor Hydraulic Fluid pursuant to the immediately preceding paragraph, the Mailed Notice shall include such purchase information. The date on which the Settlement

Administrator first mails direct mail notice pursuant to this paragraph shall be the "Notice Date." For any initial direct mail notice that is returned as undeliverable within twenty-one (21) days after mailing, the Settlement Administrator shall attempt to locate a new address through an address search or any other reasonably available means. If a new address is located, the Settlement Administrator shall promptly re-mail the initial notice. If, after a second mailing, the notice is again returned, no further efforts need be taken by the Settlement Administrator to send the direct mail notice. In addition, for those members of the Settlement Class for whom last known mailing addresses are not reasonably available, but for whom last known email addresses are reasonably available, the Settlement Administrator shall email the Mailed Notice to the last known email address for each such Settlement Class member.

(c) Within sixty (60) calendar days after entry of this Order, but no later than the Notice Date, the Settlement Administrator shall (i) secure and maintain a Post Office Box or similar mailing address for the receipt of Claim Forms, opt-out notices, and any other correspondence related to the Settlement; and (ii) establish a unique, case-specific e-mail address for online receipt of Claim Forms, opt-out notices, and any other correspondence related to the Settlement.

(d) Within sixty (60) calendar days after entry of this Order, but no later than the Notice Date, the Settlement Administrator shall create and maintain an operating website that: (i) contains downloadable copies of the Preliminary Approval Order, Long Form Class Notice, the Amended Settlement, Claim Form, Request for Correction Form, and, when filed, Class Counsels' motions for an attorneys' fees and for incentive awards for the Plaintiffs; (ii) contains Spanish-language versions of the Long Form Notice, Claim

Form, and Request for Correction Form ; (iii) will post any subsequent notices agreed upon by the Parties; and (iv) allows members of the Settlement Class to submit claims. This website shall be referred to as the "Settlement Website."

(e) Within sixty (60) calendar days after entry of this Order, but no later than the Notice Date, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number shall be maintained until sixty (60) calendar days after the Bar Date. After that time, and for a period of ninety (90) calendar days thereafter, either a person or a recording will advise any caller to the toll-free telephone number that the deadline for submitting claims has passed and the details regarding the Settlement may be reviewed on the Settlement Website.

(f) On the Notice Date, or as close thereto as is reasonably practicable under the circumstances, and throughout the Class Period at various intervals, as appropriate, the Settlement Administrator shall cause the revised Publication Notice in substantially the form attached to the joint Motion as Exhibit 3-C to be published, and shall also cause to be published any other forms of notice as set forth in the Settlement Administrator's declaration.

(g) Beginning on the Notice Date or as close thereto as is reasonably practicable under the circumstances, in-store notice shall be posted in accordance with the Affidavit of Matt Pickering, attached to the Joint Motion as Exhibit 3-D.

(h) The Settlement Administrator shall mail or e-mail a Claim Form to each person and/or entity that requests one.

(i) Claim Forms shall also be available through the Settlement Website.

16. Each Settlement Class Member who wishes to be excluded from the Settlement

Class and follows the procedures set forth in this Paragraph shall be excluded.

    (a) Putative class members wishing to opt out of the Settlement must send to the Settlement Administrator on or before the Bar Date by fax, U.S. Mail, e-mail, or electronically via the Settlement Website a written request to be excluded from the Settlement; provided; however, that any member of the Settlement Class who timely files an objection to the Settlement that is later overruled may subsequently submit a request to be excluded from the Settlement up until, but no later than, ten (10) days after entry of the Final Approval Order. The request to be excluded from the Settlement Class must include the member's name, address, and telephone number and provide a clear statement communicating that he, she, or it elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member, and elects to be excluded from any judgment entered pursuant to the Settlement.

    (b) Any request for exclusion or opt out sent to the Settlement Administrator by United States mail must be postmarked on or before the Bar Date, except as otherwise expressly provided for in paragraph 16(a) of this Order. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a request for exclusion sent by United States mail has been timely submitted.

    (c) Members of the Settlement Class who fail to submit a valid and timely request for exclusion pursuant to the terms of this Order shall be bound by all terms of this Amended Settlement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement. All persons or entities who properly elect to opt out of the settlement shall not be Settlement Class Members and shall relinquish their rights to benefits with respect to the Amended Settlement and Release,

should it be approved.

17. Any member of the Settlement Class who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may ask the Court to deny approval by filing an objection. Settlement Class Members cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If any member of the Settlement Class wants that to happen, they must object in accordance with the following procedure:

(a) Any member of the Settlement Class who intends to object to the fairness, reasonableness, or adequacy of the Settlement must, no later than the Bar Date: (i) file a written objection with the Court either by mailing them to Office of the Clerk of Court, United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, or by filing them in person at any location of the United States District Court for the Western District of Missouri, or by electronic filing.

(b) In the written objection, the member of the Settlement Class must provide the information required on the Claim Form, state the member's full name, current address, telephone number, the reasons for the objection, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. Objections must be signed by the member of the Settlement Class or by his, her, or its counsel. Any member of the Settlement Class who fails to file timely written objections in the manner specified herein, shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

(c) Any member of the Settlement Class who has timely filed a written objection, as

provided for herein, may appear at the Final Fairness Hearing, either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of the Settlement. A member of the Settlement Class, or his, her, or its attorney, intending to make an appearance at the Fairness Hearing must: (i) file a notice of appearance with the Court no later than ten (10) business days prior to the Final Fairness Hearing, or as the Court may otherwise direct; and (ii) if the notice was not filed electronically, send a copy of such notice of appearance via email to counsel for all Parties.

18. Class Counsel shall file their application for attorneys' fees sixty (60) calendar days before the Bar Date.

19. Papers in support of final approval of the Amended Settlement, and in response to any objections to the Amended Settlement or Class Counsels' fee application, shall be filed with the Court ten (10) business days in advance of the date of the Final Fairness Hearing.

20. The Bar Date shall be one hundred fifty (150) calendar days after the Notice Date. The Bar Date may be extended by written agreement of the parties through Class Counsel and Defense Counsel without further approval of the Court or notice to the Settlement Class, provided that the settlement website administered by the Settlement Administrator shall be promptly updated to reflect any extension of the Bar Date.

21. The Notice Date must be no later than January 8, 2021. The Bar Date shall be set at May 3, 2021. Objections are due April 29, 2021, twenty (20) business days before the Final Fairness Hearing on May 27, 2021.

22. These dates of performance may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class. Settlement Class Members may check the

Settlement Website regularly for updates and further details regarding extensions of these dates of performance. Settlement Class Members may also access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://www.mow.uscourts.gov/, or by visiting the office of the Clerk of the Court for the United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, between 9:00 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

23. Notwithstanding any other provision of the Amended Settlement, if 2,000 or more members of the Settlement Class opt out of the Settlement, Defendants, in their sole discretion, may rescind and revoke the entire Settlement and the Amended Settlement, thereby rendering the Settlement null and void in its entirety. In order to exercise this right, Defendants must send written notice to Class Counsel that Defendants revoke the Settlement pursuant to this paragraph (the "Opt-out Termination Notice"). Defendants may revoke the Settlement pursuant to this paragraph by sending the Opt-out Termination Notice at any time after the Settlement Administrator submits the Preliminary Opt-out Report to Class Counsel and Defense Counsel pursuant to the terms of the Amended Settlement, but not later than ten (10) days following the date the Settlement Administrator submits the Final Opt-out Report to Class Counsel and Defense Counsel pursuant to the terms of the Amended Settlement.

24. If for any reason a Final Order and Judgment as contemplated in the Amended Settlement is not entered, or the Amended Settlement is terminated pursuant to its terms for any reason, or the Effective Date does not occur for any reason, the following shall apply:

(a) All orders and findings entered in connection with the Amended Settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in

this or any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Settlement Class had never been certified pursuant to this Amended Settlement and such findings had never been made; and

(c) All of the Court's prior Orders having nothing whatsoever to do with the certification of the Settlement Class shall, subject to this Order, remain in force and effect, subject to extensions or modifications of deadlines as appropriate under the circumstances and in the Court's discretion; and

(d) Nothing in this Order or pertaining to the Amended Settlement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case or in any other action, proceedings, or matter, whether civil, criminal, or administrative.

25. RG/2 Claims Administration LLC is hereby appointed as Settlement Administrator for this settlement and shall perform all of the duties of the Settlement Administrator set forth in the Amended Settlement and Release.

26. Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against Defendants, or any Released Party (as that term is defined in the Amended Settlement and Release) of any alleged or asserted default, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal, or administrative.

27. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially

inconsistent with this Order or the Amended Settlement and Release, including making, without further approval of the Court, minor changes to the form or content of the notice documents, and other exhibits to the Amended Settlement, that they jointly agree are reasonable or necessary. In the event the parties make such a change, they shall file a written notice with the Court within five (5) business days.

**IT IS SO ORDERED.**

Date: November 5, 2020 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT