## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| ELLEN ALLICKS, et al., on behalf of themselves and others similarly situated; | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: 4:19-cv-1038-DGK |
| | ) | |
| OMNI SPECIALTY PACKAGING, LLC, O'REILLY AUTOMOTIVE STORES, INC., d/b/a O'REILLY AUTO PARTS, and OZARK AUTOMOTIVE DISTRIBUTORS, INC. | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## PARTIES' JOINT MOTION FOR FINAL APPROVAL
## OF AMENDED CLASS ACTION SETTLEMENT AGREEMENT

COME NOW Plaintiffs Adam Sevy, Shawn Hornbeck, Arno Graves, Ron Nash, Todd Vohs, Wayne Rupe, David Guest, Brian Nelms, Robert Thiry, Larry Muhs, Anthony Shaw, Rusty Shaw, Tim Sullivan, Roger Bias, Robert Withrow, and Ellen Allicks d/b/a Allicks Excavating ("Plaintiffs") and Defendants Omni Specialty Packaging, LLC, Ozark Automotive Distributors, Inc., and O'Reilly Automotive Stores, Inc. d/b/a O'Reilly Auto Parts (sometimes referred to herein collectively as the "Defendants") (each a "Party," and together the "Parties"), by and through their respective undersigned counsel, and move the Court for entry of an order and judgment substantially in the form attached hereto as Exhibit 1-B granting final approval of the Parties' Amended Settlement Agreement and Release filed herewith as Exhibit 1. In support of their Joint Motion, the Parties respectfully state as follows:

1.      On or about February 24, 2020, the Parties entered into their original Settlement Agreement and Release in this matter (the "Original Settlement Agreement"), and, on April 6,

2020, the Parties filed their Joint Motion for Preliminary Approval of Proposed Class-Action Settlement, seeking preliminary approval of that agreement. (*See* Doc. #: 6.)

2.      On September 22, 2020, the Court entered its Order Denying Proposed Settlement, in which the Court denied, without prejudice, the Parties' Joint Motion. (*See* Doc. #: 19.) However, the Court noted in its Order that the "Settlement has several positive features – most notably, the amount of cash compensation that will go to class members," and expressed its expectation that "the parties will be able to fashion a revised settlement that addresses the Court's concerns and will merit approval." (*See id.* at 1.)

3.      After entry of the Court's September 22, 2020 Order, the Parties met-and-conferred on several occasions, negotiated amendments to the settlement papers, and agreed to certain proposed revisions to the Settlement Agreement, its exhibits, and certain related documents in order to address the Court's concerns expressed in the Order.

4.      Thereafter, on October 27, 2020, the Parties filed their Renewed Joint Motion for Preliminary Approval of the Amended Class-Action Settlement, submitting to the Court their Amended Settlement Agreement (the "Amended Settlement Agreement") that addressed the concerns raised by the Court in its September 22, 2020 Order. (*See* Doc. #s: 22, 22-1, 22-2, and 22-3.)

5.      The Amended Settlement Agreement provides substantial monetary and non-monetary relief to an estimated 285,500 or more members of the Settlement Class, including direct monetary payments to an estimated 166,390 members, comprising an estimated 58 percent of the class.  The Amended Settlement Agreement, with the following exhibits, is attached to this Joint Motion as Exhibit 1:

Exhibit A – Preliminary Approval Order

2

Exhibit B – Final Approval Order

Exhibit C – Claim Form and Instructions

Exhibit D – Long Form Class Notice

Exhibit E – Summary Class Notice

Exhibit F – Request for Correction Form and Instructions

(*See* Amended Settlement Agreement, Exhibit 1 hereto.)1

6.      On November 5, 2020, the Court entered its Preliminary Approval Order (Doc. #: 24) that, among other things, preliminarily approved the Parties' Amended Settlement Agreement, approved RG/2 Claims Administration LLC ("RG/2") as the settlement administrator, and approved the plan for publication notice described in the Second Declaration of William W. Wickersham and RG/2's Class Action Notice Campaign Plan submitted therewith.

7.      Since that time, and as explained in more detail in the Declaration of Tina Chiango filed herewith, RG/2 has implemented the Court-approved notice and claims administration process, as set forth in the Amended Settlement Agreement and the Preliminarily Approval Order. (*See generally* T. Chiango Decl., Exhibit 2, hereto.)

8.      With the claims period having now closed, the Parties, pursuant to the Amended Settlement Agreement and the Court's Preliminary Approval Order, now respectfully request that the Court enter an order, in substantially the form of the proposed Final Approval Order attached hereto as Exhibit 1-B, granting final approval of the class-action settlement memorialized in the Amended Settlement Agreement. As set forth more fully in Exhibit 1-B, the requested order finally approves the Amended Settlement Agreement and, among things:

(a) finds that the notice provided satisfies the requirements of due process and Fed. R. Civ. P. 23(e)(1);

---

1 Any capitalized terms not defined in this Joint Motion have the meaning set forth in the Amended Settlement Agreement.

3

(b) finds that Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

(c) finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by the Settlement Agreement, including the release and the covenant not to sue set forth in the Settlement Agreement, and that the Settlement Agreement should be and is finally approved;

(d) dismisses on the merits and with prejudice this action, including all claims of the Settlement Class Members asserted against Defendants, with each Party waiving all rights to appeal and waiving all rights to seek reimbursement of attorneys' fees or costs (except as expressly provided in the Amended Settlement Agreement);

(e) permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against any of the Released Parties; and,

(f) retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement.

9.     In further support of the adequacy and appropriateness of the Amended Settlement Agreement, including the notice provided to Settlement Class Members, the processing of claims, and the expected distribution of the Class Settlement Fund, the Declaration of Tina Chiango, Director of Claims Administration, Securities, and Antitrust for RG/2, the Court-approved Settlement Administrator, is attached hereto as Exhibit 2.

4

10.     Pursuant to the Court's Preliminary Approval Order, and as set forth in more detail in Ms. Chiango's declaration, direct notice has been provided to approximately 174,321 members of the Settlement Class, estimated to comprise 61 percent of the total estimated members of the Settlement Class. (*See* T. Chiango Decl., Ex. 2, at ¶ 7.)

11.     RG/2 successfully mailed the Mailed Class Notice included in Exhibit A to Ms. Chiango's declaration to approximately 170,583 members of the Settlement Class, with 159,664 class members reached as part of the initial, January 4, 2021 mailing, and an additional 10,919 class members reached whose initial mailings were returned and for whom new addresses were located. (*Id.* at ¶ 8.)

12.     RG/2 successfully emailed electronic versions of the Mailed Class Notice to approximately 3,738 members of the Settlement Class, with 2,762 class members reached via email as part of the initial, January 4, 2021 email notice, and an additional 976 class members reached via email whose initial mailings were returned and for whom new mailing addresses could not be found, but email addresses were available. (*Id.* at ¶ 9.)

13.     RG/2 caused the Summary Class Notice, as modified and ultimately approved by the Court, to be published in six regional publications, 40 weekly newspapers in Mississippi, and three nationally based publications, targeted at farmers and the agriculture community—the expected demographics of persons who purchased O'Reilly 303 Tractor Hydraulic Fluid. (*Id.* at ¶¶ 20-23.)

14.     The six regional publications were selected to target states with higher volumes of O'Reilly 303 Tractor Hydraulic Fluid sales to class members, including Alabama, Arkansas, California, Mississippi, Oklahoma, Tennessee, and Texas. (*See id.* ¶ 21.)  There are estimated to be approximately 168,000 or more members of the Settlement Class in these seven states who

account for an estimated 59 percent of the total settlement claim amounts. (*See id.*)

15.     Collectively, the print publications are estimated to have reached over 2.3 million subscribers and newsreaders nationwide, including approximately 1.2 million in the seven states with higher sales volumes. (*See id.* at ¶ 25.)

16.     In addition, notice of the settlement was also provided through in-store notice at O'Reilly retail stores throughout the country, as described in the Third Affidavit of Matt Pickering, attached hereto as Exhibit 3.

17.     More specifically, and as set forth in Mr. Pickering's affidavit, O'Reilly posted a copy of the Summary Notice in substantially the form attached to Mr. Pickering's affidavit as Exhibit 1 in approximately 2,819 O'Reilly stores throughout the country that, together, account for 90 percent or more of both the total claim amount under the settlement and of O'Reilly 303 Tractor Hydraulic Fluid sales to members of the Settlement Class. (*See* M. Pickering Aff., Ex. 3, at ¶¶ 3-4.)  Those 2,819 stores included all of the stores where O'Reilly 303 Tractor Hydraulic Fluid was sold to members of the Settlement Class in the select seven states with higher volumes of O'Reilly 303 Tractor Hydraulic Fluid sales to Class Members, comprising Alabama, Arkansas, California, Mississippi, Oklahoma, Tennessee, and Texas. (*See id.*)

18.     RG/2 also provided additional forms of notice and class-member support through various Court-approved methods, including maintenance of a P.O. Box, establishment of an email address, creation and maintenance of a website, maintenance of a toll-free telephone number, and maintenance of a fax number. (*See* T. Chiango Decl., Ex. 2, at ¶¶ 30-35.)

19.     It is the opinion of Ms. Chiango, based on her knowledge, skill, and experience in class-action notice and claims administration at RG/2, that the notice approved by the Court and summarized in her declaration provided notice to at least 75 percent of the Settlement Class and

provided the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort, in accordance with applicable standards under Fed. R. Civ. P. 23 and due process. (*See id.* at ¶ 36.)

20. In accordance with this Court' Preliminary Approval Order, Class Members had until April 29, 2021 by which to file objections to the settlement. No Class Member filed an objection. (*See, e.g.,* T. Chiango Decl., Ex. 2, ¶ 43.)

21. In accordance with this Court's Preliminary Approval Order, Class Members had until May 3, 2021 by which to opt-out of the Settlement. As of that date (and up to the present) 16 persons and entities had (and have) opted out. (*See id.* at ¶ 42.) Those persons and entities are to be excluded from the Settlement Class and settlement, including the release set forth in the Settlement Agreement, and they are specifically identified by name and address on Exhibit 2-D, filed herewith under seal.

22. RG/2 estimates that approximately $8,015,361.10 of the Class Settlement Fund will be distributed to an estimated 166,390 Settlement Class Members, which comprises approximately 94% of the total Class Settlement Fund. (*See id.* ¶¶ 46-47.) Of the remaining funds: (i) $476,000.00 will be set aside to pay RG/2's reasonable costs, fees, and expenses of providing notice to the Settlement Class and administering the settlement, inclusive of tax-related expenses associated with making the Class Settlement Fund a qualified settlement fund; and (ii) $10,000 will be set aside to address any unexpected changes or additions to the Settlement Distribution Amounts to members of the Settlement Class. (*See id.* ¶¶ 46, 49-50.)

23. The breakdown of the estimated distribution amount of approximately $8,015,361.10 to the 166,390 Settlement Class Members, including the estimated pro rata increases, is as follows:

| Distribution Range | Number of Settlement Class Members | Amount |
|---|---|---|
| $5.00 and under | 1,361 | $5,584.95 |
| $5.01 – $10.00 | 38,942 | $257,422.70 |
| $10.01 – $25.00 | 63,965 | $1,137,959.19 |
| $25.01 - $50.00 | 31,076 | $1,086,749.31 |
| $50.01 - $100.00 | 17,543 | $1,208,605.88 |
| $100.01 - $250.00 | 9,137 | $1,383,962.97 |
| $250.01 - $500.00 | 2,624 | $901,714.80 |
| Over $500.00 | 1,742 | $2,033,361.30 |
| **Total** | **166,390** | **$8,015,361.10** |

24.     Pursuant Section 3 of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, notice of the proposed class-action settlement and an accompanying CD-ROM containing the information and materials specified in 28 U.S.C. § 1715(b)(1)-(8) were served by Defendants' counsel on the Attorney General of the United States and the attorney general of each State in which a class member resides on April 15, 2020 in connection with the Original Settlement Agreement, and again on November 6, 2020 in connection with the Amended Settlement Agreement. (*See* Declaration of Edward T. Pivin, attached hereto as Exhibit 4.)

25.     In further support this Joint Motion, Plaintiffs file concurrently herewith their Memorandum in Support of Joint Motion for Final Approval of Amended Class Action Settlement.

WHEREFORE, Plaintiffs and Defendants respectfully request the Court enter the proposed Final Approval Order attached hereto as Exhibit 1-B and grant the Parties such other and further relief as is just and proper.

Date:  May 13, 2021                    Respectfully Submitted,

**HORN AYLWARD & BANDY, LLC**

BY:___*/s/ Thomas V. Bender*___
      Thomas V. Bender      MO 28099
      Dirk Hubbard           MO 37936
      2600 Grand, Ste. 1100
      Kansas City, MO 64108
      (816) 421-0700
       (816) 421-0899 (Fax)
      tbender@hab-law.com
      dhubbard@hab-law.com

**WHITE, GRAHAM, BUCKLEY,**
**& CARR, L.L.C**

BY:___*/s/ Gene P. Graham*___
      Gene P. Graham, Jr.   MO 34950
      William Carr           MO 40091
      Bryan T. White         MO 58805
      19049 East Valley View Parkway
      Independence, Missouri 64055
      (816) 373-9080
      Fax: (816) 373-9319
      bcarr@wagblaw.com
      bwhite@wagblaw.com

**CLAYTON JONES, ATTORNEY AT LAW**

BY:___*/s/ Clayton A. Jones*___
      Clayton Jones          MO 51802
      P.O. Box 257
      405 W. 58 Hwy.
      Raymore, MO 64083
      Office: (816) 318-4266
      Fax: (816) 318-4267
      clayton@claytonjoneslaw.com

9

**LUNDBERG LAW FIRM, P.L.C.**

BY: ___/s/ *Paul D. Lundberg*___
 Paul D. Lundberg, IA Bar #W00003339
 600 Fourth St., Suite 906
 Sioux City, Iowa 51101
 Tel: 712-234-3030
 paul@lundberglawfirm.com

**BEASLEY, ALLEN, CROW**
**METHVIN, PORTIS & MILES, P.C.**

BY: /s/ *Rhon E. Jones*
 Rhon E. Jones, AL
 Tucker Osborne, AL
 218 Commerce St.
 Montgomery, AL 36104
 Rhon.Jones@BeasleyAllen.com

**EMERSON FIRM, PLLC**

BY: /s/ *John G.. Emerson*___
 John G. Emerson, TX Bar No. 06602600
 830 Apollo St.
 Houston, TX 77058
 Tel: (800) 551-8649
 Fax: (501) 286-4659
 Email: jemerson@emersonfirm.com

**BOLEN ROBINSON & ELLIS, LLP**

BY:___ /s/ *Shane M. Mendenhall*___
 Jon D. Robinson
 Joshua Rohrscheib
 Shane M. Mendenhall – ARDC No.
 6297182
 Zachary T. Anderson - ARDC No. 6329384
 202 S. Franklin St., 2nd Floor
 Decatur, IL 62523
 Phone: 217-429-4296
 Fax: 217-329-0034
 Email: smendenhall@brelaw.com
 Email: zanderson@brelaw.

10

**BRYANT LAW CENTER, P.S.C.**

BY: ___/s/ Mark P. Bryant_____
       Mark. P. Bryant     KY Bar #08755
       P.O. Box 1876
       Paducah, KY 42002-1876
       Phone: (270) 442-1422
       Fax: (270) 443-8788
       Mark.bryant@bryantpsc.com
       Austin.kennady@bryantpsc.com

**GRIFFITH LAW CENTER, PLLC**

BY:___/s/ Travis A. Griffith___
       Travis A. Griffith, WVSB No. 9343
       One Bridge Place
       10 Hale Street, Suite 203
       Charleston, WV 25301
       T: (304) 345-8999
       F: (304) 345-7638
       E: travis@protectingwv.com

**ATTORNEYS FOR PLAINTIFFS**
**AND SETTLEMENT CLASS MEMBERS**

    -and-

11

**LEWIS RICE LLC**

By: /s/ Thomas P. Berra, Jr.
    Thomas P. Berra, Jr., #43399MO
    Edward T. Pivin, #64086MO
    600 Washington Avenue, Suite 2500
    St. Louis, Missouri 63101
    Telephone: (314) 444-1352
    Facsimile: (314) 612-1352
    tberra@lewisrice.com
    epivin@lewisrice.com

    Robert W. Tormohlen, #40024MO
    Scott A. Wissel, #49085MO
    1010 Walnut St., Suite 500
    Kansas City, Missouri 64106
    Telephone: (816) 472-2507
    Facsimile: (816) 472-2500
    rwtormohlen@lewisricekc.com
    sawissel@lewisricekc.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document was filed electronically with the United States District Court for the Western District of Missouri, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons this 13th day of May 2021.

*/s/ Dirk Hubbard*

12