# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ELLEN ALLICKS, et al., on behalf of themselves and others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:19-cv-1038-DGK ) |
| OMNI SPECIALTY PACKAGING, LLC, O'REILLY AUTOMOTIVE STORES, INC., d/b/a O'REILLY AUTO PARTS, and OZARK AUTOMOTIVE DISTRIBUTORS, INC., | ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER AWARDING INCENTIVE AWARDS FOR CLASS REPRESENTATIVES AND ATTORNEYS' FEES AND EXPENSES

This lawsuit concerns the allegedly deceptive and fraudulent labeling of O'Reilly tractor hydraulic fluid ("THF") by Defendants. Work on this case began in July 2018 and proceeded in two phases. Phase one encompassed claims brought by a class comprised of 303 THF purchasers for purchases made in Missouri ("the Missouri Action"), and phase two encompassed claims brought by a class comprised of 303 THF purchasers for purchases made across the United States, excluding Missouri.

Now before the Court is Plaintiffs' unopposed application for incentive awards to class representatives and attorneys' fees and expenses. ECF No. 31. The Court has reviewed the application and documentation in support, ECF No. 37, and ORDERS the following payments be made:

    1.    $5,000.00 to each of the sixteen named Class Representatives;

2. $2,105,340.28 to class counsel as attorneys' fees; and

3. $25,000.00 to class counsel as expenses.

Of the amount awarded in attorneys' fees, the Settlement Administrator will withhold $100,000.000 until the Court receives the Administrator's Final Report. All of the above amounts are to be paid separately from the Class Settlement Fund, so as to not reduce the amount awarded to the Settlement Class Members.

**Background**

Class Counsel first brought claims against Defendants in July 2018 under the Missouri Merchandising Practices Act, and for breach of warranty, fraudulent misrepresentation, negligent misrepresentation, negligence, and unjust enrichment. Much of the work done in the Missouri Action formed a solid foundation that carried over into the present suit. The Missouri Action settled in December 2019. Under that settlement agreement, Class Counsel were paid a total of $245,000 for 900 hours of work. Calculated at a rate of $500 per hour, Class Counsel were compensated for 490 hours of work. Thus, 410 hours of work on the Missouri Action are as yet unpaid.

Also in December 2019, Class Counsel transferred and consolidated lawsuits filed by sixteen Class Representatives, comprising this suit. As part of the consolidated case, Class Counsel spent another 880 hours engaging in claims investigation, document review, and settlement discussions. This work resulted in a settlement to which no class members object, and only sixteen class members have opted out. Moreover, the Settlement Agreement resulted in $8,015,361.10 being distributed in varying amounts to 166,390 class members.

In total, Class Counsel seeks payment for 1,290 hours of work prosecuting this lawsuit, the sum of the hours worked in this action and the remaining unpaid hours in the Missouri Action.

**Standard**

Courts may "award reasonable attorney's fees and nontaxable costs that are authorized . . . by the parties' agreement." Fed. R. Civ. P. 23(h). When awarding such fees and costs, courts must "provide a concise but clear explanation of its reasons for the fee award." *In re Target Corp. Customer Data Sec. Breach Litig.*, 892 F.3d 968, 977 (8th Cir. 2018) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

**I.      The Court approves the incentive awards to the sixteen named Plaintiffs.**

Courts may approve incentive awards to class representatives or other participating plaintiffs who materially contributed to the lawsuit's success. *See In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002). These awards typically range between $500 and $10,000, depending upon the nature of the contribution and time investment. *Stewart v. USA Tank Sales & Erection Co., Inc.*, No. 12-05136-CV-SW-DGK, 2014 WL 836212, at *8 (W.D. Mo. Mar. 4, 2014). Considerations determining appropriateness include (1) plaintiffs' actions protecting class interests, (2) class benefits from those actions, and (3) plaintiffs' time and effort in pursing the litigation. *Califiuri v. Symantech Corp.*, 855 F.3d 860, 867 (8th Cir. 2017).

Here, the Class Representatives protected the class interests by providing documents and other information to Class Counsel and preparing for potential depositions. Decl. of Thomas V. Bender, ECF No. 32-1, at ¶ 3. The class, comprised of thousands of O'Reilly 303 THF purchasers, are receiving a settlement amount of between thirty and forty-one percent of their purchases. Finally, the Class Representatives' work has been ongoing for over a year. The Court finds the agreed-upon award of $5,000.00 to each Class Representative, separate from the Class Settlement Fund, is reasonable.

## II. The Court approves the attorneys' fees.

The Court has already determined class counsel was entitled to fees, Order, ECF No. 19 at 12, and thus the question is whether the amount requested is reasonable. When determining reasonable attorneys' fees, a court may use the lodestar method or a percentage-of-the-benefit method. *Galloway v. The Kan. City Landsmen, LLC*, 833 F.3d 969, 972 (8th Cir. 2016). Even when a percentage approach is followed, a Court may cross check the requested fees under the lodestar approach. *See Hashw v. Dept. Stores Nat. Bank*, 182 F. Supp. 3d 935, 950 (D. Minn. 2016).

The Court has reviewed the accounting submitted by Class Counsel and makes the following calculations. Under the percentage-of-the-benefit method, which awards some fraction of the common fund to counsel, Class Counsel are receiving twenty-five percent of the settlement amount. The Eighth Circuit has found a proposed fee of twenty-four percent to be reasonable under the percentage method of calculations. *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999) ("It is well established in this circuit that a district court may use the 'percentage of the fund' methodology to evaluate attorney fees . . . ." (citations omitted)); *see also In re: Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litig.*, 847 F.3d 619, 623 (8th Cir. 2017) (finding no abuse of discretion in district court's use of percentage-of-the-benefit method to calculate attorneys' fee award).

Here, Class Counsel negotiated a nationwide settlement distributing over $8 million to the class. They spent hours investigating the claims, learning about the industry surrounding THF, and diligently pursued the case over the course of almost three years. Therefore, the Court finds a twenty-five percent a reasonable award.

While the percent-of-the-benefit method is a valid way to calculate attorneys' fees, the Court will nevertheless cross-check this number using the lodestar approach. Under the lodestar method, the Court finds Class Counsel seek a multiplier of 3.3 to their hourly rate:[1] The outstanding hours (1,290) multiplied by a reasonable rate ($500/hour) yields only $640,000. Class Counsel seek $2,105,340.28. The reasonable market value of $640,000 must be multiplied by 3.3 to reach the Settlement's award of attorneys' fees of over $2 million.

While 3.3 is a fairly high number, given the unique facts and circumstances of this case, it is not unreasonable. *See In re: Target Corp. Customer Data Sec. Breach Litig.*, 892 F.3d at 977 (considering "time and labor required, the difficulty of the matter, the skills necessary to prevail . . ., and the length of representation" when determining reasonableness of attorneys' fees); *In re: UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 631 F. Supp. 2d 1151, 1159–60 (finding lodestar multiplier of 4.4 reasonable given the "time spent preparing this case . . . without pay" and ability to work "effectively with the other participants . . . to achieve the settlement.").

Here, Class Counsel negotiated a complex settlement agreement leading to over 166,000 class members receiving compensation. Class Counsel have spent years working on this case and have fashioned a solid resolution to the case for the class. Further, this is not a case where the lodestar is on the higher end because counsel are seeking an unusually high percentage of the common fund as a fee award, or where the value of the common fund has been inflated to justify a higher award of attorneys' fees. In this case, counsel have worked efficiently and the fee they seek, twenty-five percent fee of the common fund, is reasonable. Thus, the fact that the lodestar multiplier is 3.3 does not merit reducing the award.

---

[1] Class Counsel indicate the lodestar multiplier is under three, Suggestions in Support at 10, ECF No. 32, but the Court calculates it to be 3.3.

### III. The attorneys' expenses are reasonable.

The Court may award reasonable nontaxable expenses under a settlement agreement. Fed. R. Civ. P. 23(h). Here, Class Counsel request $25,000.00 in expenses. They have submitted an expenses report, ECF No. 37-2, which shows total expenses in the case totaled over $30,000. Therefore, an award of $25,000 is reasonable.

### Conclusion

Based on the foregoing, it is accordingly ordered that:

1. $5,000.00 to each of the sixteen named Class Representatives;

2. $2,105,340.28 to class counsel as attorneys' fees; and

3. $25,000.00 to class counsel as expenses.

**IT IS SO ORDERED.**

Date: May 28, 2021  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT