IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ELLEN ALLICKS d/b/a ALLICKS EXCAVATING, ROGER BIAS, ARNO GRAVES, DAVID GUEST, SHAWN HORNBECK, LARRY MUHS, RON NASH, BRIAN NELMS, WAYNE RUPE, ADAM SEVY, ANTHONY SHAW, RUSTY SHAW, TIM SULLIVAN, ROBERT THIRY, TODD VOHS, and ROBERT WITHER, on behalf of themselves and others similarly situated, Plaintiffs, v. OMNI SPECIALTY PACKAGING, LLC, O'REILLY AUTOMOTIVE STORES, INC. d/b/a O'REILLY AUTO PARTS, and OZARK AUTOMOTIVE DISTRIBUTORS, INC., Defendants. | Case No. 4:19-cv-01038 |

## FINAL APPROVAL ORDER AND JUDGMENT

WHEREAS, by order dated November 6, 2020, this Court granted preliminary approval of the proposed class action settlement between the parties in the above-captioned action (the "Action").

WHEREAS, the Court also provisionally certified a Settlement Class for settlement purposes only, approved the procedure for giving notice and forms of notice, and set a final fairness hearing to take place on May 27, 2021. On that date, the Court held the duly noticed final fairness hearing to consider: (1) whether the terms and conditions of the Amended Settlement Agreement and Release (the "Settlement Agreement") are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing with prejudice the claims of the named Plaintiffs and Settlement Class Members against Defendants, as set forth in the Complaint; and (3) Class Counsel's motion for approval of attorney's fees, expenses, and Class Representative incentive awards.

WHEREAS, the Court considered all matters submitted to it at the hearing and otherwise, and it appears that notice substantially in the form approved by the Court was given in the manner that the Court ordered.

WHEREAS, the settlement was the result of extensive arms-length negotiations between counsel for Plaintiffs and counsel for Defendants. Counsel for the parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this Action. The extent of legal research as to the sufficiency of the claims and class certification, independent investigations by counsel for the parties, and the factual record compiled, suffices to enable the parties to make an informed decision as to the fairness and adequacy of the settlement.

WHEREAS, the Court has determined that the proposed settlement of the claims of the Settlement Class Members against Defendants, as well as the release of Defendants and the Released Parties (as that term is defined in the Settlement Agreement And Release), the significant relief provided to the Settlement Class Members in the form of monetary payments to Settlement Class Members as described in the Settlement Agreement, and the award of attorneys' fees and

expenses requested, and the incentive awards requested, are fair, reasonable and adequate.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement, including the exhibits thereto, is expressly incorporated by reference into this Final Order and Judgment and made a part hereof for all purposes. Except where otherwise noted, all capitalized terms used in this Final Order and Judgment shall have the meanings set forth in the Settlement Agreement.

2. The Court has personal jurisdiction over the Parties and all Settlement Class Members, and has subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs' Complaint in the Action, and to dismiss this Action on the merits and with prejudice.

3. The Court finds, for settlement purposes only and conditioned upon the entry of this Final Order and Judgment and upon the occurrence of the Effective Date, that the requirements for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, for settlement purposes, in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has considered, among other

3

factors: (i) the interests of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action for settlement purposes as a class action on behalf of the "Settlement Class," as defined in the Settlement Agreement, namely:

> [A]ll persons and other entities who purchased O'Reilly 303 Tractor Hydraulic Fluid during the Class Period, as defined [in the Settlement Agreement], in the United States, excluding purchases made in Missouri, and also excluding purchases made for resale.

Excluded from the Settlement Class are any purchases made for resale. Also excluded from the Settlement Class are Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families. As defined in the Settlement Agreement and Release, "Settlement Class Member(s)" means any member of the Settlement Class who does not elect to be excluded from, or opt out of, the Settlement Class in compliance with the terms and conditions of the Settlement Agreement and the Preliminary Approval Order.

5. The Court appoints Tom Bender and Dirk Hubbard from the law firm Horn Alyward & Bandy in Kansas City, Missouri; Gene Graham, William Carr, and Bryan White from the law firm of White, Graham, Buckley & Carr, LLC; Clayton Jones of the Clayton Jones Law Firm; Paul D. Lundberg of the Lundberg Law Firm in Sioux City, Iowa; Rhon E. Jones and Tucker Osborne of Beasley, Allen, Crow, Methvin, Poprtis & Miles in Montgomery, Alabama; John G. Emerson of Emerson Firm, PLLC in Little Rock, Arkansas and Houston, Texas; Mark P. Bryant and N. Austin Kennedy of the Bryant Law Center, PSC in Paducah, Kentucky; John D. Robinson,

4

Chris Ellis, Shane M. Mendenhall, Joshua G. Rohrscheib, and Zachary P. Anderson of Bolen, Robinson, & Ellis, LLP in Decatur, Illinois; and, Travis Griffith of Griffith Law Center, PLLC in Charleston, West Virginia, as counsel for the Class ("Class Counsel"). The Court finds that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel. The Court designates named Plaintiffs Adam Sevy, Shawn Hornbeck, Arno Graves, Ron Nash, Todd Vohs, Wayne Rupe, David Guest, Brian Nelms, Robert Thiry, Larry Muhs, Anthony Shaw, Rusty Shaw, Tim Sullivan, Roger Bias, Robert Wither, and Ellen Allicks d/b/a Allicks Excavating as the representative of the Settlement Class. The Court finds that the named Plaintiffs and Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement, and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

6. The Court finds that the notice provided to Settlement Class Members is in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order, and as explained in the submissions filed before the Final Fairness Hearing:

(a) constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) their right to exclude themselves from the Settlement Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Class Counsel and Plaintiffs' representation of the Settlement Class, and the award of attorneys' fees, costs, and incentive awards), (iv) their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and (v) the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons and entities who do not validly and timely request exclusion from the Settlement Class;

(c) constituted reasonable, due, adequate, and sufficient notice to all persons

and entities entitled to be provided with notice; and

        (d)     fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7.     The terms and provisions of the Settlement Agreement and Release, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Plaintiffs and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.  The Court finds that the Settlement Agreement and Release is fair, adequate, and reasonable based on the following factors, among other things:

        (a)     There is no fraud or collusion underlying this settlement, and it was reached after good faith, arms-length negotiations, warranting a presumption in favor of approval.

        (b)     The complexity, expense, and likely duration of the litigation favor settlement on behalf of the Settlement Class, which provides meaningful benefits on a much shorter time frame than otherwise possible.  Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed settlement.

        (c)     The support of Class Counsel, who are highly skilled in class action litigation such as this, and the Plaintiffs, who have participated in this litigation and evaluated the proposed settlement, also favors final approval.

8.     The settlement provides meaningful relief to the Settlement Class, including the monetary relief described below, and falls within the range of possible recoveries by the Settlement Class.

9.     The parties are directed to consummate the Settlement Agreement and Release in

accordance with its terms and conditions. The Court hereby declares that the Settlement Agreement and Release is binding on all parties and Settlement Class Members, and it is to be preclusive in all pending and future lawsuits or other proceedings.

10. As described more fully in the Settlement Agreement, Defendants have agreed to a Class Settlement Fund from which the Settlement Administrator will pay each Qualified Class Member an amount based on the member's total purchases of O'Reilly 303 Tractor Hydraulic Fluid during the Class Period.

11. Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court hereby awards Class Counsel attorney's fees in the amount of $2,105,340.28 and expenses of $25,000.00. The Court also awards incentive awards of $5,000.00 to each of the sixteen named Class Representatives. The attorneys' fees are based on the amount of time class counsel reasonably expended working on this Action. The attorneys' fees, expenses, and incentive awards are to be paid separately by Defendants and do not come out of the Class Settlement Fund. Defendants shall pay such attorneys' fees and expenses and Class Representatives' incentive awards according to the schedule, and in the manner, described in the Settlement Agreement and Release. Such payment by Defendants will be in lieu of statutory fees Plaintiffs and their attorneys might otherwise have been entitled to recover, and this amount shall be inclusive of all fees and costs of Class Counsel in the Action. In addition, $100,000.00 of this amount awarded for Class Counsels' attorneys' fees is to be paid to the Settlement Administrator, to be held for the benefit of Class Counsel until the Settlement Administrator files its Final Report regarding administration of the settlement. Court Approval is necessary before the Settlement Administrator will disburse these funds.

12. This Action is hereby dismissed with prejudice and without costs as against Defendants and the Released Parties (as that term is defined in the Settlement Agreement and Release).

13. Upon the Effective Date, the Releasing Parties (as that term is defined in the Settlement Agreement and Release) shall be deemed to have, and by operation of this Final Order

and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

14. Members of the proposed Settlement Class identified in <u>Exhibit 2-D</u> to the Joint Motion for Final Approval, which was filed under seal, have opted out of, or sought exclusion from, the Settlement by the date set by the Court, are deemed not to be "Settlement Class Members" for purposes of this Order, do not release their claims against the Released Parties by operation of the Settlement Agreement, and will not obtain any benefits of the Settlement.

15. The Court orders that, upon the Effective Date, the Settlement Agreement and Release shall be the exclusive remedy for any and all Released Claims of Settlement Class Members. The Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with, such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; (b) bringing a class action on behalf of Plaintiffs or Settlement Class Members, seeking to certify a class that includes Plaintiffs or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.

16. Neither the Settlement Agreement and Release, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the settlement administration process, shall be:

>   (a) offered by any person or received against Defendants or any other Released Party as evidence, or be construed as or deemed to be evidence, of any presumption, concession, or admission by any Defendant or any other Released Party of the truth of the claims and allegations asserted, or which could have been asserted, by the Plaintiffs or any

8

Case 4:19-cv-01038-DGK   Document 46   Filed 05/28/21   Page 8 of 10

Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any alleged liability, negligence, fault, or wrongdoing of any Defendant or any other Released Party;

(b) offered by any person or received against Defendants or any other Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants or any other Released Party or any other alleged wrongdoing by any Defendant or any other Released Party.

17. Certification of the Settlement Class for settlement purposes only shall not be deemed a concession or admission that certification of a litigation class would be appropriate. Defendants reserve the right to challenge class certification in any other action. No agreements or statements made by Defendants in connection with the Settlement or any findings or rulings by the Court in connection with the Settlement may be used by Plaintiffs, Class Counsel, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other proceeding of any kind.

18. The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement, and interpretation of the Settlement Agreement and Release and of this Final Order and Judgment, including, without limitation, for the purpose of:

(a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement or this Final Order and Judgment (including,

9

without limitation: whether a person or entity is or is not a Settlement Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Order and Judgment; and whether persons or entities are enjoined from pursuing any claims against Defendants or any other Released Party);

(b) entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and Judgment and the Settlement Agreement and Release (including, without limitation, orders enjoining persons or entities from pursuing any claims against Defendants or any other Released Party), or to ensure the fair and orderly administration of the settlement; and

(c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement and Release, the settling Parties, and the Settlement Class Members.

19. Without further order of the Court, the settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and Release.

20. In the event that the Effective Date does not occur, certification of this Settlement Class shall be automatically vacated and this Final Order and Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

**IT IS SO ORDERED.**

Date: May 28, 2021 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT