IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ELLEN ALLICKS, et al., on behalf of themselves and others similarly situated; | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No.: 4:19-cv-1038-DGK |
| OMNI SPECIALTY PACKAGING, LLC, O'REILLY AUTOMOTIVE STORES, INC., d/b/a O'REILLY AUTO PARTS, and OZARK AUTOMOTIVE DISTRIBUTORS, INC. | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING *CY PRES* DISTRIBUTION**

This class action arose from the purchase and use of tractor hydraulic fluid labeled as "303" manufactured and sold by Defendants. Plaintiffs alleged the product was deceptively labeled, marketed, and manufactured.

Now before the Court is the parties' Joint Motion to Approve the *Cy Pres* Distribution and Distribution of Class Counsel Fee Set Aside. ECF No. 64. The parties inform the Court that the settlement administrator has completed the second-round of distributions to the class, and out of the $8,501,361.10 set aside for class distributions and settlement administration costs, $248,214.45 remains for distribution to the proposed *cy pres* recipients. In addition, Class Counsel requests the Court approve disbursement of the $100,000 in attorneys' fees that were set aside pursuant to the Settlement Agreement and the Court's Final Approval Order.

For the reasons discussed below, the motion is GRANTED with the entire *cy pres* distribution going to the National Consumer Law Center.

**Discussion**

I. *Cy pres* **is appropriate under the circumstances.**

After conducting two rounds of distributions to the class, the parties request the remaining $248,214.45 be split equally between the following *cy pres* recipients: the National Legal Aid & Defender Association ("NLADA") and the National Consumer Law Center ("NCLC"). In ruling on this motion, the Court must determine (1) whether *cy pres* is appropriate, and (2) whether either NLADA or NCLC are proper recipients of the undistributed funds.

Under Eighth Circuit precedent, *cy pres* distributions are appropriate where the "amounts involved are too small to make individual distributions economically viable." *In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060, 1064 (8th Cir. 2015) (citing Principles of the Law of Aggregate Litigation § 3.07(b) (Am. L. Inst. 2011)). After this inquiry is satisfied, the *cy pres* distribution "*must be* for the next best use . . . for indirect class benefit, and for uses consistent with the nature of the underlying action and with the judicial function." *Id.* at 1067 (citations and internal quotations omitted). That is, the undistributed funds must go to *cy pres* recipients who align with "the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated." *Id.* (quoting *In re Airline Ticket Comm'n Antitrust Litig.*, 307 F.3d 679, 682 (8th Cir. 2002)).

Both requirements are met here. First, conducting a third distribution of the remaining $248,214.45 is not economically viable. The estimated administrative costs of a third distribution are $132,000, leaving roughly $115,000 for distribution to the class. As such, a third distribution would average less than $1.00 for the each of the approximately 120,000 class members. *See also* Ex. 1 at ¶ 13, ECF No. 64-1 (noting "*pro rata* would result in some Class Members' third distributions being less than 20 cents"). Accordingly, because a third distribution is not economically viable, *cy pres* is appropriate here. *See Caligiuri v. Symantec Corp.*, 855 F.3d 860,

2

867 (8th Cir. 2017) (finding no abuse of discretion where the distribution would be less than $2.00 per claimant); *Anderson v. Travelex Ins. Servs. Inc.*, No. 18-CV-362, 2023 WL 2844212, at *2 (D. Neb. Mar. 15, 2023) (finding a $4.97 distribution to be "de minimis" and granting *cy pres*).

Second, because a third distribution is not economically viable, the Court must determine whether the proposed *cy pres* recipients reasonably approximate the interests pursued by the class. As an initial matter, there is no organization that specifically assists purchasers of tractor fluids or lubricants. However, this national class action concerns consumers and alleged deceptive practices. Thus, any *cy pre* recipient must assist consumers and address deceptive practices on a national scope. *See In re BankAmerica Corp. Sec. Litig.*, 775 F.3d at 1067.

After review, the Court finds NCLC is an appropriate *cy pres* recipient. NCLC is a national organization providing legal services to vulnerable consumers. *See* Ex. 2-B at 11, ECF No 64-2. More specifically, "NCLC works to preserve, strengthen, and enforce" consumer statutes prohibiting unfair, deceptive, and abusive practices such as those alleged here. *See Unfair, Deceptive and Abusive Practices (UDAP)*, NAT'L CONSUMER L. CTR., https://www.nclc.org/topic/unfair-deceptive-and-abusive-practices-udap/ (last visited January 16, 2024). Based on NCLC's work and the nature of this class action, NCLC is the "next best use" of the remaining funds. *See In re BankAmerica Corp. Sec. Litig.*, 775 F.3d at 1064; *see also Jones v. Monsanto Co.*, 38 F.4th 693, 701 (8th Cir. 2022) (affirming district court's approval of NCLC as a *cy pres* recipient in a class action involving the alleged deceptive labeling of herbicide).

However, it is unclear NLADA meets the same standard. Neither the information provided by the parties, nor the Court's own research, identified a NLADA program that directly assists consumers or addresses deceptive practices. *See* Ex. 2-A at 6–8, ECF No 64-2. The parties cite *Krakauer v. Dish Network LLC*, No. 1:14-CV-333, 2023 WL 6626112 (M.D.N.C. Oct. 11, 2023)

3

as support for NLADA being an appropriate *cy pres* recipient. *See* Mot. ¶¶ 17, 18, ECF No. 64. But *Krakauer* involved violations of the Telephone Consumer Protection Act ("TCPA"), and the special master recommended *cy pres* distribution to NLADA only after identifying "specific projects that addressed one or more of the objectives of the TCPA." *Id.* at *3. The parties have not made a similar showing here. Rather, it appears NLADA assists state-based legal aid organizations who may in turn provide legal services to consumers. *See* Mot. ¶ 18 (stating NLADA "assists consumers through Legal Aid organizations in various states"). Accordingly, the Court finds NLADA's connection to the interests pursued by the class too tangential to support a *cy pres* distribution.

Accordingly, the entire $248,214.45 *cy pres* distribution shall be distrubuted to NCLC.

## II. The $100,000 in set aside attorneys' fees shall be disbursed to Class Counsel.

Finally, pursuant to paragraph 40 of the Settlement Agreement and paragraph 11 of the Court's Final Approval Order, Class Counsel requests disbursement of the $100,000 in set aside attorneys' fees. *See* ECF Nos. 34-1, 46. This request is GRANTED. The settlement administrator shall disburse to Class Counsel the $100,000 in set aside attorneys' fees.

## Conclusion

For the foregoing reasons, the parties' motion is GRANTED. The $248,214.45 in undistributed funds shall be distributed to the National Consumer Law Center.

**IT IS SO ORDERED.**

Date:  January 19, 2024           /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT